1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11   ADAM JAY STONE,                                )   Case No. 1:21-cv-01461-DAD-SAB (PC)
                                                     )
12                      Plaintiff,                   )
                                                     )   ORDER DENYING PLAINTIFF'S SECOND
13          v.                                       )   MOTION FOR APPOINTMENT OF COUNSEL,
                                                     )   WITHOUT PREJUDICE
14   C. PFIEFFER,                                    )
                                                     )   (ECF No. 24)
15                      Defendant.                   )
                                                     )
16   _____           )

17          Plaintiff Adam Jay Stone is proceeding *pro se* and *in forma pauperis* in this civil rights action

18   pursuant to 42 U.S.C. § 1983.

19          Currently before the Court is Plaintiff's second motion for appointment of counsel, filed

20   March 14, 2022.

21          Plaintiff does not have a constitutional right to appointed counsel in this action, <u>Rand v.</u>

22   <u>Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent

23   plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  <u>Mallard v. United States District Court for the Southern</u>

24   <u>District of Iowa</u>, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court

25   may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  <u>Rand</u>, 113 F.3d at

26   1525.

27   ///

28   ///

1

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id.  (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  Even if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  The Court is faced with similar cases almost daily.  Plaintiff contends that the merits of his case which involves a claim that he was subjected to excessive force warrants the appointment of counsel.  However, the Court has yet to screen Plaintiff's complaint and based on a cursory review of the complaint, the Court does not find the required exceptional circumstances.  While allegations of excessive force are certainly serious, such claim does not, alone, justify appointment of counsel.  Although Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.")  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  The test is whether exception circumstances exist and here, they do not.  Accordingly, Plaintiff's second motion for the appointment of counsel is denied, without prejudice.

IT IS SO ORDERED.

Dated:   **March 15, 2022**

UNITED STATES MAGISTRATE JUDGE

2