# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM JAY STONE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. PFEIFFER, et al.,<br><br>　　　　Defendants. | Case No. 1:21-cv-01461-ADA-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT<br><br>(ECF No. 41) |

Plaintiff Adam Jay Stone is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to supplement the complaint, filed September 8, 2022.

Plaintiff seeks leave to file amend the complaint to specify the amount of damages sought. (ECF No. 41.)

Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires," and the Ninth Circuit has directed courts to apply this policy with "extreme liberality." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether to grant leave to amend under Rule 15(a)(2), a court should consider the following factors: (1) undue delay, (2) bad faith, (3) futility of amendment, and (4) prejudice to the opposing party. Foman v. Davis, 371 U.S. 178, 182 (1962). Granting or denying leave to

amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion. Swanson v. U.S. Forest Serv., 87 F.3d 339, 343 (9th Cir. 1996).

Federal Rule of Civil Procedure 15(d) provides: "Upon motion of a party the court may ... permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d). This rule is one of judicial economy and convenience, allowing the Court to award complete relief to a plaintiff and avoid the cost, delay, and waste of time that would occur if a separate lawsuit was filed. Keith v. Volpe, 858 F.2d 467, 473 (9th Cir.1988) (citing New Amsterdam Casualty Co. v. Waller, 323 F.2d 20, 28-29 (4th Cir.1963)).

Plaintiff seeks to supplement the complaint to add the specific amount of compensatory and punitive damages requested. (ECF No. 41.) This action is proceeding on Plaintiff's first amended complaint, filed on January 10, 2022. (ECF No. 22.) Therein, Plaintiff seeks, inter alia, compensatory and punitive damages in an unspecified amount. (Id. at 10.) In any litigation, the plaintiff bears the burden of proving the amount of his or her damages at trial. Sloman v. Tadlock, 21 F.3d 1462, 1472 (9th Cir.1994) ("damages in § 1983 actions are not to be assessed on the basis of the abstract 'value' or 'importance' of the infringed constitutional right"). Punitive damages are likewise assessed by the jury at trial. Smith v. Wade, 461 U.S. 30, 54 (1983) ("Punitive damages are awarded in the jury's discretion").

When determining whether to permit amendment a court must consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).

Here, there is no indication that Plaintiff who is appearing pro se, unduly delayed in requesting leave to amend or that his filing was made in bad faith. The proposed amendment does not add any new Defendants and the excessive force claims remains the same. Thus, the amendment is not futile, as the Court has already determined for purposes of 28 U.S.C. § 1915A,

Plaintiff states a cognizable claim for excessive force. In addition, Defendants have not opposed the motion or filed a response to the first amended complaint, and there is no basis for finding that the amendments will prejudice them. Accordingly, Plaintiff's motion to amend is therefore granted and his first amended complaint is supplemented to reflect the relief sought in his September 8, 2022, motion. (ECF No. 41.)

IT IS SO ORDERED.

Dated: **October 3, 2022**

UNITED STATES MAGISTRATE JUDGE