# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM JAY STONE,<br><br>  Plaintiff,<br><br>  v.<br><br>C. PFEIFFER, et al.,<br><br>  Defendants. | Case No. 1:21-cv-01461-ADA-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT<br><br>(ECF No. 50) |

Plaintiff Adam Jay Stone is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for entry of default, filed October 27, 2022.

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise. See Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "[a] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A). Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service. Fed. R. Civ. P. 4(d). If a defendant fails to plead or otherwise defend an action after being properly served with a summons and complaint, a default judgment

1  may be entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Fed. R. Civ. P.
2  55(a).
3      Here, Defendants filed a timely answer to the operative complaint (after requesting and
4  receiving two extensions of time), on October 27, 2022.  Because Defendants filed a timely
5  answer to the complaint there is no basis for entry of default and Plaintiff's motion is DENIED.

IT IS SO ORDERED.

Dated:   **October 31, 2022**

UNITED STATES MAGISTRATE JUDGE