# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM JAY STONE,<br><br>   Plaintiff,<br><br>   v.<br><br>C. PFEIFFER, et al.,<br><br>   Defendants. | Case No. 1:21-cv-01461-ADA-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S REQUEST FOR DISCOVERY INFORMATION<br><br>(ECF No. 66) |

Plaintiff Adam Jay Stone is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's request for discovery information, filed December 12, 2022. Plaintiff submits that he would like to depose several witnesses and he requests to be provided with the costs of a court reporter to record the depositions.

Plaintiff is advised that permission is not required to depose witnesses in this matter. Therefore, Plaintiff's present motion to depose Defendants is not necessary. However, Plaintiff must follow the applicable rule and bear the costs for any depositions he seeks to take in this matter, as described above. His in forma pauperis status does not entitle him to free services from the court, such as scheduling, conducting, or recording the deposition, or to utilize defendants' resources for the deposition. See, e.g., Brooks v. Tate, No 1:11–cv–01503–AWI–DLB PC, 2013 WL 4049053, *1 (E.D. Cal. Aug. 7, 2013) (indigent prisoner not entitled to take the depositions of defendant and non-party witnesses during his own deposition).

To the extent Plaintiff wishes to take depositions by written questions pursuant to Federal Rule of Civil Procedure 31, such deposition basically would work as follows: The prisoner would send out a notice of deposition that identifies (a) the deponent (i.e., the witness), (b) the officer taking the deposition, (c) a list of the exact questions to be asked of the witness, and (d) the date and time for the deposition to occur. The defendant would have time to send to the prisoner written cross-examination questions for the witness, the prisoner would then have time to send to defendant written re-direct questions for the witness, and the defendant would have time to send to the prisoner written re-cross-examination questions for the witness[.]  Harrell v. Jail, 2015 WL 8539037, *1–2 (E.D. Cal. Dec. 11, 2015) (quoting Brady v. Fishback, 2008 WL 1925242, at *1–2 (E.D. Cal. Apr. 30, 2008)).  Federal Rule of Civil Procedure 31(a)(2)(A)(i) requires a party to obtain leave of court to take more than ten depositions by written question. In addition, Plaintiff must identify the officer taking the depositions and the date and time for the depositions.

Plaintiff must also show that he can pay the costs associated with written depositions, including fees for a deposition officer and court reporter, the costs of transcribing the deposition, and witness fees and mileage under Rule 45(b)(1).  The deposition officer may be Plaintiff's in forma pauperis status also does not entitle him to a waiver of any of the costs associated with this form of deposition; instead, he must pay the necessary deposition officer fee, court reporter fee, and costs for a transcript.  Harrell v. Jail, 2015 WL 8539037, *1–2 (E.D. Cal. Dec. 11, 2015) (quoting Brady v. Fishback, 2008 WL 1925242, at *1–2 (E.D. Cal. Apr. 30, 2008)).  Plaintiff has failed to make the required showing to conduct depositions by written questions and his motion shall be denied.  If Plaintiff wishes to conduct oral or written depositions he must review Rules 28, 30, 31, and 45 of the Federal Rules of Civil Procedure and if, after reviewing the rules, he believes he is able to conduct depositions in compliance with the rules, Plaintiff shall notify the Court and make a showing that he is able and willing to retain an officer to take responses and prepare the record.  The Court notes that Plaintiff appears to be attempting to gather evidence for purposes of trial. Plaintiff is advised that he need not take depositions in order to obtain statements from witnesses.  If this case proceeds to trial, Plaintiff may seek to have witnesses

attend. In support of his motion to have witnesses attend trial, Plaintiff may provide the court with either a sworn affidavit from the witnesses or his own sworn affidavit showing that the witnesses have actual knowledge of relevant facts. However, those motions would be appropriate at a later time. Because trial has not been scheduled in this matter, any motions for the attendance of witnesses at trial would be premature.

IT IS SO ORDERED.

Dated:   **December 14, 2022**

UNITED STATES MAGISTRATE JUDGE