# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM JAY STONE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. PFEIFFER, et al.,<br><br>　　　　Defendants. | Case No. 1:21-cv-01461-ADA-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S DECEMBER 12, 2022 ORDER<br><br>(ECF No. 68) |

Plaintiff Adam Jay Stone is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On December 8, 2022, Plaintiff filed a motion for confidential settlement negotiations with Defendants. (ECF No. 63.)

On December 12, 2022, the Court denied Plaintiff's motion, without prejudice, and advised him that he was free to reach engage in settlement negotiations with Defendants and the Court will set a settlement conference if all parties agree that it would be beneficial. (ECF No. 65.)

Currently before the Court is Plaintiff's motion for reconsideration of the Court's December 12, 2022, order, filed on December 19, 2022. Plaintiff contends that the Court failed to consider his claim that three correctional officers were listening to his previous settlement discussion with defense counsel in this case. (ECF No. 68.)

///

1  Under Federal Rule of Civil Procedure ("Rule") 60(b), the Court may provide relief
2  "from a final judgment, order, or proceeding for the following reasons: (1) mistake,
3  inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable
4  diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3)
5  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an
6  opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or
7  discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it
8  prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P.
9  60(b).

10  "A motion for reconsideration should not be granted, absent highly unusual
11  circumstances, unless the district court is presented with newly discovered evidence, committed
12  clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals,
13  Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). Further, "[a] motion for
14  reconsideration may not be used to raise arguments or present evidence for the first time when
15  they could reasonably have been raised earlier in the litigation." Id.

16  Additionally, where the motion for reconsideration pertains to an order granting or
17  denying a prior motion, Local Rule 230(j) requires the moving party to "[identify] what new or
18  different facts or circumstances are claimed to exist which did not exist or were not shown upon
19  such prior motion, or what other grounds exist for the motion; and [explain] why the facts or
20  circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j)(3)–(4).

21  As stated in the Court's December 12, 2022, order, defense counsel filed a motion to opt-
22  out of the settlement conference scheduled in this matter stating that he believed in good faith
23  that a settlement conference would not be productive at this time. (ECF No. 54.) While Plaintiff
24  contends that officers listened to his settlement negotiations with defense counsel, there is
25  insufficient evidence to find that Plaintiff was prejudiced as he is free to continue to engage in
26  settlement negotiations with Defendants and the parties may contact the Court to scheduled a
27  ///
28  ///

confidential settlement conference is they believe it will be beneficial. Accordingly, Plaintiff's motion for reconsideration of the Court's December 12, 2022 order is denied.

IT IS SO ORDERED.

Dated: **December 23, 2022**

UNITED STATES MAGISTRATE JUDGE