# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM JAY STONE,<br><br>    Plaintiff,<br><br>  v.<br><br>C. PFEIFFER, et al.,<br><br>    Defendants. | Case No. 1:21-cv-01461-ADA-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>(ECF No. 78) |

Plaintiff Adam Jay Stone is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to compel, filed February 27, 2023.

## I.

## RELEVANT BACKGROUND

This action is proceeding on Plaintiff's excessive force claim against Defendants Anderson, B. Gonzales, G. Morales, and K. Gonzales.

On October 19, 2022, Defendants filed an answer to the complaint. (ECF No. 48.)

On November 22, 2022, the Court issued the discovery and scheduling order. (ECF No. 59.)

On January 19, 2023, Defendants filed a unopposed motion for a 33-day extension of time to serve discovery responses to Plaintiff's interrogatories, requests for production of documents, and requests for admissions. (ECF No. 72.)

1

1    On January 20, 2023, the Court granted Defendants' motion and extended the time to file
2 responses to Plaintiff's discovery requests to February 21, 2023.  (ECF No. 73.)
3    As previously stated, on February 27, 2023, Plaintiff filed a motion to compel, self-dated
4 February 21, 2023.  (ECF No. 78.)  Defendants filed an opposition on March 1, 2023.  (ECF No.
5 79.)  Although the time for a reply has not expired, the Court deems Plaintiff's motion to compel
6 submitted.  Local Rule 230(l).

## II.

## LEGAL STANDRD

9    Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of
10 confinement.  As a result, the parties were relieved of some of the requirements which would
11 otherwise apply, including initial disclosure and the need to meet and confer in good faith prior
12 to involving the Court in a discovery dispute.  Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c);
13 Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 59.  Further, where otherwise
14 discoverable information would pose a threat to the safety and security of the prison or infringe
15 upon a protected privacy interest, a need may arise for the Court to balance interests in
16 determining whether disclosure should occur.  See Fed. R. Civ. P. 26(c); Seattle Times Co. v.
17 Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and
18 language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the
19 Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v.
20 City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based
21 right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-
22 LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's
23 entitlement to inspect discoverable information may be accommodated in ways which mitigate
24 institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL
25 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents
26 containing information which implicated the safety and security of the prison); Orr v. Hernandez,
27 No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests
28 for protective order and for redaction of information asserted to risk jeopardizing safety and

security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

///

## III.

## DISCUSSION

Plaintiff has filed a one-page motion to compel in which he claims that Defendants had until February 21, 2023, to file responses to his discovery requests and they acted in bad faith by not calling Plaintiff to request an extension of time to file the responses. (ECF No. 78.) Plaintiff's motion must be denied. As stated above, on January 20, 2023, the Court granted Defendants' request and extended the time to February 21, 2023, to file responses to Plaintiff's discovery requests. (ECF No. 73.) Plaintiff filed the instant motion on February 21, 2023-the same date that Defendants' responses were due. Defendants submit that on February 21, 2023, Defendant B. Gonzales served his responses to each of Plaintiff's requests. (Declaration of Kandice H. Jung (Jung Decl.) ¶ 5, Ex. A; ECF No. 79.) Thus, at the time Plaintiff's filed his motion to compel his request was premature, and is now moot as Defendants timely responded to the requests on February 21, 2023. To the extent Plaintiff argues that Defendants should have contacted him for an extension of time, an extension was not necessary as the responses were timely filed. Accordingly, Plaintiff's motion to compel is denied.

IT IS SO ORDERED.

Dated:   **March 2, 2023**

UNITED STATES MAGISTRATE JUDGE

4