UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM JAY STONE,<br><br>            Plaintiff,<br><br>    v.<br><br>C. PFEIFFER, et al.,<br><br>            Defendants. | No. 1:21-cv-01461-ADA-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS<br><br>(ECF No. 107) |

Plaintiff Adam Jay Stone is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for sanctions under Federal Rule of Civil Procedure 11, filed July 25, 2023. (ECF No. 107.)

**I.**

**BACKGROUND**

This action is proceeding Plaintiff's excessive force claim against Defendants B. Gonzales, G. Morales, K. Gonzales, and Anderson in violation of the Eighth Amendment.

Defendants filed an answer to the complaint on October 19, 2022. (ECF No. 48.)

On November 22, 2022, the Court issued the discovery and scheduling order. (ECF No. 59.)

On June 5, 2023, Defendant Anderson filed a motion for summary judgment for failure to

1

exhaust the administrative remedies. (ECF No. 91.) Plaintiff filed an opposition on June 23, 2023. (ECF No. 100.)

On June 29, 2023, Defendants requested a twenty-one-day extension of time to respond to Plaintiff's opposition. (ECF No. 102.) On June 30, 2023, the Court granted Defendants' request. (ECF No. 103.) Defendant filed a timely reply to Plaintiff's opposition on July 26, 2023. (ECF No. 109.)

As stated above, on July 25, 2023, Plaintiff filed the instant motion for sanctions against Defendants. (ECF No. 107.) Defendants filed an opposition on August 7, 2023, and Plaintiff filed a reply on August 18, 2023. (ECF Nos. 110, 111.)

## II.

## LEGAL STANDARD

Federal courts possess broad powers to impose sanctions against parties or counsel for improper conduct during litigation. The court derives the power to impose sanctions on parties or their counsel from three sources, (1) Federal Rule of Civil Procedure 11, (2) 28 U.S.C. § 1927,1 and (3) the court's inherent power. Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001).

Under Federal Rule of Civil Procedure 11, sanctions may be imposed if a party or their attorney submits a pleading to the court which is submitted for an improper purpose, is frivolous, has no evidentiary support, or is not warranted by the evidence. A party moving for Rule 11 sanctions bears the burden to show why sanctions are justified. See Tom Growney Equip., v. Shelley Irr. Dev., Inc., 834 F.2d 833, 837 (9th Cir. 1987). The Ninth Circuit has stated that Rule 11 sanctions are "an extraordinary remedy, one to be exercised with extreme caution." Operating Eng'rs Pension Trust v. A-C Co., 859 F.2d 1336, 1345 (9th Cir. 1988).

When evaluating the imposition of sanctions, Rule 11 requires the court to consider not whether the party demonstrated subjective good faith in filing the document, but whether the party acted objectively reasonably in doing so. G.C. K.B. Investments v. Wilson, 326 F.3d 1096, 1109 (9th Cir. 2003). "An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction." Fed. R. Civ. P. 11(c)(6).

///

1   Rule 11(c)(2) provides in part that a motion for sanctions "must not be filed or be
2   presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn
3   or appropriately corrected within 21 days after service or within another time the court sets." This
4   is referred to as the "safe harbor" provision of Rule 11. See Fed. R. Civ. P. 11; Adv. Comm.
5   Notes, 1992 Amend.

6   Federal courts also have the inherent power to sanction parties or their attorneys for
7   improper conduct. Chambers v. NASCO, Inc., 501 U.S. 32, 43-46 (1991). In order to impose
8   sanctions pursuant to its inherent power, "the court must make an express finding that the
9   sanctioned party's behavior 'constituted or was tantamount to bad faith.' " Leon v. IDX Sys.
10  Corp., 464 F.3d 951, 961 (9th Cir. 2006). "Because of their very potency, inherent powers to
11  sanction must be exercised with restraint and discretion." Chambers, 501 U.S. at 44.

12  When evaluating whether sanctions should be imposed under Rule 11, courts conduct "a
13  two-prong inquiry to determine (1) whether the [pleading] is legally or factually baseless from an
14  objective perspective, and (2) the attorney has conducted a reasonable and competent inquiry
15  before signing and filing it." Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir. 2005) (internal
16  citation omitted). The standard is not a high one and an allegation that has "some plausible basis,
17  [even] a weak one," is sufficient to avoid sanctions under Rule 11. United Nat. Ins. Co. v. R&D
18  Latex Corp., 242 F.3d 1102, 1117 (9th Cir. 2001).

19                                               **III.**
20                                          **DISCUSSION**

21  In his Motion, Plaintiff argues that Defendants' requests for extensions of time and
22  changes in attorney of record are solely to delay this litigation.  (ECF No. 107 at 1.)

23  **A.     Safe Harbor Provision**

24   Rule 11 contains a "safe harbor" provision, whose purpose is to give the non-moving
25  party the opportunity to withdraw the offending pleading. See Barber v. Miller, 146 F.3d 707, 711
26  (9th Cir. 1998). This provision requires that a motion for sanctions be served on the opposing
27  party 21 days before it is filed in court. Radcliffe v. Rainbow Const. Co., 254 F.3d 772, 789 (9th
28  Cir. 2001).

Defendants allege that Plaintiff has failed to comply with the safe harbor provision.

Plaintiff argues incorrectly that the safe harbor provision does not apply "because there was no correction or withdraw to be done on the defendants' part." However, Plaintiff misinterprets the safe harbor provision as he does not indicate that he served Defendants with the motion for sanctions prior to filing with this Court. Thus, there is no evidence that Defendants received 21 days under the safe harbor provision to withdraw the offensive pleadings. Plaintiff's October 19, 2020 letter fails to comply with the safe harbor provision because it was sent, at the earliest, sixteen days prior to his filing the instant motion for sanctions. Accordingly, the court finds that plaintiff has failed to comply with the safe harbor provision and thus the court cannot impose sanctions pursuant to Federal Rule of Civil Procedure 11.

**B.     Bad Faith**

Plaintiff argues that defense counsel has filed seven extensions of time and changed attorneys of record four times to delay the proceedings. (ECF No. 107 at 1.)

Here, Deputy Attorney General (DAG) David Goodwin originally represented Defendants.[1] DAG Kandice Jung became Defendants' counsel of record when DAG Goodwin transferred to a different section of the Attorney General's Office. (ECF No. 72 at 2.) On June 23, 2023, DAG Lauren Sanchez became Defendants' attorney of record and requested a twenty-one-day extension of time to respond to Plaintiff's opposition to Defendant Anderson's exhaustion motion for summary judgment. (ECF Nos. 101, 102.) On June 30, 2023, the Court granted Defendants' request. (ECF No. 103.)

"Before awarding sanctions under its inherent powers ... the court must make an explicit finding that the conduct 'constituted or was tantamount to bad faith.' " Primus Automotive Financial Services, Inc. v. Batarse, 115 F.3d 644, 648 (9th Cir. 1997) (quoting Roadway Express, Inc. v. Piper, 447 U.S. 752, 767 (1980)). The term bad faith "includes a broad range of willful improper conduct." See Fink, 239 F.3d at 992. Sanctions are therefore "available for a variety of

---

[1] On June 6, 2022, SDAG Bragg specifically appeared for Defendants to request an extension of time to file a waiver. (ECF No. 33.) On July 5, 2022, SDAG Bragg appeared again to request an extension of time to respond to the complaint. (ECF No. 37.) In his request, counsel explained that he could not assign the case to a DAG because of staffing shortages and the demanding workload of the section. (Id. at 3.) Despite Plaintiff's contention, SDAG Bragg was never the DAG assigned to this case.

4

types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." Id. at 994. "Willful misconduct" or "conduct tantamount to bad faith" is "something more egregious than mere negligence or recklessness." In re Lehtinen, 564 F.3d 1052, 1058 (9th Cir. 2009) (internal quotation marks and citations omitted) abrogated on other grounds by Bullard v. Blue Hills Bank, 575 U.S. 496 (2015). Sanctions should be reserved for "serious breaches," Zambrano v. City of Tustin, 885 F.2d 1473, 1485 (9th Cir. 1989), "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." Chambers, 501 U.S. at 44.

Examples of bad faith include "knowingly or recklessly rais[ing] a frivolous argument, or argu[ing] a meritorious claim for the purpose of harassing an opponent." In re Keegan Management, 78 F.3d 431, 436 (9th Cir. 1996). A party may also demonstrate bad faith by "delaying or disrupting the litigation or hampering enforcement of a court order." Hutto v. Finney, 437 U.S. 678, 689 n.14 (1978). Recklessness, when combined with an additional factor such as frivolousness, harassment, or an improper purpose, may support sanctions, Gomez v. Vernon, 255 F.3d 1118, 1134 (9th Cir. 2001); Fink, 239 F.3d at 994, but mere negligence or recklessness will not suffice, In re Lehtinen, 564 F.3d at 1058.

Plaintiff concludes that Defendants have intentionally engaged in delaying tactics by the number of requests to extend the time and change of counsel of record.  Initially, to the extent Plaintiff seeks Rule 11 sanctions for Defendants' formal and informal requests for extensions in discovery, Rule 11 does not apply to the discovery process.  In addition, Plaintiff offers no evidence to support his assertion that Defendants have acted with improper purpose or in bad faith. As noted in the Court's orders, Defendants' extensions of time were granted based on good cause.  (ECF Nos. 34, 39, 44, 73, 83, 103.)  Indeed, Defendants provided declarations, signed under the penalty of perjury, wherein they confirmed that each request was made in good faith. (Declaration of Kandice Jung at 6:7-8, ECF No. 82 ("This request is brought in good faith and not sought for any improper purpose, such as for delay or harassment."); Decl. of Lauren Sanchez at 3:22, ECF No. 102 ("I bring this request in good faith and not for any improper purpose.").)  In addition, Plaintiff has failed to demonstrate any prejudice as a result of granting the extensions of

time. Accordingly, Plaintiff's motion for sanctions is substantively and procedurally defective it shall be denied.

## IV.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for sanctions, filed July 25, 2023 (ECF No. 107) is DENIED.

IT IS SO ORDERED.

Dated: **September 8, 2023**

UNITED STATES MAGISTRATE JUDGE