1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   ADAM JAY STONE,                          No.  1:21-cv-01461-NODJ-SAB (PC)

12                  Plaintiff,                 ORDER REGARDING PLAINTIFF'S
                                               MOTIONS TO COMPEL
13          v.
                                               (ECF Nos. 90, 98, 99)
14   C. PFEIFFER, et al.,

15                  Defendants.

16

17          Plaintiff Adam Jay Stone is proceeding pro se in this civil rights action filed pursuant to

18   42 U.S.C. § 1983.

19          Currently before the Court are Plaintiff's three separate motions to compel, filed on June

20   2, 2023 and June 15, 2023, respectively.  (ECF Nos. 90, 98, 99.)

21                                            **I.**

22                              **RELEVANT BACKGROUND**

23          This action is proceeding Plaintiff's excessive force claim against Defendants B.

24   Gonzales, G. Morales, K. Gonzales, and Anderson in violation of the Eighth Amendment.

25          Defendants filed an answer to the complaint on October 19, 2022.  (ECF No. 48.)

26          On November 22, 2022, the Court issued the discovery and scheduling order.  (ECF No.

27   59.)

28          On June 2, 2023, Plaintiff filed a motion to compel discovery.  (ECF No. 90.)

                                               1

1       On June 5, 2023, Defendant Anderson filed a motion for summary judgment for failure to
2 exhaust the administrative remedies.  (ECF No. 91.)

3       On June 6, 2023, Defendants filed a motion to stay discovery and to modify the
4 scheduling order.  (ECF No. 92.)

5       On June 7, 2023, the Court granted Defendants' motion to stay and reset the pending
6 deadlines until a final ruling on Defendant Anderson's exhaustion motion for summary judgment,
7 which included briefing on Plaintiff's pending motion to compel.   (ECF No. 93.)

8       On June 15, 2023, Plaintiff filed two separate motions to compel discovery.  (ECF Nos.
9 98, 99.)

10       On September 11, 2023, Findings and Recommendations were issued to deny Defendant
11 Anderson's motion for summary judgment.  (ECF No. 114.)

12       On September 27, 2023, the Court set this case for a settlement conference at Corcoran
13 State Prison on November 6, 2023, but the case did not settle.  (ECF Nos. 117, 123.)

14       On October 25, 2023, Defendant Anderson's exhaustion motion for summary judgment
15 was denied.  (ECF No. 122.)

16       On November 8, 2023, the Court lifted the stay of discovery, directed Defendants to file a
17 response to Plaintiff's pending motions to compel within thirty days, and extended the discovery
18 and dispositive motion filing deadlines.  (ECF No. 125.)

19       On January 8, 2024, Plaintiff filed another motion to compel.  (ECF No. 132.)

20       After receiving an extension of time, Defendants filed oppositions to Plaintiff's motions to
21 compel on January 12, 2024 and January 16, 2024, respectively.  (ECF Nos. 133, 134, 135.)

22 **II.**

23 **LEGAL STANDRD**

24       Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of
25 confinement.  As a result, the parties were relieved of some of the requirements which would
26 otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to
27 involving the Court in a discovery dispute.  Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R.
28 Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 59.  Further, where otherwise discoverable

2

1    information would pose a threat to the safety and security of the prison or infringe upon a

2    protected privacy interest, a need may arise for the Court to balance interests in determining

3    whether disclosure should occur.  See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467

4    U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of

5    Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of

6    Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of

7    Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of

8    privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB

9    PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to

10   inspect discoverable information may be accommodated in ways which mitigate institutional

11   safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at

12   *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing

13   information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-

14   08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for

15   protective order and for redaction of information asserted to risk jeopardizing safety and security

16   of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P,

17   2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld

18   documents for in camera review or move for a protective order).

19          However, this is a civil action to which the Federal Rules of Civil Procedure apply.  The

20   discovery process is subject to the overriding limitation of good faith, and callous disregard of

21   discovery responsibilities cannot be condoned.  Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d

22   1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted).  "Parties may obtain discovery

23   regarding any nonprivileged matter that is relevant to any party's claim or defense and

24   proportional to the needs of the case, considering the importance of the issues at stake in the

25   action, the amount in controversy, the parties' relative access to relevant information, the parties'

26   resources, the importance of the discovery in resolving the issues, and whether the burden or

27   expense of the proposed discovery outweighs its likely benefit."  Fed R. Civ. P. 26(b)(1).

28   ///

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified.  Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).  This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious.  Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4.  However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits.  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

**III.**

**DISCUSSION**

**A.     Motion to Compel (ECF No. 90)**

In this motion, Plaintiff seeks to compel further responses to his Request for Production of Documents, Set One, No. 1.

Request for Production of Documents, Set One, No. 1 sought:

> Any and all grievances, complaints, or other documents received by prison staff C. Pf[ei]ffer/Warden of KVSP or his agents at KVSP concerning the mistreatment of inmates by defendants K. Gonzales, B. Gonzales, G. Morales, Anderson, and the other unknown officer who were working at medical facility and by the program office on May 11th, 2020, and any other memoranda, investigative files, or other documents created in response to such complaints since the start of their time working for CDCR.

(ECF No. 133, Declaration of Lauren Sanchez (Sanchez Decl.) ¶ 4, Ex. A.)[1]

---

[1] Defendants submit that Plaintiff's discovery requests failed to identify a responding party, in violation of Rule 34 of the Federal Rules of Civil Procedure, and, instead, was directed at all Defendants.  Defendants therefore identified B.

Defendant B. Gonzales responded, by way of supplemental response, as follows:

Answering Defendant objects to Request for Production No. 1 on the following grounds: (1) the request is not directed at an individual party and Plaintiff has failed to identify the responding party, as required by Rule 34 of the Federal Rules of Civil Procedure; (2) the request is vague and ambiguous as to the term "other documents," "other unknown officers," and "the mistreatment of inmates" requiring Answering Defendant to guess as to the intended meaning and identify of the officers targeted by this request; (3) the request is impermissibly compound; (4) the request seeks documents that are relevant to any party's claim or defense and proportional to the needs of the case as this request seeks documents regarding non-party inmate complaints involving non-defendants, defendants, and unidentified officers for an unspecified period of time, concerning the broad topic of "the mistreatment of inmates" which is beyond the scope of permissible discovery; (5) the request may seek confidential information protected by the official information privilege pursuant to federal common law, and invades the privacy rights of Answering Defendant as well as third-parties in peace officer personnel, medical, and similar records protected by state and federal privileges and California statutes; (6) the information sought may be "confidential" within the meaning of California Code of Regulations, title 15, § 3321, such that the information can only be disclosed pursuant to a protective order prohibiting Plaintiff from personally possessing the information pursuant to California Code of Regulations, title 15, § 3450(d), because the information sought may jeopardize the safety and security of the responding Defendant, the institution, other inmates, and other correctional staff; (7) the request seeks documents and things not within Answering Defendant's personal possession, custody, or control; and (8) the request may seek propensity evidence that is generally not admissible in civil rights actions, *see Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993), see also Fed. R. Evid. 404(b), and collateral matters unrelated to the type of incident at issue in this case, which is generally not discoverable, *see Gonzalez v. City of Bakersfield*, No. 1:16-cv-00107-JLT, 2016 WL 4474600, at *6 (E.D. Cal. Aug. 25, 2016) (denying discovery of deadly force incidents in case involving non-deadly force), *Cathey v. City of Vallejo*, No. 2:15-cv-01749-JAM-AC, 2016 WL 792783, at *1, 5 (E.D. Cal. March 1, 2016).

During a meet and confer telephone call on March 20, 2023, Plaintiff clarified that he wanted copies of all use of force 602s filed, in the last ten years, against Defendants. Answering Defendant maintains each of his previously asserted objections and, based on Plaintiff's clarification, further objects on the grounds that propensity evidence is inadmissible, and that the requested documents are not related to a claim or defense in this matter. Other inmates' 602s are confidential, pursuant to Title 15. Further, ten years is an

---

Gonzales as the responding party for each discovery request. Plaintiff is proceeding pro se and he is incarcerated, which affects his ability to draft discovery with the precision of an attorney. It also entitles him to some additional leniency. Discovery must be limited if it is unreasonably cumulative or duplicative, Fed. R. Civ. P. 26(b)(2)(C)(i), but that inquiry must be viewed through the lens of Plaintiff's pro se status. Pro se litigants are necessarily accorded greater latitude than attorneys given their lesser skill set. The Court will not overlook abuse of the discovery process, but here, there is no evidence that Plaintiff abused the process as he simply failed to address each discovery request, separately, for each Defendant. Because it is clear from Plaintiff's filings and communication with defense counsel that he seeks responses from each Defendant, the Court interprets Plaintiff's requests as being address individually to each Defendant.

overly burdensome time period.

Subject to, and notwithstanding the objections, and narrowing the request to seek any inmate grievance submitted between May 2018 and May 2020 that alleges that any of the Defendants used excessive force, Answering Defendant responds as follows: These documents are being withheld based on the above noted objections and based on privilege, confidentiality, and safety concerns noted in the supporting declaration of Brian Hancock. See Privilege Log, identifying inmate grievances submitted between May 2018 and May 2020 that alleges that any of the Defendants used excessive force (AGPRIV 001 – AGPRIV 021).

(Sanchez Decl. ¶ 6, Ex. H.)

Defendants submit that on March 20, 2023, the parties telephonically met and conferred regarding Plaintiff's First Set of Requests for Production of Documents.  (Sanchez Decl. ¶ 8.) During the conversation, Plaintiff clarified that he wanted copies of all use of force grievances filed, in the last ten years, against Defendants.

In his motion to compel, Plaintiff initially argues that Defendants have waived their objections because he received Defendant B. Gonzales' responses on March 3, 2023.  (ECF No. 90 at 4.)  Plaintiff also states that he "is looking for excessive force incidences involving the defendants including the John Does that bear on [Plaintiff], as well as falsifying documents and any other act of dishonesty … even attempting to murder another inmate ….").  (ECF No. 90 at 2:14-18.)  Plaintiff argues that he is entitled to any inmate grievances regarding the alleged use of force by any of the Defendants for the prior ten years.

In response, Defendants argue that ten years is a burdensome period, but agreed to identify on a privilege log any inmate grievance submitted between May 2018 and May 2020 that alleged that Defendants used excessive force.  (Sanchez Decl. ¶ 8.)  Defendants also submitted the declaration of B. Hancock regarding the safety and security concerns if documents are provided in response to Plaintiff's request.  (Sanchez Decl. ¶ 14; Ex. J.)  Defendants argue, in part, that any responsive documents are protected by the official information privilege. They claim that these documents, if disclosed, would jeopardize the safety and privacy rights of non-party inmates and correctional staff and undermine the California Department of Corrections and Rehabilitation's ability to conduct confidential investigations.  In support of their argument,

Defendants submit the declaration of B. Hancock, who declares, in pertinent part, as follows:

The documents listed on the Privilege Log, in response to Request No. 1, were generated by CDCR as part of our investigation of allegations made against CDCR staff. This material has been treated as highly sensitive and has been kept confidential with access only by certain non-involved CDCR staff.

CDCR and Kern Valley State Prison have a substantial interest in withholding documents containing this type of information from disclosure to inmates, parolees, or their family members.

Plaintiffs possession of the confidential information in the documents listed on the Privilege Log would create a safety and security risk to the institution by potentially exposing confidential information about the nature of investigations to the inmate population.

Confidential documents that reflect investigations of complaints against staff members and use-of-force incidents would endanger individuals and would threaten the security of the institution if released because such documents contain information that would reveal techniques used to investigate inmate and parolee complaints against staff, and the types of corrective measures taken as a result of such investigations.

If inmates and parolees had access to this type of information, they would have the tools to sabotage staff attempts to deal with disruptive conduct and to undermine investigations into alleged misconduct. Inmates could use this information to manipulate staff or set them up for disrespect or even unwarranted discipline.

Disclosure of this type of information could also substantially undermine staffs' ability to control violent disturbances effectively, and with minimal force.

Disclosure could also impair staff morale and authority by potentially subjecting staff to inmate ridicule.

This would make it difficult to recruit qualified staff to work at California's prisons and reduce their effectiveness in controlling the inmate population.

Disclosure could also reveal names of informants, and subject them to retaliation by inmates.

Additionally, staff and other witnesses would be reluctant to candidly provide information if they knew this information would be disclosed, thus undermining the effectiveness of these investigations.

Further, disclosure would be in violation of the confidential nature of investigations and greatly diminish the effectiveness of the investigations process and the benefits of the investigations.

1
2
3

CDCR houses felons that have committed serious crimes, including murder. It is my understanding that staff, including at Kem Valley State Prison, are frequently threatened by inmate, such that to release confidential information to an inmate creates a serious breach of

4
5
6

security and exposes staff to potential harm, including death. If CDCR were to adopt a policy of permitting inmates to access confidential documents, it would be difficult to recruit any staff to work at CDCR's institutions. California law recognizes the existence of this danger to peace officer personnel and provides for the protection of their records and personnel records.

7

Therefore, Kern Valley State Prison prohibits the dissemination of the information contained in the document listed on the Privilege Log, in response to Request No. 1.

8

(Sanchez Decl. ¶ 14, Ex. J.)

9
10
11
12
13
14

**Ruling:**  Plaintiff's motion to compel is GRANTED.  Here, Plaintiff alleges that on May 11, 2020, Defendants used excessive force on him.  (ECF No. 22.)  As stated above, Defendant B. Gonzales' response to Request No. 1 contained objections, a privilege log, and the declaration of B. Hancock.  (Sanchez Decl. ¶¶ 12-14, Exs. H-J.)  By way of the meet and confer process, Plaintiff clarified that he seeks copies of all use of force CDCR inmate grievances filed, in the last ten years, against Defendants.  (Sanchez Decl. ¶ 8, Ex. D.)

15
16
17
18
19
20
21
22
23
24
25
26

First, with regard to Plaintiff's argument that Defendant B. Gonzales responses were untimely, it is rejected.  Plaintiff served his first set of production of documents with a proof of service dated December 5, 2022.  (Sanchez Decl. ¶ 3.)  Defense counsel moved for a thirty-three day extension of time to serve discovery responses, which was granted on January 20, 2023.  (ECF Nos. 72, 73.)  The deadline for Defendants' responses was February 21, 2023.  (ECF No. 73.)  Defendant B. Gonzales timely served his responses to each of Plaintiff's discovery requests on February 21, 2023.  (Sanchez Decl. ¶ 6.)  The fact that Plaintiff did not physically receive the responses until March 3, 2023, is of no consequence as there is no showing that any delay in Plaintiff's receipt of those responses was due to anything other than routine processing delays with the institution's legal mail service.  Plaintiff also argues that he should have received responses from each Defendant.  However, Plaintiff's argument is moot as Defendants acknowledge they received Plaintiff's Fourth Set of Requests for Production of Documents

27
28

8

1  address to each Defendant on April 26, 2023.[2]  (Sanchez Decl. ¶ 16, Ex. K.)

2         Second, to the extent Plaintiff seeks documents from non-party officers, such request is

3  not relevant to the excessive force claims against named Defendants in this action.

4         Third, in federal cases, questions of privilege are resolved pursuant to federal law. Kelly

5  v. City of San Jose, 114 F.R.D. 653, 660 (N.D. Cal. 1987). Federal law recognizes a qualified

6  privilege for official information. See Kerr v. United States Dist. Ct. for N.D. Cal., 511 F.2d 192,

7  198 (9th Cir. 1975). However, the qualified privilege is "contingent upon the competing interests

8  of the requesting litigant and subject to disclosure especially where protective measures are taken

9  ...." Id.

10         Under this privilege, a "court must balance the government's interest in protecting official

11  information from disclosure against the plaintiff's need for the information. Edwards v. County of

12  Los Angeles, No. CV 08-07428 GAF(SSx), 2009 WL 4707996, at *3 (C.D. Cal. Dec. 9, 2009). In

13  civil rights cases such as this, the balancing test is "moderately pre-weighted in favor of

14  disclosure." Kelly v. City of San Jose, 114 F.R.D. 653, 661 (N.D. Cal. 1987).

15         However, before a court may engage in this balancing, the party invoking the privilege

16  must make a "substantial threshold showing" that the privilege applies. Soto v. City of Concord,

17  162 F.R.D. 603, 613 (N.D. Cal. 1995) (quoting Kelly, 114 F.R.D. at 669). The party asserting the

18  privilege must submit a declaration or affidavit from a responsible official with personal

19  knowledge of the matters to be attested to in the affidavit. Id. "The claiming official must 'have

20  seen and considered the contents of the documents and himself have formed the view that on

21  grounds of public interest they ought not to be produced' and state with specificity the rationale

22  of the claimed privilege." Kerr, 511 F.2d at 198. The affidavit must include: "(1) an affirmation

---

[2] Defendants submit that Plaintiff's discovery requests failed to identify a responding party, in violation of Rule 34 of the Federal Rules of Civil Procedure, and, instead, was directed at all Defendants. Defendants therefore identified B. Gonzales as the responding party for each discovery request. Plaintiff is proceeding pro se and he is incarcerated, which affects his ability to draft discovery with the precision of an attorney. It also entitles him to some additional leniency. Discovery must be limited if it is unreasonably cumulative or duplicative, Fed. R. Civ. P. 26(b)(2)(C)(i), but that inquiry must be viewed through the lens of Plaintiff's pro se status. Pro se litigants are necessarily accorded greater latitude than attorneys given their lesser skill set. The Court will not overlook abuse of the discovery process, but here, there is no evidence that Plaintiff abused the process as he simply failed to address each discovery request, separately, for each Defendant.

that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made." Soto, 162 F.R.D. at 613 (quoting Kelly, 114 F.R.D. at 670).

The party resisting discovery must specifically describe how disclosure of the requested information in that particular case would be harmful. Soto, 162 F.R.D. at 613-14. If the opposing party fails to meet the threshold burden requirement of establishing cause to apply the privilege, the privilege will be overruled. Chism v. County of San Bernardino, 159 F.R.D. 531, 533 (C.D. Cal. 1994). Ordinarily, a "party asserting an evidentiary privilege has the burden to demonstrate that the privilege applies to the information in question." Tornay v. United States, 840 F.2d 1424, 1426 (9th Cir. 1988) (citing United States v. Hirsch, 803 F.2d 493, 496 (9th Cir. 1986)); In re Roman Catholic Archbishop of Portland in Oregon, 661 F.3d 417, 424 (9th Cir. 2011) (explaining that "the party opposing disclosure has the burden of establishing that there is good cause to continue the protection of the discovery material").

Here, as indicated above, Defendant did not produce any documents responsive to this request but served a privilege log listing several inmate grievances submitted between May 2018 and May 2020 that alleges that any of the Defendants used excessive force. (Sanchez Decl. ¶ 13, Ex. H.)

With regard to the official privilege argument, Defendants have failed to address any specific harm posed by the production of the withheld documents. Instead, Defendants simply rely on the declaration of Hancock for the proposition that disclosure of any and all withheld documents would endanger the safety of staff and inmates. However, Hancock's declaration does not specifically address any of the documents actually withheld.[3]  The potential for harm does not

---

[3] The Court notes that assertions that staff candor could be impacted are not sufficient to satisfy the Kelly burden, and

1   outweigh the strong public policy in favor of uncovering civil rights violations. This is

2   particularly so because Plaintiff is unable to acquire such grievances and complaints by any other

3   means, and this information has a high degree of potential significance to Plaintiff's case. In an

4   excessive force case such as this, the relevance and discoverability of officers' disciplinary

5   records, including unfounded complaints and allegations of misconduct, are widely recognized.

6   See, e.g., Gibbs v. City of New York, 243 F.R.D. 95 (S.D.N.Y. 2007); Frails v. City of New

7   York, 236 F.R.D. 116 (E.D.N.Y. 2006); Floren v. Whittington, 217 F.R.D. 389 (S.D.W. Va.

8   2003); Hampton v. City of San Diego, 147 F.R.D. 227 (S.D. Cal. 1993).  Accordingly, the Court

9   does not find merit to Defendants' argument for official privilege.

10         Fourth, the Court finds that records of grievances and complaints against each Defendant

11   are relevant to Plaintiff's excessive force claims, and proportional to the needs of the case.

12   "Information within [the] scope of discovery need not be admissible in evidence to be

13   discoverable." Fed. R. Civ. P. 26(b)(1). Additionally, while character evidence may not be

14   admissible at trial, admissibility is not the test for discovery because that evidence may be

15   admissible for other purposes. Taylor v. O'Hanneson, No. 1:11-cv-00538 LJO SAB (PC), 2014

16   WL 2696585, at *5 (E.D. Cal. June 13, 2014). Inmate complaints could also be relevant to show

17   Defendant's state of mind and motive. Nehad v. Browder, No. 15-CV-1386 WQH NLS, 2016 WL

18   2745411, at *2 (S.D. Cal. May 10, 2016) (holding plaintiff may discover complaints against the

19   defendant officer "that are similar to the complaint made in this case" because they may be

20   relevant to a showing of officer's state of mind); Tate v. Andres, No. 2:18-cv-0822 KJM AC P,

21   2020 WL 1984151 at *3 (E.D. Cal. Apr. 27, 2020) ("Although instances of misconduct related to

22   other inmates would not directly prove that defendant retaliated against plaintiff, used excessive

23   force, or was deliberately indifferent to his medical needs, sufficient similarities in complaints

24   could potentially demonstrate a pattern of conduct by defendant that would speak to his intent,

25   which is a necessary component to each of the claims against him.").  Here, Plaintiff is entitled to

26   grievances and complaints filed against Defendants involving the use of excessive force.  See,

27

28

denying Plaintiff the ability to view discoverable materials based on his status as a pro se inmate is not sufficient to warrant denial of the motion to compel. Kelly, 114 F.R.D. at 665; Davis v. Schneider, No. 2:18-cv-01910-VBF (MAA), 2020 WL 9074713 at *8 (C.D. Cal. Dec. 18, 2020).

1    e.g., Lawrence v. City & Cty. of San Francisco, No. 14-cv-0820-MEJ, 2016 WL 3254232, at *4

2    *N.D. Cal. June 14, 2016); Nehad v. Browder, No. 15-cv-1386 WQH NLS, 2016 WL 2745411, at

3    *2 (S.D. Cal. May 10, 2016); Henderson v. Peterson, No. C 07-2838 SBA PR, 2011 WL

4    4412016, at *2 (N.D. Cal. Feb. 3, 2011); Zackery v. Stockton Police Dep't., No. CIV S-05-2315

5    MCE DAD P, 2007 WL 1655634, at *2 (E.D. Cal. June 7, 2007); Soto v. City of Concord, 162

6    F.R.D. 603, 615 (N.D. Cal. 1995) ("Records of complaints against defendant officers relating to

7    their use of excessive force has been found to be relevant to a plaintiff's civil rights claim.").

8            However, Plaintiff is not entitled to instances involving non-party John Does, the

9    falsification of documents, other acts of dishonestly, or attempted murder, as such documentation

10   is not relevant to his claims of excessive force.  (Sanchez Decl. ¶ 9, Ex. E; ECF No. 90 at 2.)[4]

11   Nonetheless, the Court finds merit in Defendants' argument that the request is clearly overbroad

12   in that Plaintiff is not entitled to any and all grievances and complaints filed against Defendants,

13   as such request must be limited in time.  That said, the Court does not find that producing

14   documents from the past ten years is overly burdensome.  "[T]he right to discovery, even plainly

15   relevant discovery, is not limitless." Lallemand v. Cnty. of Los Angeles, No. CV 17-0781-AK-

16   SSX, 2018 WL 6136814, at *2 (C.D. Cal. Jan. 12, 2018).  Here, Defendants provide no support

17   for their argument that a ten year period is burdensome and this Court has routinely ordered

18   documents of this nature to be produced for the prior ten year period.  See, e.g., Williams v.

19   Romero, No. 2:17-cv-1884 TLN DB P, 2022 WL 2160651, at *6 (E.D. Cal. June 15, 2022);

20   Shepherd v. Neuschmid, No. 2:19-cv-0084 JAM DB P, 2021 WL 1172915, at *4 (E.D. Cal. Mar.

21   29, 2021); Herrera v. County of Fresno, No. 1:18-cv-01297-AWI-EPG, 2019 WL 1284489, at *2

22   (E.D. Cal. Mar. 20, 2019).  Accordingly, the Court will limit the discoverable documents to those

23   regarding incidents occurring no more than ten years prior to the incident in this case.  The Court

24   recognizes that complaints filed against Defendants may contain confidential information, such as

25   _____

26   [4] As previously stated, by way of meet and confer, Plaintiff clarified that he seeks copies of all use of force
     grievances filed, in the last ten years, against Defendants.  (Sanchez Decl. ¶ 8.)  Now, by way of motion to compel,
27   Plaintiff "is looking for excessive force incidences involving all defendants including the John Does that bear on
     [Plaintiff], as well as falsifying documents and any other act of dishonesty … even attempting to murder another
28   inmate …."  (ECF No. 90 at 2:14-18.)  There is no evidence that Plaintiff served Defendants with an appropriate
     discovery request for such information.  Accordingly, there is no basis to compel Defendants to respond.

1    inmate names or other personal and/or identifying information. However, that issue can easily be

2    addressed by redacting that information from the grievances and complaints.   Accordingly,

3    Plaintiff's motion is granted only with respect to grievances and complaints against Defendants

4    for excessive force in which the incidents occurred no more than ten years prior to the events at

5    issue in this case, and Defendants shall redact any information that may identify the complaining

6    parties, other inmates or staff mentioned in the document.[5]

7        **B.      Motions to Compel (ECF Nos. 98, 99)**

8        In these motions, Plaintiff seeks to compel further responses to his Request for Production

9    of Documents No. 12 and the production of a <u>Kelly</u> declaration.  (ECF Nos. 98, 99.)  Plaintiff

10   submits that the daily activity report is relevant because it may show what happened to him on

11   May 11, 2020.  (ECF No. 98 at 2.)

12       In opposition, Defendants argue Plaintiff failed to identify why their responses are

13   deficient or their objections are not justified, and the request improperly seeks confidential

14   information that is not relevant or proportional to the needs of this case.[6]

15       Request for Production of Documents No. 12, sought:

16       [Plaintiff] requests documentation of the Daily Activity Report, including, but not limited
17       to, the daily activity and who wrote the report for May 11th, 2020.  If the Daily Activity
         Report is missing for that day, then I am requesting the Daily Activity Report for that
18       week to show that the May 11th, 2020 Daily Activity Report is missing or altered.

19   (ECF No. 134-1, Sanchez Decl, Ex. A.)

20       Defendants responded as follows:

21       Objection. The request is impermissibly compound. The request seeks confidential
22       information protected by the official information privilege pursuant to federal common
         law, and invades the privacy rights of Defendant as well as third-parties in peace officer
23       personnel, medical, and similar records protected by state and federal privileges and
         California statutes. Further, the information sought is "confidential" within the meaning of
24       California Code of Regulations, title 15, § 3321, such that the information can only be

---

25   [5] Defendants request that, in the event the court finds the documents relevant, the Court conduct an in camera review
26   of the documents prior to production. (ECF No. 133 at 8.)  This request will be denied. As addressed above, the Court
     already determined that the documents are relevant, and there is no basis for conducting an in camera review in light
27   of right to redact any and all confidential information.

28   [6] Defendants note that Plaintiff failed to meet and confer regarding this request; however, the Court specifically
     exempted the parties from the meet and confer requirement.  (ECF No. 59, at 2:14-18.)

1   disclosed pursuant to a protective order prohibiting Plaintiff from personally possessing
2   the information pursuant to California Code of Regulations, title 15, § 3450(d), because
    the information sought may jeopardize the safety and security of the responding
3   Defendant, the institution, other inmates, and other correctional staff. Finally, as to the
    portion of the request seeking "the Daily Activity Report for that week to show that the
4   May 11th, 2020 Daily Activity Report is missing or altered", Defendant further objects
    that the request improperly seeks documents that are not relevant to Plaintiff's excessive
5   force claim and is not proportional to the needs of this case, considering the importance of
    the issues at stake in the action and the importance of the discovery in resolving the issues.
6   Subject to, and notwithstanding the objections, Defendant responds as follows: The Daily
    Activity Report for May 11, 2020, is being withheld based on the aforementioned
7   objections and based on privilege, confidentiality, and safety concerns noted in the
    supporting declaration of Brian Hancock. See Privilege Log, identifying the Daily
8   Activity Report for Facility A at Kern Valley State Prison on May 11, 2020. (AGPRIV
9   024 – AGPRIV 025).

10  (Sanchez Decl. ¶ 4; Ex. B.)

11        **<u>Ruling</u>:**  Plaintiff's motion to compel a further response to Request for Production No. 12,

12  is GRANTED.  As an initial matter, Defendants correctly point out that they provided a

13  declaration by B. Hancock in support of argument for official privilege.  Thus, there is no merit to

14  Plaintiff's argument for a further <u>Kelly</u> declaration.

15        Second, Defendants cite to state law regulations regarding the confidential nature of the

16  daily activity report.  More specifically, Title 15 of the California Code of Regulations section

17  3370(d) provides: "No inmate ... shall access information designated confidential pursuant to

18  section 3321 which is in or from their own case records file." 15 C.C.R. § 3370(d). In turn,

19  Section 3321(a) identifies as confidential, among other things, "[i]nformation which, if known to

20  the inmate, would endanger the safety of any person" and "[i][nformation which would

21  jeopardize the security of the institution." 15 C.C.R. § 3321(a)(1)–(2). Section 3450(d) provides

22  that "[n]o inmate ... shall prepare, handle, or destroy any portion of a departmental record

23  containing confidential information as that term is defined in Section 3321," while Section

24  3450(e) makes the same prohibition as to departmental records containing personal information.

25  15 C.C.R. §§ 3450(d)–(e). Section 3450(e) excepts from this prohibition an inmate's copies of

26  such records provided to him or her by the Department. 15 C.C.R. § 3450(e).

27        However, compliance with confidentiality restrictions is not a basis for withholding

28

                                            14

discovery.  Rule 26(b)(1) exempts from discovery privileged documents—not documents that are confidential. Fed. R. Civ. P. 26(b)(1) ("Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense ....").  Further, discovery in federal court is not governed by a state's regulatory scheme or state law related to confidentiality. Rather, the Ninth Circuit has made clear that, in civil rights actions brought pursuant to Section 1983, questions of privilege are resolved by federal law. Kerr, 511 F.2d at 197–98.

Third, for the same reasons explained above with regard to Request for Production, No. 1, the Court does not find merit to Defendants' argument that disclosure violates the official information privilege.  Defendants have failed to address any specific harm posed by the production of the withheld documents. Instead, Defendants simply rely on the declaration of Hancock for the proposition that disclosure of any and all withheld documents would endanger the safety of staff and inmates. However, Hancock's declaration does not specifically address any of the documents actually withheld.  The potential for harm does not outweigh the strong public policy in favor of uncovering civil rights violations. This is particularly so because Plaintiff is unable to acquire the daily activity report by any other means.  Accordingly, the Court does not find merit to Defendants' argument for official privilege.

Lastly, Defendants do not address the importance or relevance of the May 11, 2020, daily activity report to Plaintiff's case.  Thus, taking Plaintiff's argument that the daily activity report "is highly relevant in this case because it may show what happened to [him] on May 11th, 2020," at face value, the Court finds that the daily activity report for May 11, 2020 is relevant to Plaintiff's excessive force claims, and proportional to the needs of the case.  See, e.g., Bernal v. Beard, No. 2:16-cv-2511 AC P, 2019 WL 5536258, at * 8 (E.D. Cal. Oct. 25, 2019) (inmate plaintiff provided daily activity report); McMaster v. Spearman, No. 1:10-cv-01407-AWI-SKO PC, 2014 WL 508677, at * 7 (E.D. Cal. Feb. 6,l 2014) (defendant ordered to make reasonable inquiry as to existence of daily activity reports).  Defendants may redact from the daily activity report: (a) any information that is necessary to protect the privacy of inmates, officers, and other third-parties; (b) any information that might compromise prison security; and (c) inmate

1   information that is unrelated to this case.

2                                          **IV.**

3                              **CONCLUSION AND ORDER**

4           Based on the foregoing, it is HEREBY ORDERED that:

5           1.      Plaintiff's motions to compel are GRANTED;

6           2.      Within **thirty (30)** days from the date of this order, Defendants shall submit a

7                   supplemental responses to Request for Production of Documents, Set One, No. 1

8                   and Request for Production of Documents No. 12 as described above; and

9           3.      The grievance/complaints and daily activity report shall be used solely for the

10                  limited purpose of this action and shall not be disclosed to any third party other

11                  than those assisting with the prosecution or defense of this action.

12

13

14   IT IS SO ORDERED.

15   Dated:   **January 29, 2024**

                                         UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28