UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM JAY STONE,<br><br>    Plaintiff,<br><br>    v.<br><br>C. PFEIFFER, et al.,<br><br>    Defendants. | No. 1:21-cv-01461-KES-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS<br><br>(ECF Nos. 147, 151, 152) |

Plaintiff Adam Jay Stone is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for sanctions, filed March 11, 2024. (ECF No. 147.)

**I.**

**RELEVANT BACKGROUND**

This action is proceeding Plaintiff's excessive force claim against Defendants B. Gonzales, G. Morales, K. Gonzales, and Anderson in violation of the Eighth Amendment.

Defendants filed an answer to the complaint on October 19, 2022. (ECF No. 48.)

On November 22, 2022, the Court issued the discovery and scheduling order. (ECF No. 59.)

On June 2, 2023, Plaintiff filed a motion to compel discovery. (ECF No. 90.)

1

On June 5, 2023, Defendant Anderson filed a motion for summary judgment for failure to exhaust the administrative remedies. (ECF No. 91.)

On June 6, 2023, Defendants filed a motion to stay discovery and to modify the scheduling order. (ECF No. 92.)

On June 7, 2023, the Court granted Defendants' motion to stay and reset the pending deadlines until a final ruling on Defendant Anderson's exhaustion motion for summary judgment, which included briefing on Plaintiff's pending motion to compel. (ECF No. 93.)

On June 15, 2023, Plaintiff filed two separate motions to compel discovery. (ECF Nos. 98, 99.)

On September 11, 2023, Findings and Recommendations were issued to deny Defendant Anderson's motion for summary judgment. (ECF No. 114.)

On September 27, 2023, the Court set this case for a settlement conference at Corcoran State Prison on November 6, 2023, but the case did not settle. (ECF Nos. 117, 123.)

On October 25, 2023, Defendant Anderson's exhaustion motion for summary judgment was denied. (ECF No. 122.)

On November 8, 2023, the Court lifted the stay of discovery, directed Defendants to file a response to Plaintiff's pending motions to compel within thirty days, and extended the discovery and dispositive motion filing deadlines. (ECF No. 125.)

On January 8, 2024, Plaintiff filed another motion to compel. (ECF No. 132.) On February 28, 2024, Defendants filed an opposition to this motion to compel. (ECF No. 145.) Plaintiff filed a reply on March 11, 2024, along with a separate motion for sanctions. (ECF No. 147.)

After receiving an extension of time, Defendants filed oppositions to Plaintiff's motions to compel (ECF Nos. 90, 98, 99) on January 12, 2024 and January 16, 2024, respectively. (ECF Nos. 133, 134, 135.) On January 29, 2024, the Court granted in part and denied in part Plaintiff's motions to compel (ECF Nos. 90, 98, 99), and ordered Defendants to produce "grievances and complaints against Defendants for excessive force in which the incidents occurred no more than ten years prior to the events at issue in this case." (ECF No. 140 at 13.) In addition, the Court

ordered Defendants to produce the May 11, 2020 Daily Activity Report.  (Id. at 15.)

On January 22, 2024, Plaintiff filed yet another motion to compel.  (ECF No. 136.)  On February 12, 2024, Defendants filed a reply to the motion to compel.  (ECF No. 142.)  Plaintiff filed a reply on February 23, 2024.  (ECF No. 144.)

On February 16, 2024, Defendants filed an opposition to Plaintiff's motion to modify the scheduling order attached as an exhibit to a reply to Defendants' opposition to his June 2, 2023 motion to compel (ECF No. 90).  (ECF Nos. 139, 143.)  Plaintiff filed a reply on March 1, 2024.  (ECF No. 146.)

On April 11, 2024, Defendants filed a timely opposition to Plaintiff's motion to sanctions.  (ECF No. 151.)  Plaintiff filed a reply on April 15, 2024.  (ECF No. 152.)

## II.

## LEGAL STANDARD

Pursuant to the Federal Rules of Civil Procedure, if a party "fails to obey an order to provide or permit discovery ... the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b). Such orders may include the following:

> (1) directing that the matters embraced in the order or other designated facts be taken as established for the purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceedings in whole or in part; (vi) rending a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).  The Ninth Circuit explained, "Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." Wyle v. R.

J. Reynolds Indus., Inc., 709 F.2d 857, 589 (9th Cir. 1983) (citing Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976)). The Ninth Circuit has counseled that if lesser sanctions have the potential to remedy any abuse, this is preferable to dispositive sanctions. Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1022 (9th Cir. 2002) (the "availability of less drastic sanctions" is often determinative of whether dispositive sanctions should lie).

Before issuing sanctions under Rule 37, the Court must consider the following factors, "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party [seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Rio Props, Inc. v. Rio Int'l Interlink, 284 F.3d at 1022. As the Ninth Circuit has stated in the context of sanctions under Rule 37, "[w]e have found the element of prejudice to be essential, stating that sanctions which interfere with the litigants' claim or defenses violate due process when they are imposed 'merely for punishment of an infraction that did not threaten to interfere with the rightful decision of the case.' " Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990) (quoting Wyle v. R.J. Reynolds Industries, Inc., 709 F.2d 585, 591 (9th Cir. 1983)). "Where a court order is violated, the first two factors [the public's interest in expeditious resolution of litigation and the court's need to manage its docket] support sanctions and the fourth factor [the public policy favoring disposition of cases on their merits] cuts against default. Therefore, it is the third [the risk of prejudice] and fifth [the availability of less drastic sanctions] factors that are dispositive." Payne v. Exxon Corp., 121 F.3d 503, 508 (9th Cir. 1997).

### III.
### DISCUSSION

In his motion for sanctions, Plaintiff argues that Defendants did not produce all of the relevant grievances and complaints pursuant to the Court's January 29, 2024, order. (ECF No. 147 at 13-14.) More specifically, Plaintiff references civil lawsuits filed against Defendants that they should have produced. (Id.) Plaintiff further argues that Defendants should have produced grievance #0-19-03926, identified on the privilege leg in support of their supplemental responses to Plaintiff's request for production of documents, set one. (ECF No. 147 at 14; Sanchez Decl. ¶

4

1  8.) Plaintiff also claims that Defendants purposefully withheld the first and second-watch daily

2  activity reports from him. (ECF No. 147 at 12.)

3  Defendants oppose Plaintiff's motion and argue sanctions are not warranted because they

4  complied with the Court's order and did not act in bad faith.

5       **A.**     **Production of Grievances and Complaints**

6  Plaintiff contends that Defendants did not comply with the Court's order that Defendants

7  produce all excessive force grievances and complaints for Defendants for the last ten years.

8  (ECF No. 147 at 13-14.) Plaintiff submits that Defendants withheld grievances citing civil case

9  filed against the Defendants that Defendants did not produce. (Id.) Plaintiff's motion must be

10 denied.

11 As an initial matter, the Court's order did not compel Defendants to produce publically

12 available information. (See ECF No. 140 at 11:2-3 ("Plaintiff is unable to acquire such grievances

13 and complaints by other means . . .").) In addition, the cases Plaintiff cites do not support his

14 contention. For example, Plaintiff cites two excessive force cases, where the court determined the

15 plaintiffs failed to file grievances against Defendants. Millner v. Biter, No. 113CV02029AWI

16 SAB PC, 2017 WL 735688, at *9 (E.D. Cal. Feb. 24, 2017) ("[The] Appeals Coordinator . . .

17 testified and submitted evidence that KVSP had no record of Plaintiff ever filing a relevant

18 appeal—timely or untimely—and that it had no record of Plaintiff ever following up with his

19 alleged missing appeal."); White v. Zuniga, No. 1:13cv00203 DAD DLB (PC), 2016 U.S. Dist.

20 LEXIS 68773, at *9-10 (May 25, 2016) ("It is undisputed that Plaintiff did not file an appeal

21 related to the events and claims in this action."). Alternatively, Plaintiff cites cases that do not

22 involve excessive force allegations against Defendants within the last 10 years. See Payne v.

23 Hedgpeth, 1:09-cv-00127-GSA-PC, 2009 WL 1286518, at *17 (May 7, 2009) (alleged failure to

24 protect claim against Defendant B. Gonzales took place in 2009-more than 10 years prior to the

25 2020 incidents at issue in this case); see also No. 1:09-cv-00127-AWI-GSA-PC, ECF No. 44

26 (case subsequently dismissed on September 21, 2010 for failure to exhaust the administrative

27 remedies).

28 ///

Plaintiff further argues that Defendants did not produce one of the documents referenced on an earlier privilege log. (ECF No. 147 at 14.)  However, Defendants submit, under penalty of perjury, that they reviewed the named grievance and determined it was not responsive to the Court's order because it does not allege that any of the Defendants used excessive force on the inmate. (Sanchez Decl., ¶ 21.)  Mere distrust and suspicion regarding discovery responses do not form a legitimate basis to further challenge responses which are facially legally sufficient; and Plaintiff is entitled neither to continue demanding additional and/or different evidence in support of discovery responses already provided nor to expand the scope of discovery beyond that sought in the initial discovery request. Fed. R. Civ. P. 26(g)(1), 33; Gorrell v. Sneath, 292 F.R.D. 629, 632 (E.D. Cal. 2013); L.H. v. Schwarzenegger, No. S–062042 LKK GGH, 2007 WL 2781132, at *2 (E.D. Cal. 2007).  In addition, signed discovery responses are themselves certifications to the best of the person's knowledge, information, and belief formed after a reasonable inquiry, Fed. R. Civ. P. 26(g) (1)(B) (quotation marks omitted), as are other signed filings presented to the Court, see Fed. R. Civ. P. 11(b); see also Fed. R. Civ. P. 33(c).  Further, as counsel is aware, Defendants are required to supplement their discovery responses should they learn that their responses were incomplete or incorrect, if the incomplete or incorrect information has not otherwise been made known to Plaintiff. Fed. R. Civ. P. 26(e)(1) (quotation marks omitted).  Accordingly, there is no basis to warrant sanctions against Defendants and Plaintiff's motion shall be denied.

### B. Production of Daily Activity Reports

Defendants submit that they initially only provided the third-watch daily activity reports by the February 28, 2024 deadline.  However, Defendants submit that at the time the third-watch report was provided, they were not aware of the existence of additional daily activity reports for different watches on the same date because such documentation was never received.  (Sanchez Decl. ¶¶ 18-19, Ex. F.)  Then, after receiving Plaintiff's motion for sanctions, Defendants reached out to KVSP litigation coordinator, Brian Hancock, and asked if there were first and second-watch daily activity reports for May 11, 2020.  (Sanchez Decl. ¶ 24.)  On March 20, 2024, Hancock provided Defendants with the first and second-watch daily activity reports.  (Id.)

///

On March 22, 2024, Defendants served Plaintiff a letter explaining the error. (Sanchez Decl. ¶ 25.) In addition, Defendants served second supplemental responses to Plaintiff's request for production, set two, no. 12, and produced the first and second-watch daily activity reports. (Sanchez Decl. ¶ 25, Exs. G-I.)

Defendants submit that they were unaware of the existence of the daily activity reports for additional watches on the same date until Plaintiff filed the instant motion for sanctions specifically indicating that he sought the first and second-watch daily activity reports.

Based on the representations made under penalty of perjury, the Court finds there is no basis to warrant imposition of sanctions against Defendants. There is simply no evidence that Defendants acted in bad faith or willfully failed to comply with the Court's order by initially providing only the third-watch daily activity report. Indeed, when it became apparent that Plaintiff sought the first and second-watch daily activity reports, Defendants inquired as the availability of such reports and promptly produced them to Plaintiff. Accordingly, Plaintiff's motion for sanctions must be denied.

## IV.
## CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for sanctions (ECF No. 147) is DENIED.

IT IS SO ORDERED.

Dated:   **April 23, 2024**

UNITED STATES MAGISTRATE JUDGE