UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM JAY STONE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. PFEIFFER, et al.,<br><br>　　　　Defendants. | No. 1:21-cv-01461-KES-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER<br><br>(ECF Nos. 139, 143, 146) |

Plaintiff Adam Jay Stone is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to modify the discovery and scheduling order, filed on January 26, 2024. (ECF No. 139.)

**I.**

**RELEVANT PROCEDURAL HISTORY**

This action is proceeding Plaintiff's excessive force claim against Defendants B. Gonzales, G. Morales, K. Gonzales, and Anderson in violation of the Eighth Amendment.

Defendants filed an answer to the complaint on October 19, 2022. (ECF No. 48.)

On November 22, 2022, the Court issued the discovery and scheduling order. (ECF No. 59.)

On June 2, 2023, Plaintiff filed a motion to compel discovery. (ECF No. 90.)

1    On June 5, 2023, Defendant Anderson filed a motion for summary judgment for failure to
2 exhaust the administrative remedies.  (ECF No. 91.)
3    On June 6, 2023, Defendants filed a motion to stay discovery and to modify the
4 scheduling order.  (ECF No. 92.)
5    On June 7, 2023, the Court granted Defendants' motion to stay and reset the pending
6 deadlines until a final ruling on Defendant Anderson's exhaustion motion for summary judgment,
7 which included briefing on Plaintiff's pending motion to compel.  (ECF No. 93.)
8    On June 15, 2023, Plaintiff filed two separate motions to compel discovery.  (ECF Nos.
9 98, 99.)
10    On September 11, 2023, Findings and Recommendations were issued to deny Defendant
11 Anderson's motion for summary judgment.  (ECF No. 114.)
12    On September 27, 2023, the Court set this case for a settlement conference at Corcoran
13 State Prison on November 6, 2023, but the case did not settle.  (ECF Nos. 117, 123.)
14    On October 25, 2023, Defendant Anderson's exhaustion motion for summary judgment
15 was denied.  (ECF No. 122.)
16    On November 8, 2023, the Court lifted the stay of discovery, directed Defendants to file a
17 response to Plaintiff's pending motions to compel within thirty days, and extended the discovery
18 and dispositive motion filing deadlines.  (ECF No. 125.)
19    On January 8, 2024, Plaintiff filed another motion to compel. (ECF No. 132.)  On
20 February 28, 2024, Defendants filed an opposition to this motion to compel.  (ECF No. 145.)
21 Plaintiff filed a reply on March 11, 2024, along with a separate motion for sanctions. (ECF No.
22 147.)
23    After receiving an extension of time, Defendants filed oppositions to Plaintiff's motions to
24 compel (ECF Nos. 90, 98, 99) on January 12, 2024 and January 16, 2024, respectively.  (ECF
25 Nos. 133, 134, 135.)  On January 29, 2024, the Court granted in part and denied in part Plaintiff's
26 motions to compel (ECF Nos. 90, 98, 99), and ordered Defendants to produce "grievances and
27 complaints against Defendants for excessive force in which the incidents occurred no more than
28 ten years prior to the events at issue in this case."  (ECF No. 140 at 13.)  In addition, the Court

1 ordered Defendants to produce the May 11, 2020 Daily Activity Report. (Id. at 15.)

2 On January 22, 2024, Plaintiff filed yet another motion to compel. (ECF No. 136.)
3 On February 12, 2024, Defendants filed a reply to the motion to compel. (ECF No. 142.)
4 Plaintiff filed a reply on February 23, 2024. (ECF No. 144.)

5 On February 16, 2024, Defendants filed an opposition to Plaintiff's motion to modify the
6 scheduling order attached as an exhibit to a reply to Defendants' opposition to his June 2, 2023
7 motion to compel (ECF No. 90). (ECF Nos. 139, 143.) Plaintiff filed a reply on March 1, 2024.
8 (ECF No. 146.)

9 On April 11, 2024, Defendants filed a timely opposition to Plaintiff's motion to sanctions.
10 (ECF No. 151.) Plaintiff filed a reply on April 15, 2024. (ECF No. 152.)

## II.

## LEGAL STANDARD

Under Rule 16 of the Federal Rules of Civil Procedure, a discovery and scheduling order controls the course of litigation unless the Court subsequently alters the original order. Fed R. Civ. P. 16(d). Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. S. Cal. Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002). A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery. Fed. R. Civ. P. 16(b)(4).

"Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably been foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment

1  once it became apparent that the party could not comply with the scheduling order." <u>Kuschner</u>
2  <u>Nationwide Credit, Inc.</u>, 256 F.R.D. 684, 687 (E.D. Cal. 2009).

### III.

### DISCUSSION

By way of exhibit to Plaintiff's reply to Defendants' opposition to his motion to compel (ECF No. 90), Plaintiff seeks an extension of the discovery deadline in order to ascertan the identifies of the "Doe" Defendants. (ECF No. 139.)

Defendants oppose Plaintiff's motion by arguing there is no showing of good cause and they will be prejudiced if the discovery deadline is extended. (ECF No. 143.)

The discovery deadline expired on February 6, 2024. (ECF No. 125.) Plaintiff's motion to modify the discovery deadline was filed prior to the discovery deadline, i.e., January 26, 2024. (ECF No. 139.) Although Plaintiff is required to follow all applicable rules and order, Plaintiff is proceeding pro se and he is incarcerated, which affects his ability to draft discovery with the precision of an attorney. It also entitles him to some additional leniency. See <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1261 (9th Cir. 1992) (noting "Supreme Court precedent that instructs federal courts to liberally construe the "inartful pleading" of pro se litigants"); <u>Draper v. Coombs</u>, 792 F.2d 915, 924 (9th Cir. 1986) (holding that pro se litigants should be treated with great leniency when evaluating compliance with the technical rules of civil procedure).

In this instance, given that Plaintiff submitted his motion for an extension of time prior to the discovery deadline, and he has been diligent in propounding discovery to ascertain the identity of the Doe Defendants, the Court does finds good cause to extend the deadline to amend the complaint, limited to the identity of the Doe Defendants. Indeed, on January 29, 2024, the Court granted Plaintiff's prior motion to compel and compelled Defendants to provide the Daily Activity Reports for May 11, 2020, and any complaints and grievances filed against Defendants during the past 10 years. (ECF No. 140.) In his January 22, 2024 motion to compel, Plaintiff submits that he cannot properly identify the Doe Defendants with only the names on the sign-in sheets and he seeks further discovery by photograph identification of the officers working on May 11, 2020. The Court finds that any prejudice to Defendants to be minimal and will be offset by an

extension of the correlating dispositive motion deadline. Accordingly, Plaintiff's motion to modify the discovery and scheduling order shall be granted.

## IV.
## CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to modify the scheduling order is granted;
2. The discovery deadline is extended to **June 25, 2024**; and
3. The dispositive motion deadline is extended to **August 22, 2024**.

IT IS SO ORDERED.

Dated:   **April 23, 2024**

UNITED STATES MAGISTRATE JUDGE