1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11  ADAM JAY STONE,                          No.  1:21-cv-01461-KES-SAB (PC)

12                  Plaintiff,               ORDER REGARDING PLAINTIFF'S
                                             MOTION TO COMPEL, FILED ON
13        v.                                 JANAURY 8, 2024

14  C. PFEIFFER, et al.,                     (ECF No. 132)

15                  Defendants.

16

17        Plaintiff Adam Jay Stone is proceeding pro se in this civil rights action filed pursuant to

18  42 U.S.C. § 1983.

19        Currently before the Court is Plaintiff's motion to compel, filed January 8, 2024.  (ECF

20  No. 132.)

21                                       **I.**

22                             **RELEVANT BACKGROUND**

23        This action is proceeding Plaintiff's excessive force claim against Defendants B.

24  Gonzales, G. Morales, K. Gonzales, and Anderson in violation of the Eighth Amendment.

25        Defendants filed an answer to the complaint on October 19, 2022.  (ECF No. 48.)

26        On November 22, 2022, the Court issued the discovery and scheduling order.  (ECF No.

27  59.)

28        On June 2, 2023, Plaintiff filed a motion to compel discovery.  (ECF No. 90.)

1

On June 5, 2023, Defendant Anderson filed a motion for summary judgment for failure to exhaust the administrative remedies.  (ECF No. 91.)

On June 6, 2023, Defendants filed a motion to stay discovery and to modify the scheduling order.  (ECF No. 92.)

On June 7, 2023, the Court granted Defendants' motion to stay and reset the pending deadlines until a final ruling on Defendant Anderson's exhaustion motion for summary judgment, which included briefing on Plaintiff's pending motion to compel.   (ECF No. 93.)

On June 15, 2023, Plaintiff filed two separate motions to compel discovery.  (ECF Nos. 98, 99.)

On September 11, 2023, Findings and Recommendations were issued to deny Defendant Anderson's motion for summary judgment.  (ECF No. 114.)

On September 27, 2023, the Court set this case for a settlement conference at Corcoran State Prison on November 6, 2023, but the case did not settle.  (ECF Nos. 117, 123.)

On October 25, 2023, Defendant Anderson's exhaustion motion for summary judgment was denied.  (ECF No. 122.)

On November 8, 2023, the Court lifted the stay of discovery, directed Defendants to file a response to Plaintiff's pending motions to compel within thirty days, and extended the discovery and dispositive motion filing deadlines.  (ECF No. 125.)

On January 8, 2024, Plaintiff filed another motion to compel.  (ECF No. 132.)  On February 28, 2024, Defendants filed an opposition to this motion to compel.  (ECF No. 145.) Plaintiff filed a reply on March 11, 2024, along with a separate motion for sanctions. (ECF No. 147.)

After receiving an extension of time, Defendants filed oppositions to Plaintiff's motions to compel (ECF Nos. 90, 98, 99) on January 12, 2024 and January 16, 2024, respectively.  (ECF Nos. 133, 134, 135.)  On January 29, 2024, the Court granted in part and denied in part Plaintiff's motions to compel (ECF Nos. 90, 98, 99), and ordered Defendants to produce "grievances and complaints against Defendants for excessive force in which the incidents occurred no more than ten years prior to the events at issue in this case."  (ECF No. 140 at 13.)  In addition, the Court

1    ordered Defendants to produce the May 11, 2020 Daily Activity Report.  (Id. at 15.)

2           On January 22, 2024, Plaintiff filed yet another motion to compel.  (ECF No. 136.)

3    On February 12, 2024, Defendants filed a reply to the motion to compel.  (ECF No. 142.)

4    Plaintiff filed a reply on February 23, 2024.  (ECF No. 144.)

5           On February 16, 2024, Defendants filed an opposition to Plaintiff's motion to modify the

6    scheduling order attached as an exhibit to a reply to Defendants' opposition to his June 2, 2023

7    motion to compel (ECF No. 90).  (ECF Nos. 139, 143.)  Plaintiff filed a reply on March 1, 2024.

8    (ECF No. 146.)

9           On April 11, 2024, Defendants filed a timely opposition to Plaintiff's motion to sanctions.

10   (ECF No. 151.)  Plaintiff filed a reply on April 15, 2024.  (ECF No. 152)

11                                               **II.**

12                                      **LEGAL STANDRD**

13          Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of

14   confinement.  As a result, the parties were relieved of some of the requirements which would

15   otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to

16   involving the Court in a discovery dispute.  Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R.

17   Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 59.  Further, where otherwise discoverable

18   information would pose a threat to the safety and security of the prison or infringe upon a

19   protected privacy interest, a need may arise for the Court to balance interests in determining

20   whether disclosure should occur.  See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467

21   U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of

22   Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of

23   Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of

24   Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of

25   privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB

26   PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to

27   inspect discoverable information may be accommodated in ways which mitigate institutional

28   safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at

1  *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing

2  information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-

3  08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for

4  protective order and for redaction of information asserted to risk jeopardizing safety and security

5  of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P,

6  2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld

7  documents for in camera review or move for a protective order).

8          However, this is a civil action to which the Federal Rules of Civil Procedure apply.  The

9  discovery process is subject to the overriding limitation of good faith, and callous disregard of

10 discovery responsibilities cannot be condoned.  Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d

11 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted).  "Parties may obtain discovery

12 regarding any nonprivileged matter that is relevant to any party's claim or defense and

13 proportional to the needs of the case, considering the importance of the issues at stake in the

14 action, the amount in controversy, the parties' relative access to relevant information, the parties'

15 resources, the importance of the discovery in resolving the issues, and whether the burden or

16 expense of the proposed discovery outweighs its likely benefit."  Fed R. Civ. P. 26(b)(1).

17         Generally, if the responding party objects to a discovery request, the party moving to

18 compel bears the burden of demonstrating why the objections are not justified.  Grabek v.

19 Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012);

20 Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765,

21 at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL

22 860523, at *4 (E.D. Cal. Mar. 27, 2008).  This requires the moving party to inform the Court

23 which discovery requests are the subject of the motion to compel, and, for each disputed

24 response, why the information sought is relevant and why the responding party's objections are

25 not meritorious.  Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell,

26 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4.  However, the Court is vested with

27 broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to

28 leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his

1    motion to compel on its merits.  <u>Hunt v. County of Orange</u>, 672 F.3d 606, 616 (9th Cir. 2012);

2    <u>Surfvivor Media, Inc. v. Survivor Productions</u>, 406 F.3d 625, 635 (9th Cir. 2005); <u>Hallett v.</u>

3    <u>Morgan</u>, 296 F.3d 732, 751 (9th Cir. 2002).

**III.**

**DISCUSSION**

In the current motion to compel (ECF No. 132), Plaintiff seeks to compel further responses to thirty-eight discovery requests, namely, thirteen requests for admissions, fourteen interrogatories, and eleven requests for production of documents, addressed to each Defendant.

Defendants submit that they responded to Plaintiff's discovery requests on December 26, 2023.[1]  (Declaration of Lauren Sanchez (Sanchez Decl.) ¶ 16, Exs. M-O.)  Defendants objected to each of the requests as duplicative of Plaintiff's first set of requests.[2]  (<u>Id.</u>)

    **A.**    **Requests for Admissions**

Plaintiff motion seeks to compel Defendants to provide further responses to the requests for admission, numbers 2, 5, 8, 11-16, 20, 24, and 28.

Rule 36 of the Federal Rules of Civil Procedure provides for requests for admissions as follows: "A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to (A) facts, the application of law to fact, or the opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). "A denial must

---

[1] Plaintiff mischaracterizes Defendants responses as "overdue," but fails to recognize that this matter was stayed during the original deadline and Defendants responded timely after the stay was lifted.  (ECF Nos. 93, 125.)

[2] In responding to the discovery requests, Defendants noted that continuous litigation of the same matter constitutes "improper litigation harassment."  (Sanchez Decl. ¶ 16, Exs. M-O.)  Plaintiff now argues that Defendants are alleging that he is harassing them.  (EC 132 at 2.)  The Court does not agree with Plaintiff as Defendants merely submit that Plaintiff has engaged in duplicative and abusive discovery practices in this matter.  (Sanchez Decl. ¶ 16.)

fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Id. "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny. Id.

The requesting party may move to determine the sufficiency of an answer or objection. Fed. R. Civ. P. 36(a)(6). Unless the court finds an objection justified, it must order that an answer be served. Id. On finding that an answer does not comply with this rule, the court may either rule that the matter is admitted or that an amended answer be served. Id.

      1.     Numbers 2, 5, 8, 20, 24, and 28

Here, Defendants responded to each of these requests for admissions stating, "[a]fter a reasonable search and diligent inquiry, the information reasonable available to Answering Defendant is insufficient for Answering Defendant to admit or deny this request."

In his motion to compel, Plaintiff contends Defendants should have answered the interrogatories differently and they "could have looked" at other documents to provide information to answer Plaintiff's requests.

**Ruling:** Plaintiff's motion to compel shall be denied.  While Plaintiff may be disinclined to trust Defendants' discovery responses, he is in a position no different than any other civil litigant: in the absence of legal or fact-based substantive deficiencies, he is required to accept the responses provided.  Mere distrust and suspicion regarding discovery responses do not form a legitimate basis to further challenge responses which are facially legally sufficient; and Plaintiff is entitled neither to continue demanding additional and/or different evidence in support of discovery responses already provided nor to expand the scope of discovery beyond that sought in the initial discovery request. Fed. R. Civ. P. 26(g)(1), 33; Gorrell v. Sneath, 292 F.R.D. 629, 632 (E.D. Cal. 2013); L.H. v. Schwarzenegger, No. S–062042 LKK GGH, 2007 WL 2781132, at *2 (E.D. Cal. 2007).  Defendants specifically state that they reviewed the medical documents and program status reports and submit they do not provide information to answer Plaintiff's requests. (Sanchez Decl. ¶ 17.)  More specifically, Defendants' staff narratives do not discuss whether

6

1   Plaintiff was escorted to the "program office" on May 11, 2021.  (ECF No. 132 at 176-181.)

2   Likewise, the staff narratives are unclear as to whether K. Gonzales successfully provided

3   Plaintiff his food tray prior to assaulting Defendants.  (ECF No. 132 at p. 177 ("I opened the food

4   port to give Inmate Stone his food and without warning or provocation, I observed Inmate Stone

5   holding a tumbler cup in his right hand."); Id. at p. 178 ("I was standing next to Officer K.

6   Gonzales while he opened the food port to give Inmate Stone his food tray . . . Inmate Stone . . .

7   tossed an unknown liquid substance onto my partner K. Gonzales.").)  Further, the narrative states

8   that Defendant Morales provided Plaintiff clean clothes after the incident and nothing regarding

9   "removing blood from Plaintiff's body." (ECF No. 132, p. 179-180.)

10         Moreover, signed discovery responses are themselves certifications to the best of the

11   person's knowledge, information, and belief formed after a reasonable inquiry, Fed. R. Civ. P.

12   26(g) (1)(B) (quotation marks omitted), as are other signed filings presented to the Court, see Fed.

13   R. Civ. P. 11(b); see also Fed. R. Civ. P. 33(c). In addition, as counsel is aware, Defendants are

14   required to supplement their discovery responses should they learn that their responses were

15   incomplete or incorrect, if the incomplete or incorrect information has not otherwise been made

16   known to Plaintiff. Fed. R. Civ. P. 26(e)(1) (quotation marks omitted).  Accordingly, Plaintiff's

17   motion to compel is denied.

18         2.    Numbers 11-12, 14-16

19         In request for admission numbers 11, 12, 14, and 16, Plaintiff sought information

20   regarding the alleged May 11, 2020 excessive force incident in regard to "John Does."

21   Defendants objected to the requests as vague and ambiguous as to the identities of the "John

22   Does," such that the answering Defendant could not identify them and properly respond to the

23   requests.  (ECF No. 132 at 54-56.)

24         **Ruling**:  Defendants' objections are sustained because the requests are all vague and

25   ambiguous as to the identities of the "John Does."  Accordingly, Plaintiff's motion to compel is

26   denied.

27   ///

28   ///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

        **3.**    <u>Number 13</u>

In request for admission, number 13, Plaintiff asked if he "was in restraints and/or not resisting." (ECF No. 132 at 55.) Defendants objected because the request is vague and ambiguous in its entirety causing them to speculate as to the intended meaning of the request.

**Ruling:** Defendants' objections are sustained. In his motion, Plaintiff merely argues that "[a]ll of the Defendants knew whether [he] was resisting." (ECF No. 132 at 5.) However, Plaintiff fails to identify when he was allegedly restraining, and who or what he was "resisting." Indeed, Plaintiff's factual allegations in the operative complaint allege that use of force took place in Defendant Anderson's office, in Plaintiff's cell, and then while Defendant Morales transferred him to a holding cell. Plaintiff did not specify in this request as to the specific use of force incident at issue, causing Defendants to have to speculate to respond. Accordingly, Plaintiff's motion to compel is denied.

        **B.**    **Interrogatories**

Plaintiff's motion seeks to compel Defendants to provide further responses to the following interrogatories: Nos. 4, 6-8, 11-14, Set One, and Nos. 2 and 6, Set Two, and No. 15.[3]

An interrogatory is a written question propounded by one party to another who must answer under oath and in writing. Interrogatories are limited to anything within the permissible scope of discovery, namely, any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 33, 26(b)(1). The responding party is obligated to respond to the interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4). Generally, the responding party does not need to conduct extensive research in answering the interrogatory, but a reasonable effort to respond must be made. <u>Evans v. Tilton</u>, 2010 WL 1136216, at *6 (E.D. Cal. Mar. 19, 2010). The responding party is required, to the extent there are no objections, to answer interrogatories separately and fully in writing under oath. Fed. R. Civ. P. 33(b)(3).

///

---

[3] Plaintiff did not specify which set of discovery included "Interrogatory No. 15," and Defendants submit that they have not received such an interrogatory. (Sanchez Decl. ¶ 19.)

1         1.       Interrogatory No. 4, Set One and Interrogatory No. 2, Set Two

Plaintiff seeks further responses to his Interrogatory No. 4, Set One, and Interrogatory No. 2, Set Two, which requests Defendants "[s]tate the duties of C. Pfeiffer, Srgnt. Kirby, and Srgnt. Anderson as far as supervision, saf[e]ty concerns, and misconduct of staff." Defendants asserted various objections to the requests, including that they were vague and ambiguous, compound, and outside the scope of discovery because they requested information regarding non-defendants.

Notwithstanding Defendants' objections, Defendants limited the interrogatory to information regarding Anderson's job duties on May 11, 2020 and responded to No. 4 as follows: "Defendant Anderson was a correctional sergeant, and his job duties included supervising correctional officers." Similarly, Defendants responded to No. 2 as follows: "A CDCR Sergeant completes or assists in the completion of incident reports to document any crimes or unusual occurrences within the institution. A Sergeant may also interview staff or inmates regarding incidents to ensure safety, security, and proper documentation."

In his motion, Plaintiff contends that he modified the interrogatories and specified in his December 3, 2023, letter that he sought information regarding "(1) how [Anderson] supervises," (2) "how he is expected to supervise," (3) "does he instruct and train for safety concerns," (4) "what does he do with safety concerns," (5) "how does he report staff misconduct," and (6) "what does he do with staff misconduct." (ECF No. 132 at 7.)

Defendants submit that they did not receive supplemental interrogatories from Plaintiff. Defendants also argue that the modification contains numerous subparts, is too broad, and is ambiguous.

**Ruling:** Defendants' objections are sustained. Plaintiff's modification of the interrogatories is vague and ambiguous as it fails to define what constitutes a "safety concern" or "staff misconduct." In addition, Defendants provided a response that specifically states the duties of a sergeant relating to safety within the institution. Accordingly, Plaintiff's motion to compel a further response is denied.

///

///

9

1

2.   Interrogatory No. 6, Set Two and Interrogatories Nos. 11-14, Set One

2

Plaintiff requests to compel further responses to his interrogatory no. 6, set two, and

3

interrogatory nos. 11-14, set one.[4]   The interrogatory requests is as follows:

4

5

6

Statement from the John Does and Sergeant Anderson about what happened to Stone
on [May 11, 2020]. State who was the officer in the medical room. State what happened in
the Office with Anderson and the John Does. State what happened outside of the office
and when Stone was placed in the same housing location and any reports after.

7

(ECF No. 132 at 21; 145 at 42-44.)

8

**Ruling:** Plaintiff's motion to compel shall be denied.  As an initial matter, Defendants

9

correctly note that they cannot provide a statement on behalf of the "John Does."  In addition,

10

Plaintiff's request is impermissibly compound as it contains numerous subparts such as (1)

11

Statement from the John Does; (2) Statements from Sergeant Anderson; (3) who the officer in the

12

medical room was; (4) what happened in Anderson's office; and (5) what happened when

13

Plaintiff returned to his housing. Further, the request is vague and ambiguous regarding "what

14

happened" to Plaintiff, and which "medical room" Plaintiff is referring to.  Accordingly,

15

Defendants' objections are sustained and Plaintiff's motion to compel further responses is denied.

16

3.   Interrogatory No. 6, Set One

17

Plaintiff seeks to compel further responses to his interrogatory no. 6, which requests

18

Defendants "[s]tate the names, titles, and duties of all staff member[s] at KVSP who have a

19

responsibility for responding to, investigating, or deciding inmate grievances." Defendants

20

asserted various objections to the request. However, Defendants narrowed the request as seeking

21

the names and/or titles of Kern Valley State Prison staff who investigated or decided Plaintiff's

22

CDCR Form 602 grievances related to the allegations pleaded in the first amended complaint.

23

Defendants responded "L. Moore, A. Martinez, J. Neighbors, Hiring Authority, Office of

24

Grievances at Kern Valley State Prison."  (ECF No. 132 at 187.)

25

///

26

27

28

[4] Defendants submit that when responding to set one, Defendants renumbered Plaintiff's interrogatories to
correspond with the interrogatories' subparts. Thus, Defendants split interrogatory no. 6 into three parts and
renumbered them as interrogatories nos. 11-14. However, Defendants did not renumber or divide Plaintiff's
interrogatories into their subparts when responding to Set Two, and maintained Plaintiff's original numbering.

In his motion, Plaintiff seeks further responses because Defendants did not list the "titles and duties" of L. Moore, A. Martinez, and J. Neighbors and did not mention anyone in the "hiring authority" or "Office of Grievances." (ECF No. 132 at 8.)  Defendants submit that L. Moore, A. Martinez, and J. Neighbors were all Office of Grievances staff members and J. Neighbors was the "Hiring  Authority." Additionally, Plaintiff has access to his grievances regarding this matter, which list L. Moore, A. Martinez, and J. Neighbors' titles. As far as their "duties," Plaintiff does not explain how such information regarding non-parties is relevant to his excessive force claim.

**Ruling:**  Defendants' objections are sustained.  Contrary to Plaintiff's contention, Defendants provided the names of Office of Grievance staff members and hiring authority.  In addition, Plaintiff fails to demonstrate how further information regarding these individuals is relevant to his excessive force claims.  Accordingly, Plaintiff's motion to compel is denied.

4.   Interrogatory No. 8, Set One

Plaintiff seeks further responses to his interrogatory No. 8, which requests Defendants "[p]roduce documentation on any investigation including names, titles, duties, and what was done concerning the Office of Internal Affairs and the Office of the Inspector General, Amarik K. Singh and Chief Deputy Inspector general Neil R. Robertson and who they sent to investigate this case." (ECF No. 132 at 189.)

Defendants objected for various reasons including that the request is not a proper interrogatory because it seeks the production of documents, it is irrelevant to the excessive force claims in this matter, and because it seeks documents that are not within the Defendants' personal possession, custody, or control.

**Ruling:** Plaintiff's motion to compel a further response shall be granted in part.  As noted, Defendants did not respond to this interrogatory.  As an initial matter, Defendants correctly note that this interrogatory does request production of document; however, in light of Plaintiff's pro se, incarcerated status, the discovery request will be liberally construed as a request for production of documents.  The Court finds that discovery of documentation regarding investigation into the alleged use of force on May 11, 2020 is relevant to his claims of excessive force.  However, the Court will limit this request to production of documentation, if any, from the

1    Office of Internal Affairs and/or Office of the Inspector General within any of the Defendants'

2    custody, control, or possession relating to their alleged use of force on May 11, 2020.  Defendants

3    will be required to produce a discovery response within thirty days from the date of service of this

4    order.

5              5.      Interrogatory No. 15

6         Plaintiff seeks to compel further responses to his "Interrogatory No. 15," which requests

7    Defendant Anderson provide "[w]ho [the] were Correctional Officers [] were in the program

8    office on May 11, 2020 who had physical contact with Stone." Plaintiff states that Defendant

9    Anderson never responded to his interrogatory.

10        **Ruling:**  Plaintiff's motion to compel shall be denied.   Defendants submit they never

11   received such an interrogatory from Plaintiff.  (Sanchez Decl. ¶ 19.)  In addition, Plaintiff does

12   not attach the interrogatory as an exhibit. Instead, Plaintiff cites his Exhibit D, which is Defendant

13   B. Gonzales' response to Plaintiff's interrogatories, set one. However, Gonzales' responses do not

14   include the interrogatory Plaintiff describes. Accordingly, there is no basis to grant Plaintiff's

15   motion to compel a further response and his motion is denied.

16        **C.      Request for Production of Documents**

17        Plaintiff's motion seeks to compel Defendants to provide further responses to the

18   following requests for production: Nos. 3-4, 6, 8-11.

19        Under Federal Rule of Civil Procedure 34, a party may serve on any other party a request

20   to produce documents in the responding party's possession, custody, or control. A responding

21   party must respond in writing that inspection of the documents will be permitted or state with

22   specificity the grounds for objecting to the request, including the reasons. Fed. R. Civ. P.

23   34(b)(2)(A-B). A requesting party "is entitled to individualized, complete responses to each of the

24   Requests for Production, accompanied by production of each of the documents responsive to the

25   request, regardless of whether the documents have already been produced." S.P. v. Cnty. of San

26   Bernardino, No. EDCV 19-1897-JGB-KKx, 2020 WL 4335375, at *3 (C.D. Cal. May 13, 2020).

27   ///

28   ///

1      1.      Request for Production No. 3

2          Plaintiff's Request for Production No. 3 requests "[a]ny and all policies, directives, or

3   instructions to staff concerning the use of force by KVSP staff, and the names of the training

4   officers." Defendants objected because the request was vague, ambiguous and overbroad.

5   Additionally, the request is impermissibly compound as it contains subparts. However,

6   Defendants produced documents regarding KVSP's use of force policy. Plaintiff now seeks to

7   compel Defendants to produce "the names of the training officers."

8          **Ruling:**  Plaintiff's motion to compel a further response is denied.  First, Plaintiff

9   improperly seeks interrogatory responses in a Request for Production. Second, Plaintiff does not

10  explain how Defendants' objections were invalid. Indeed, Plaintiff does not identify what

11  constitutes a "training officer." Therefore, Defendants would need to speculate to

12  provide an answer to his response. As the request is written, it is impossible for Defendants to

13  know if they have responsive documents in their possession and Defendants properly produced

14  documents regarding KVSP's use of force policy.  Accordingly, Plaintiff's motion to compel a

15  further response is denied.

16     2.      Request for Production No. 4

17         Plaintiffs seeks to compel further responses to his Request for Production No. 4, which

18  requests "any and all policies, directives, or instructions to staff concerning procedures to safety

19  concerns, and the names of the training officers."  Defendants objected to the request because it

20  was irrelevant, vague, and ambiguous regarding what constitutes "safety concerns" and "policies,

21  directives, and instructions."

22         **Ruling:**  Defendants' objections are sustained.  Plaintiff does not clarify what his request

23  seeks. Thus, it is vague and ambiguous and Defendants cannot properly identify which documents

24  would be responsive to the request. In addition, Plaintiff has failed to demonstrate how such

25  documents are relevant to his excessive force claim. Accordingly, Plaintiff's motion to compel a

26  further response is denied.

27  ///

28  ///

13

1          3.      Request for Production No. 6

2          Plaintiff seeks further responses to Request for Production No. 6, which requests "[a]ny

3  and all medical and KVSP officers working on A yard on second and third watch, and where they

4  were working. Any and all documents stating this information."

5          Defendants objected to the request because it is overbroad, compound, irrelevant, and

6  seeks documents not within Defendants' possession, custody or control. However, Defendants

7  provided the second-watch sign-in sheet. Plaintiff now seeks to compel Defendants to provide the

8  third watch and medical sign-in sheet. He states that he needs the sign-in sheets to "identify

9  witnesses and future defendants."

10         **Ruling:** Defendants' objections are sustained.  Plaintiff's excessive force claims against

11  the "John Does" in this case allegedly occurred during the second-watch. (See ECF No. 22 at pp.

12  14-15.)  Plaintiff does not explain how the third-watch sign-in sheet and medical sign-in sheet is

13  relevant to his excessive force claim against Defendants. Nor he does explain what claims he

14  allegedly has against third-watch officers and medical staff.   Accordingly, Plaintiff's motion to

15  compel a further response is denied.

16         4.      Request for Production No. 8

17         Plaintiff seeks to compel production of "[t]he use of force video that was filmed and

18  documented after the plaintiff filed his grievance[s] concerning this incident."  Without waiving

19  objections, Defendants responded:

20         Defense counsel previously made available to Plaintiff copies of the video interviews
           conducted by Lt. J. Neighbors on August 12, 2020 and August 27, 2020, related to an
21         appeal Plaintiff filed making allegations of unnecessary force by staff that allegedly
           took place on May 11, 2020. Defense counsel made this interview available on March
22         15, 2023, through the litigation coordinator's office at Kern Valley State Prison, where
           Plaintiff is currently housed. Further, to the extent Plaintiff seeks a copy of a video
23         interview regarding a second incident involving Defendants during Third Watch on
           May 11, 2020, no responsive documents were found.
24

25  (ECF No. 132 at 120.)

26         **Ruling:** Plaintiff argues that Defendants are withholding the interview regarding a second

27  incident with Defendants during Third Watch. However, Defendants have conducted a good faith

28

                                            14

1    inquiry, and no responsive documents were found.  "Mere distrust and suspicion do not form a

2    legitimate basis to further challenge facially sufficient discovery responses."  Edwards v.

3    Magallanes, No. 1:16-cv-00975-SAB (PC), 2018 WL 3629924, at *5 (E.D. Cal. July 27, 2018).

4    Accordingly, Plaintiff's motion to compel a further response is denied.

5           5.     Request for Production No. 9

6           Plaintiff seeks further responses to his Request for Production No. 9, which requests

7    "[a]ny and all other documents concerning this incident, not already included in the plaintiff's

8    exhibits." (ECF No. 132 at 120.)  Defendants objected to this request for numerous reasons,

9    including that it is vague and ambiguous and overbroad as to scope.  (Id. at 120-121)

10          **Ruling:**  Defendants' objections are sustained.  Plaintiff's request is vague and ambiguous

11   as well as overbroad in scope.  Plaintiff does not identify which "incident" he's referring to or

12   what his "exhibits" are. Therefore, Defendants would need to speculate to respond.  Accordingly,

13   Plaintiff's motion to compel a further response is denied.

14          6.     Request for Production No. 10

15          Plaintiff seeks further responses to his Request for Production No. 10, which requests "all

16   of the defendant['s] supervisors names, rank, and duties." (ECF No. 132 at 121.)  Defendants

17   objected to the response because it exceeds the scope of permissible discovery because the names,

18   titles, and duties of non-parties are not related to Plaintiff's excessive force claim against

19   Defendants. Additionally, the request does not seek documents, but rather an interrogatory

20   response.  (Id. at 121-122.)

21          In his motion, Plaintiff states that he seeks the documents in case Defendants'

22   "supervisors knew of [Defendants'] misconduct and did nothing about it."  (ECF No. 132 at 12.)

23          Defendants argue that there is no supervisory liability claim in this case and Plaintiff has

24   not provided factual allegations in his pleadings regarding Defendants' supervisors' alleged

25   failure to act.

26   ///

27   ///

28   ///

15

**Ruling:** Defendants' objections are sustained.  This action is not proceeding on a supervisory liability claim and Plaintiff has not provided any factual allegations in his pleadings relating to Defendants' supervisors' alleged failure to act.  Thus, this information is not relevant and Plaintiff's motion shall be denied.

       7.      Request for Production No. 11

Plaintiff's Request for Production No. 11 requests the "[n]ames of the two John Does. Also, will they be represented by the Attorney General's Office and will they waive service. One of their names might be Castillo."  (ECF No. 132 at 148.)

Defendants objected to the request because the request does not ask Defendants to produce documents, but rather an interrogatory response. Additionally, the request is impermissibly compound. However, the Defendants referred Plaintiff to the produced sign-in sheet for May 11, 2020, which identifies the officers working on that day, what time their shift started, and their post description. Plaintiff now moves to compel Defendants to name the "John Does" for him.

**Ruling:** Defendants' objections are sustained.  Plaintiff seeks Defendants to create a document that provides Plaintiff with names of non-parties, who were allegedly involved in the alleged incident.  Thus, Plaintiff's request is improper.  Accordingly, Plaintiff's motion to compel is denied.

**IV.**

**CONCLUSION AND ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's motion to compel (ECF No. 132) is GRANTED in part and denied in part.

2.      Within **thirty (30)** days from the date of this order, Defendants shall submit a supplemental response to Interrogatory No. 8, Set One; and

///

///

///

16

1

2

3          3.       Plaintiff's motion to compel further responses to all other discovery requests is

4                   denied.

5

6    IT IS SO ORDERED.

7    Dated:   **April 23, 2024**

                                                  UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17