UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM JAY STONE,<br><br>            Plaintiff,<br><br>     v.<br><br>C. PFEIFFER, et al.,<br><br>            Defendants. | No. 1:21-cv-01461-KES-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL, FILED ON JANUARY 22, 2024<br><br>(ECF No. 136) |

Plaintiff Adam Jay Stone is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to compel, filed January 22, 2024. (ECF No. 136.)

**I.**

**RELEVANT BACKGROUND**

This action is proceeding Plaintiff's excessive force claim against Defendants B. Gonzales, G. Morales, K. Gonzales, and Anderson in violation of the Eighth Amendment.

Defendants filed an answer to the complaint on October 19, 2022. (ECF No. 48.)

On November 22, 2022, the Court issued the discovery and scheduling order. (ECF No. 59.)

///

1       On June 2, 2023, Plaintiff filed a motion to compel discovery.  (ECF No. 90.)

2       On June 5, 2023, Defendant Anderson filed a motion for summary judgment for failure to
3  exhaust the administrative remedies.  (ECF No. 91.)

4       On June 6, 2023, Defendants filed a motion to stay discovery and to modify the
5  scheduling order.  (ECF No. 92.)

6       On June 7, 2023, the Court granted Defendants' motion to stay and reset the pending
7  deadlines until a final ruling on Defendant Anderson's exhaustion motion for summary judgment,
8  which included briefing on Plaintiff's pending motion to compel.   (ECF No. 93.)

9       On June 15, 2023, Plaintiff filed two separate motions to compel discovery.  (ECF Nos.
10 98, 99.)

11      On September 11, 2023, Findings and Recommendations were issued to deny Defendant
12 Anderson's motion for summary judgment. (ECF No. 114.)

13      On September 27, 2023, the Court set this case for a settlement conference at Corcoran
14 State Prison on November 6, 2023, but the case did not settle.  (ECF Nos. 117, 123.)

15      On October 25, 2023, Defendant Anderson's exhaustion motion for summary judgment
16 was denied.  (ECF No. 122.)

17      On November 8, 2023, the Court lifted the stay of discovery, directed Defendants to file a
18 response to Plaintiff's pending motions to compel within thirty days, and extended the discovery
19 and dispositive motion filing deadlines.  (ECF No. 125.)

20      On January 8, 2024, Plaintiff filed another motion to compel.  (ECF No. 132.)  On
21 February 28, 2024, Defendants filed an opposition to this motion to compel.  (ECF No. 145.)
22 Plaintiff filed a reply on March 11, 2024, along with a separate motion for sanctions. (ECF No.
23 147.)

24      After receiving an extension of time, Defendants filed oppositions to Plaintiff's motions to
25 compel on January 12, 2024 and January 16, 2024, respectively.  (ECF Nos. 133, 134, 135.)

26      On January 22, 2024, Plaintiff filed yet another motion to compel.  (ECF No. 136.)
27 On February 12, 2024, Defendants filed a reply to the motion to compel.  (ECF No. 142.)
28 Plaintiff filed a reply on February 23, 2024.  (ECF No. 144.)

1        On February 16, 2024, Defendants filed an opposition to Plaintiff's motion to modify the
2 scheduling order attached as an exhibit to a reply to Defendants' opposition to his June 2, 2023
3 motion to compel (ECF No. 90). (ECF Nos. 139, 143.) Plaintiff filed a reply on March 1, 2024.
4 (ECF No. 146.)

5        On April 11, 2024, Defendants filed a timely opposition to Plaintiff's motion to sanctions.
6 (ECF No. 151.) Plaintiff filed a reply on April 15, 2024. (ECF No. 152)

## II.

## LEGAL STANDRD

       Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 59. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security

of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

///

## III.

## DISCUSSION

In the current motion to compel, Plaintiff seeks further responses to his request for production number 12 and interrogatories numbers 16-21.  (ECF No. 136.)

### A.  Request for Production No. 12

In request for production no. 12, Plaintiff requested:

> Provide a Photo Identification, including by not limited to CDCR Identification card for the Correctional Officers working second watch on 5/11/2020, including by not limited to Avila, J.A, Wesir, A.J, sargent [sic], S.D. Lovett Jr, S.L, Escobedo, V., Villagomez, G., Urrutia, C., Perez, J.L, Vargas, C.O, Sparks, B.A., Anderson, J.S, Castro Jr, L., and Ornelas. If there was a Castillo on duty then provide photo identification for him as well. If there is no CDCR Identification then provide driver's license identification or some other state identification. The only information that needs to be provided is the name and the photo.  Any other information may be omitted or redacted. The purpose it to identify the John Does and the officers working in the medical facility. This is specific information, this is not privileged information, and is directed to Defendant Anderson. However, if you claim privilege information then provide a privilege log and Kelly declaration (Kelly v. City of San Jose 114 FRD 653, 699 (N.D. Cal. 1987) as to why names and photo identification is privileged information. Anderson has easy Access to this information.

(ECF No. 142-1 at 5.)

Defendant Anderson responded as follows:

> Answering Defendant objects to Request for Production No. 12 on the following grounds: (1) the request is vague and ambiguous as to the term "Correctional Officers working second watch," "identification card," "photo identification," "some other state identification," and "officers working in medical facility," requiring Answering Defendant to guess the intended meaning and identify of the officers targeted by this request; (2) the request is impermissibly compound; (3) the request seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case as this request seeks photos and names of non-party Correctional Officers, which is beyond the scope of permissible discovery; (4) the request invades the privacy rights of Answering Defendant as well as third-parties in peace officer personnel, medical, and similar records protected by state and federal privileges and California statutes; and (5) the request seeks documents and things not within Answering Defendant's personal possession, custody, or control. Subject to, and without waiving the objections, and narrowing the request as seeking the names of Correctional Officers working in Facility A at Kern Valley State Prison on May 11, 2020, Answering Defendant responds as follows: See the previously served copy of the sign-in sheet for May 11, 2020 (AGO 029 – AGO 032.).

(ECF No. 142-1, Sanchez Decl. ¶ 4, Ex. B.)

1    In his motion to compel, Plaintiff contends that Defendant's response is non-responsive
2 and evasive. (ECF No. 136 at 2.)
3    Defendant argues Plaintiff's request is irrelevant (can't amend to add claim against Doe
4 Defendants), they have complied with the less intrusive means of obtaining the information, and
5 Anderson does not have possession, custody, or control of the non-party officer's identification
6 cards.  (ECF No. 142 at 5-7.)
7    In his reply to Defendants' opposition, Plaintiff contends that a sign in sheet is not the
8 same as photo identification, and "Plaintiff has already made it clear that he does not know the
9 names of the John Does that were beating on him under Anderson's orders." (ECF No. 144 at 2.)
10 Plaintiff submits that he needs photo identification because he could not identify the John Does
11 by a sign-in sheet with 45 other names on [it]."  (ECF No. 144 at 8.)
12    **Ruling:** Defendant's objection is sustained and Plaintiff's motion to compel shall be
13 denied, without prejudice.  Plaintiff is not entitled to the photograph of every individual named in
14 the sign-in sheet and Plaintiff must provide more detail as to the proposed Doe Defendants.  For
15 example, Plaintiff shall provide any identifying physical features and describe the specific actions
16 taken by the Doe Defendants in order to determine if a person matches Plaintiff's description.
17 Without specific identification information, Plaintiff would not be able to identify and match the
18 individuals names with their pictures.  By way of separate order, the Court has granted Plaintiff's
19 request to extend the discovery deadline to ascertain the identity of the Doe Defendants.
20 Accordingly, Plaintiff's motion to compel is denied, without prejudice.
21    **B.    Interrogatories Nos. 16-21**
22    Plaintiff seeks to compel further responses to his Interrogatories Nos. 16-21.
23    Defendants submit that Plaintiff never served the interrogatories to Defendants in
24 accordance with Federal Rule of Civil Procedure 33, but included the "interrogatories" in the
25 body of a nine-page meet and confer letter.  However, Defendants state that after reviewing
26 Plaintiff's motion to compel, they realized he intended for Defendants to construe his November
27 21, 2024 letter as discovery requests, and responses were produced on February 9, 2024.  (ECF
28 No. 142-1, Sanchez Decl. ¶ 10 & Exs. F-J.)

1  In his reply to Defendants' opposition, Plaintiff contends that Defendants provided "unreasonable, evasive, and boilerplate responses to interrogatories 16-21 and the Defendants were 41 days past the deadline." (ECF No. 144 at 1.)

**Ruling:** Plaintiff's motion to compel shall be denied. A review of the evidence submitted by the parties demonstrates that Plaintiff did not properly serve interrogatories numbers 16-21 on Defendants as required by Federal Rule of Civil Procedure 33. Rather, Plaintiff listed interrogatories numbers 16-21 halfway through his November 2023 meet and confer letter which is improper service. See, e.g., Neerman v. Cates, et al., No. CV 22-2751 PA (PVCX), 2023 WL 8884367, at *1 (C.D. Cal. Nov. 9, 2023) (denying a motion to compel where a pro se party "combined interrogatories and requests for production of documents into a single document with 130 discovery requests . . . This is improper, as interrogatories and requests for production of documents . . . may not be combined in a hybrid discovery request."); Henderson v. Felker, No. CIV S-06-1325 FCD, 2011 WL 2516190, at *4 (E.D. Cal. June 21, 2011) ("Defendants objected to this request because it was improperly requested in plaintiff's request for production of documents, in interrogatory form. Id. Defendants' objection is well-taken and plaintiff offers no argument as to why this objection was unjustified. The court finds that defendants were not obligated to respond to this request."). Here, it is clear that Plaintiff knows how to correctly serve interrogatories, considering he has previously sent Defendants letters and attached proper discovery requests. (Sanchez Decl., ¶ 8.) Nonetheless, Plaintiff's motion to compel responses to these interrogatories is moot as Defendants have provided responses to these requests and Plaintiff has not demonstrated any prejudice thereby. (ECF No. 142, Sanchez Decl. ¶ 10, Exs. G-J.) Accordingly, Plaintiff's motion to compel further responses is denied.

///
///
///
///
///
///

7

# IV.

# CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to compel (ECF No. 136) is DENIED.

IT IS SO ORDERED.

Dated:   **April 23, 2024**

UNITED STATES MAGISTRATE JUDGE