1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM JAY STONE,<br><br>    Plaintiff,<br><br>  v.<br><br>C. PFEIFFER, et al.,<br><br>    Defendants. | No. 1:21-cv-01461-KES-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR WRIT OF MANDAMUS<br><br>(ECF No. 157) |

  Plaintiff Adam Jay Stone is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

  Currently before the Court is Plaintiff's motion for writ of mandamus, filed June 17, 2024, wherein Plaintiff requests the Court issue a writ of mandamus to compel his unnamed correctional counselor to provide him with a review of his central file. (ECF No. 157.) Defendants filed an opposition on July 3, 2024, and Plaintiff filed a reply on July 22, 2024. (ECF Nos. 160, 163.)

**I.**

**LEGAL STANDARD**

  "The writ of mandamus is a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" In re Van Dusen, 654 F.3d 838, 840 (9th Cir. 2011) (quoting Ex parte Fahey, 332 U.S. 258, 259–60 (1947) ); see also Gulfstream Aerospace Corp. v. Mayacamas

1

Corp., 485 U.S. 271, 289 (1988) ("This Court repeatedly has observed that the writ of mandamus is an extraordinary remedy, to be reserved for extraordinary situations.").

The federal mandamus statute provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added). "The federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties...." Clark v. Washington, 366 F.2d 678, 681 (9th Cir. 1966); see also Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988) ("The federal courts have no general power to compel action by state officials....").

Federal courts have no jurisdiction or authority to issue mandamus to direct non-federal entities or officials in the performance of their duties. See Clark v. State of Washington, 366 F.2d 678, 681 (9th Cir. 1966) ("The federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties . . ."); Fox v. City of Pasadena, 78 F.2d 948 (9th Cir. 1935) (federal district court has no jurisdiction to issue writ of mandamus to compel city officers to perform duties under state law and city charter). Accordingly, a petition that seeks a writ of mandamus to compel a non-federal actor to take action is frivolous as a matter of law. See Demos v. U.S. Dist. Ct., 925 F.2d 1160, 1161-62 (9th Cir. 1991).

## II.

## DISCUSSION

### A. Lack of Jurisdiction

Here, Plaintiff requests the Court issue a writ of mandamus to compel his correctional counselor to provide him an Olson[1] review of his central file.  The extraordinary remedy of mandamus is not available in the instant case because the correctional counselor is not an officer, employee, or agency of the United States, and the Court lacks jurisdiction to compel action by California state officials.  Accordingly, the petition for writ of mandamus and declaratory relief

---

[1] State law provides a means for a prisoner to access his central and medical files through standard prison procedures. See In re Olson, 37 Cal. App. 3d at 790.

should be dismissed for lack of jurisdiction. See, e.g., Craig v. Koenig, No. 19-cv-05661-EMC, 2020 WL 264338, *2 (N.D. Cal. Jan. 17, 2020) (federal court lacks authority to issue writ of mandamus to compel CDCR or any of its employees to take particular actions because they are state rather than federal actors); Workman v. Mitchell, 502 F.2d 1201, 1205 (9th Cir. 1974) ("The Federal Declaratory Judgment Act does not establish a new basis for jurisdiction in the federal court; it merely establishes a new remedy, available in cases in which jurisdiction otherwise exists. The question, therefore, is whether the mandamus statute provides a jurisdictional basis for the declaratory relief plaintiffs seek."). Nonetheless, as explained below, Plaintiff's claim does not warrant mandamus because it is not clear and certain.

### B. Clear and Certain Claim

Mandamus is an extraordinary remedy "appropriate only when the plaintiff's claim is clear and certain . . ." Nova Stylings, Inc. v. Ladd, 695 F.2d 1179, 1180 (9th Cir. 1983) (citations omitted); see also Fallini v. Hodel, 783 F.2d 1343, 1345 (9th Cir. 1986). Here, it is neither clear nor certain that Plaintiff's counselor received his request and denied it. Although Plaintiff attached an "Inmate Request for Interview" form, dated May 30, 2024 (ECF No. 157 at 4), the form does not indicate that it was submitted and received by his counselor. Indeed, the "disposition" portion of the form is blank. (Id.)

However, even if Plaintiff submitted the form on May 30, 2024, he has not demonstrated that the counselor denied the request, and, if so, there is no explanation as to why it was denied. See Cortinas v. Huerta, et al., No. 117CV00130AWIGSAPC, 2019 WL 6050833, at *4 (E.D. Cal. Nov. 15, 2019) (denying Plaintiff's motion to compel where "Plaintiff has not described his efforts to request and access these files through an Olson review or a subpoena duces tecum, nor has he explained why [] CDCR denied his request."); Singleton v. Hedgepath, No. 1:08-CV-00095-AWI, 2011 WL 1806515, at *8 (E.D. Cal. May 10, 2011) (denying a motion to compel where "Plaintiff has not provided any evidence that he requested an Olson review or otherwise followed proper prison procedure to request access to his medical records."). Rather it appears that Plaintiff decided to file this motion thirteen days later instead of waiting for a response from his Counselor. (ECF No. 54 at 1:20-23 ["Plaintiff submitted an Inmate Request for Interview

form on [] May [30,] 2024 . . ."]; ECF No. 54 at 5 [proof of service dated June 12, 2023]). Further, in his reply, Plaintiff submits that he "spoke with the Counselor about a week after he sent out this motion and asked the Counselor about the Olson review and discussed the GA-22 request for interview form" who stated "he is working on it." (ECF No. 163 at 2.)  Even if Plaintiff has yet to receive an Olson review, such circumstance does not constitute a "clear and certain claim" worthy of a writ of mandamus.

Likewise, Plaintiff's complaints of timeliness are improper. Plaintiff seeks to review his central file for documents related to an alleged event that occurred over four years ago. (ECF No. 54 at 3:5-9 ["The C-File contains . . . documents that concern this case and the [] May [11], 2020 incident."]). Plaintiff's delay in conducting his own, timely investigation does not present a "clear and certain claim" worthy of a writ of mandamus.  Accordingly, Plaintiff's motion for a writ of mandamus must be denied.

### III.
### ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for a writ of mandamus, filed on June 17, 2024 (ECF No. 157) is DENIED.

IT IS SO ORDERED.

Dated:   **July 23, 2024**

UNITED STATES MAGISTRATE JUDGE