1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11   ADAM JAY STONE,                          No.  1:21-cv-01461-KES-SAB (PC)

12                 Plaintiff,                  ORDER DENYING PLAINTIFF'S MOTION
                                               TO COMPEL, DENYING SUPPLEMENTAL
13          v.                                 MOTION TO COMPEL, AND DENYING
                                               MOTION TO EXTEND DISCOVERY
14   C. PFEIFFER, et al.,                      DEADLINE AS MOOT

15                 Defendants.                 (ECF Nos. 158, 159, 161)

16

17          Plaintiff Adam Jay Stone is proceeding pro se in this civil rights action filed pursuant to

18   42 U.S.C. § 1983.

19          Currently before the Court is Plaintiff's motion to compel, motion to stay and extend the

20   discovery deadline, and supplemental motion to compel, filed June 24, 2024 and July 8, 2024,

21   respectively.  (ECF Nos. 158, 159, 161.)

22                                            **I.**

23                               **RELEVANT BACKGROUND**

24          This action is proceeding Plaintiff's excessive force claim against Defendants B.

25   Gonzales, G. Morales, K. Gonzales, and Anderson in violation of the Eighth Amendment.

26          Defendants filed an answer to the complaint on October 19, 2022.  (ECF No. 48.)

27          On November 22, 2022, the Court issued the discovery and scheduling order.  (ECF No.

28   59.)

                                               1

On June 2, 2023, Plaintiff filed a motion to compel discovery.  (ECF No. 90.)

On June 5, 2023, Defendant Anderson filed a motion for summary judgment for failure to exhaust the administrative remedies.  (ECF No. 91.)

On June 6, 2023, Defendants filed a motion to stay discovery and to modify the scheduling order.  (ECF No. 92.)

On June 7, 2023, the Court granted Defendants' motion to stay and reset the pending deadlines until a final ruling on Defendant Anderson's exhaustion motion for summary judgment, which included briefing on Plaintiff's pending motion to compel.   (ECF No. 93.)

On June 15, 2023, Plaintiff filed two separate motions to compel discovery.  (ECF Nos. 98, 99.)

On September 11, 2023, Findings and Recommendations were issued to deny Defendant Anderson's motion for summary judgment.  (ECF No. 114.)

On September 27, 2023, the Court set this case for a settlement conference at Corcoran State Prison on November 6, 2023, but the case did not settle.  (ECF Nos. 117, 123.)

On October 25, 2023, Defendant Anderson's exhaustion motion for summary judgment was denied.  (ECF No. 122.)

On November 8, 2023, the Court lifted the stay of discovery, directed Defendants to file a response to Plaintiff's pending motions to compel within thirty days, and extended the discovery and dispositive motion filing deadlines.  (ECF No. 125.)

On January 8, 2024, Plaintiff filed another motion to compel.  (ECF No. 132.)  On February 28, 2024, Defendants filed an opposition to this motion to compel.  (ECF No. 145.) Plaintiff filed a reply on March 11, 2024, along with a separate motion for sanctions. (ECF No. 147.)

After receiving an extension of time, Defendants filed oppositions to Plaintiff's motions to compel on January 12, 2024 and January 16, 2024, respectively.  (ECF Nos. 133, 134, 135.)

On January 22, 2024, Plaintiff filed yet another motion to compel.  (ECF No. 136.) On February 12, 2024, Defendants filed a reply to the motion to compel.  (ECF No. 142.) Plaintiff filed a reply on February 23, 2024.  (ECF No. 144.)

1         On February 16, 2024, Defendants filed an opposition to Plaintiff's motion to modify the

2 scheduling order attached as an exhibit to a reply to Defendants' opposition to his June 2, 2023

3 motion to compel (ECF No. 90).  (ECF Nos. 139, 143.)  Plaintiff filed a reply on March 1, 2024.

4 (ECF No. 146.)

5         On April 11, 2024, Defendants filed a timely opposition to Plaintiff's motion to sanctions.

6 (ECF No. 151.)  Plaintiff filed a reply on April 15, 2024.  (ECF No. 152)

7         On April 23, 2024, the Court denied Plaintiff's motion for sanctions, granted Plaintiff's

8 motion to modify the discovery and scheduling order, granted in part Plaintiff's motion to compel

9 filed on January 8, 2024, and denied Plaintiff's motion to compel filed on January 22, 2024.

10 (ECF Nos. 153, 154, 155, 156.)

11         On June 17, 2024, Plaintiff filed a motion for a writ of mandamus.  (ECF No. 157.)

12         On June 24, 2024, Plaintiff filed another motion to compel and a separate motion to stay

13 and extend the discovery deadline.  (ECF Nos. 158, 159.)

14         On July 3, 2024, Defendants filed an opposition to Plaintiff's motion for a writ of

15 mandamus.  (ECF No. 160.)

16         On July 8, 2024, Plaintiff filed a supplement to his motion to compel.  (ECF No. 161.)

17         On July 15, 2024, Defendants filed an opposition to Plaintiff's motion to compel. (ECF

18 No. 162.)

19         On July 29, 2024, Defendants filed an opposition to Plaintiff's supplement.  (ECF No.

20 165.)

21         On August 1, 2024, Plaintiff filed a reply.  (ECF No. 166.)

22 **II.**

23 **LEGAL STANDRD**

24         Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of

25 confinement.  As a result, the parties were relieved of some of the requirements which would

26 otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to

27 involving the Court in a discovery dispute.  Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R.

28 Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 59.  Further, where otherwise discoverable

3

1   information would pose a threat to the safety and security of the prison or infringe upon a

2   protected privacy interest, a need may arise for the Court to balance interests in determining

3   whether disclosure should occur.  See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467

4   U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of

5   Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of

6   Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of

7   Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of

8   privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB

9   PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to

10  inspect discoverable information may be accommodated in ways which mitigate institutional

11  safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at

12  *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing

13  information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-

14  08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for

15  protective order and for redaction of information asserted to risk jeopardizing safety and security

16  of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P,

17  2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld

18  documents for in camera review or move for a protective order).

19          However, this is a civil action to which the Federal Rules of Civil Procedure apply.  The

20  discovery process is subject to the overriding limitation of good faith, and callous disregard of

21  discovery responsibilities cannot be condoned.  Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d

22  1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted).  "Parties may obtain discovery

23  regarding any nonprivileged matter that is relevant to any party's claim or defense and

24  proportional to the needs of the case, considering the importance of the issues at stake in the

25  action, the amount in controversy, the parties' relative access to relevant information, the parties'

26  resources, the importance of the discovery in resolving the issues, and whether the burden or

27  expense of the proposed discovery outweighs its likely benefit."  Fed R. Civ. P. 26(b)(1).

28  ///

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified.  Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).  This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious.  Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4.  However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits.  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

**III.**

**DISCUSSION**

In the current motion to compel, Plaintiff seeks further responses to two interrogatories addressed to Defendant Morales, four interrogatories addressed to K. Gonzales, five interrogatories addressed to B. Gonzales, and six interrogatories, including subparts, addressed to Anderson, and requests for productions, set six, addressed Defendants Anderson and B. Gonzales. (ECF No. 159.)

Defendants argue they properly objected and responded to all of Plaintiff's discovery requests, and Plaintiff has not demonstrated why the objections are unwarranted and how their responses were deficient.

**A.** **Timeliness of Defendants' Responses**

Plaintiff initially argues that Defendants' responses to the instant discovery requests were untimely.  (ECF No. 159 at 2:5.)

Defendants submit that Plaintiff served his interrogatories, set four, and requests for production, set six, on May 1, 2024.  (Declaration of Sanchez (Sanchez Decl.) ¶ 11.)  However, Plaintiff argues that Defendants responses were due on June 18, 2024.  (ECF No. 158 at 1:24-25.)  Plaintiff is incorrect.  Pursuant to the Court's discovery and scheduling order, Defendants had until June 18, 2024-forty-eight days there to respond.  (ECF No. 59; Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after being served and service is made [by mail] … [three] days are added after the period would otherwise expire ….").  Defendants served their interrogatory responses on June 13, 2024, and their responses to the requests for production on June 18, 2024.  (Sanchez Decl. ¶¶ 12, 15.)  As Plaintiff has previously been advised, there is no requirement that Plaintiff actually physically receive the responses in the forty-eight day time frame.  (See ECF No. 140 at 8:21-24 ["The fact that Plaintiff did not physically receive the responses until March 3, 2023, is of no consequence as there is no showing that any delay in Plaintiff's receipt of those responses was due to anything other than routine processing delays with the institution's legal mail service."]; ECF No. 80 at 4:8-13 ["Plaintiff filed the instant motion on February 21, 2023-the same date that Defendants' responses were due . . . Thus, at the time Plaintiff[] filed his motion to compel his request was premature, and is now moot as Defendants timely responded to the requests on February 21, 2023."].)  Accordingly, Defendants' responses were timely served.

**B.**    **Requests for Production, Set Six**

Plaintiff seeks to compel further responses to his requests for production, set six, to Defendants Anderson and B. Gonzales because as of "1:00 p.m. . . . on [] June [19], 2024" he had yet to receive Defendants responses. (ECF No. 159 at 5:21-24.)  However, as discussed above, Defendants timely served their responses to Plaintiff's requests for production on the due date, June 18, 2024. (Sanchez Decl. ¶ 15.)  Nevertheless, on July 8, 2024, Plaintiff moved to compel further responses to his requests for production of documents, sex six.  (ECF No. 161.)  More specifically, Plaintiff seeks to compel further responses to request for production numbers 13 and 14.

///

1         1.     <u>Request for Production No. 13</u>

2         **Request for Production No. 13:** "Provide any documentation concerning this excessive

3 force case, including but not limited to the forms described in 15 CCR § 3268 and 3268.1 as well

4 as the CDCR-837 forms mentioned in the second and third watch daily activity reports. 15 CCR §

5 3268 and 3268.1 mention forms used after use of force, such as with this case. These forms are

6 CDCR forms 837, 3010, 3011, 3012, 3013, 3014, 3034, 3034, 3036. This is relevant, as it

7 concerns this case. This is specific. This is within this the defendants' possession and control."

8         **Response:** Answering Defendant objects to Request for Production No. 13 on the

9 following grounds: (1) the request is vague and ambiguous regarding "this excessive force case"

10 because Plaintiff alleges two excessive force incidents in the case. Additionally, it is unclear if

11 Plaintiff is requesting documents created by Defendants throughout the course of this litigation;

12 (2) the request is overbroad as to scope, which is limited to Plaintiff's allegations of excessive

13 force by Defendants on May 11, 2020, as pled in the First Amended Complaint, forcing

14 Answering Defendant to guess as to the documents sought; (3) the request may seek confidential

15 information protected by the official information privilege pursuant to federal common law, and

16 invades the privacy rights of Answering Defendant as well as third-parties in peace officer

17 personnel, medical, and similar records protected by state and federal privileges and California

18 statutes; (4) the information sought may be "confidential" within the meaning of California Code

19 of Regulations, title 15, § 3321, such that the information can only be disclosed pursuant to a

20 protective order prohibiting Plaintiff from personally possessing the information pursuant to

21 California Code of Regulations, title 15, § 3450(d), because the information sought may

22 jeopardize the safety and security of the responding Defendant, the institution, other inmates, and

23 other correctional staff; (5) the request may seek documents and things not within Answering

24 Defendant's personal possession, custody, or control; (6) the request seeks documents protected

25 by the work product privilege; (7) the request seeks documents protected by the attorney-client

26 privilege; and (8) Plaintiff may have the requested documents in his possession.

27         Based on these objections, no response shall be provided.

28 ///

**Supplemental Response:** Answering Defendant objects to Request for Production No. 13 on the following grounds: (1) the request is vague and ambiguous regarding "this excessive force case" because Plaintiff alleges two excessive force incidents in the case. Additionally, it is unclear if Plaintiff is requesting documents created by Defendants throughout the course of this litigation; (2) the request is overbroad as to scope, which is limited to Plaintiff's allegations of excessive force by Defendants on May 11, 2020, as pled in the First Amended Complaint, forcing Answering Defendant to guess as to the documents sought; (3) the request may seek confidential information protected by the official information privilege pursuant to federal common law, and invades the privacy rights of Answering Defendant as well as third-parties in peace officer personnel, medical, and similar records protected by state and federal privileges and California statutes; (4) the information sought may be "confidential" within the meaning of California Code of Regulations, title 15, § 3321, such that the information can only be disclosed pursuant to a protective order prohibiting Plaintiff from personally possessing the information pursuant to California Code of Regulations, title 15, § 3450(d), because the information sought may jeopardize the safety and security of the responding Defendant, the institution, other inmates, and other correctional staff; (5) the request may seek documents and things not within Answering Defendant's personal possession, custody, or control; (6) the request seeks documents protected by the work product privilege; (7) the request seeks documents protected by the attorney-client privilege; and (8) Plaintiff may have the requested documents in his possession.

Notwithstanding the foregoing objections, and construing the request to seek CDCR 837, 3010-3014, and 3034-3036 forms regarding the May 11, 2020 alleged use of force incidents between Plaintiff and Defendants, Defendant responds are follows: Attached please find the CDCR 837 (Incident Report Package), CDCR 3010-3014 and CDCR 3034-3036 regarding the May 11, 2020 third-watch use of force incident (AGO 000070-115). Regarding the alleged May 11, 2020 second-watch use of force incident, Defendant conducted a good faith inquiry and no responsive documents were found.

**Ruling:** Plaintiff's motion to compel shall be denied.  Notwithstanding the objections raised to this request, Defendants provided responsive document and stated that after a good faith,

8

reasonable, and diligent search, there are no further responsive documents.  The Court cannot compel a party to produce documents that do not exist.  Defendants stated that after a good faith, reasonable, and diligent search, there are no documents responsive to this request. While Plaintiff may believe that there are more documents in existence, in the absence of legal or fact-based substantive deficiencies, he is required to accept the response provided. Mere distrust and suspicion regarding discovery responses do not form a legitimate basis to further challenge responses which are facially legally sufficient. In the absence of evidence to the contrary, which has not been presented here, Plaintiff is required to accept Defendants' response that no responsive documents exist. See Mootry v. Flores, 2014 WL 3587839, *2 (E.D. Cal. 2014). Moreover, signed discovery responses are themselves certifications to the best of the person's knowledge, information, and belief formed after a reasonable inquiry, Fed. R. Civ. P. 26(g)(1)(B) (quotation marks omitted), as are other signed filings presented to the Court, see Fed. R. Civ. P. 11(b). See also Fed. R. Civ. P. 33(c).  Further, Defendant supplemented their responses as required by Rule 26(e)(1).  Accordingly, Plaintiff's motion to compel is denied.

### 2.    Request for Production No. 14

**Request for Production No. 14:** Provide a Photo Identification, including by not limited to CDCR Identification card for the Correctional Officers working second watch on 5/11/2020, and only limited to Lovett Jr, S.L; Escobedo, V; Villagomez, G.; Urrutis, C; Perez, J.L; Sparks, B.A, as it is these officer's duty to escort inmates on or around the patio so there is a high likel[i]hood that they may be involved. Avilia, J.A; Wesir, A.J.; and Castro Jr, L. may have had the ability to be around the patio and program office as well. At least one of the officers had a darker completion of possible latino or south east Asian descent, average, build, and dark hair color possibly black or dark brown. [I]f there is no CDCR Identification then provide driver's license identification or some other state identification. The only information that needs to be provided is the name and the photo. Any other information may be omitted or redacted. The purpose is to identify the John Does.  The specific action is the likel[i]hood that they would escort plaintiff and thus have the ability to abuse the plaintiff. Plaintiff is following the Court's ruling in Doc. 156 page 6 concerning this matter.

**Response:** Answering Defendant objects to Request for Production No. 14 on the following grounds: (1) the request is vague and ambiguous as to the term "identification card," "photo identification," "some other state identification," and "darker completion of possible latino or south east Asian descent, average, build, and dark hair color possibly black or dark brown" requiring Answering Defendant to guess the intended meaning and identify of the officers targeted by this request; (2) the request is impermissibly compound; (3) the request seeks documents that are not relevant to any party's claim or defense and proportional to the needs of the case as this request seeks photos and names of non-party Correctional Officers, which is beyond the scope of permissible discovery; (4) the request invades the privacy rights of Answering Defendant as well as third parties in peace officer personnel, medical, and similar records protected by state and federal privileges and California statutes; and (5) the request seeks documents and things not within Answering Defendant's personal possession, custody, or control.

Subject to, and without waiving the objections, Answering Defendant responds as follows: Defendant has conducted a good faith inquiry and does not have access, possession, custody, or control to documents responsive to this request.

**Ruling:** Plaintiff's motion to compel shall be denied.  Notwithstanding the objections raised to this request, Defendants provided responsive document and stated that after a good faith, reasonable, and diligent search, there are no further responsive documents.  As stated by Defendants in their response, neither Defendants or counsel have access to third-part officers' CDCR identification cards or driver's licenses.  (Sanchez Decl. ¶ 4, ECF No. 165-1.)  In addition, CDCR does not maintain identification cards in an officer's personnel filed.  (Id.)

The Court cannot compel a party to produce documents that do not exist.  Defendants stated that after a good faith, reasonable, and diligent search, there are no documents responsive to this request. While Plaintiff may believe that there are more documents in existence, in the absence of legal or fact-based substantive deficiencies, he is required to accept the response provided. Mere distrust and suspicion regarding discovery responses do not form a legitimate basis to further challenge responses which are facially legally sufficient. In the absence of evidence to the contrary, which has not been presented here, Plaintiff is required to accept

Defendants' response that no responsive documents exist. See Mootry v. Flores, 2014 WL 3587839, *2 (E.D. Cal. 2014).  Moreover, signed discovery responses are themselves certifications to the best of the person's knowledge, information, and belief formed after a reasonable inquiry, Fed. R. Civ. P. 26(g)(1)(B) (quotation marks omitted), as are other signed filings presented to the Court, see Fed. R. Civ. P. 11(b). See also Fed. R. Civ. P. 33(c). Further, Defendants are required to supplement their discovery responses should they learn that their responses were incomplete or incorrect, if the incomplete or incorrect information has not otherwise been made known to Plaintiff. Fed. R. Civ. P. 26(e)(1) (quotation marks omitted). Accordingly, Plaintiff's motion to compel is denied.

**C.**     **Interrogatories, Set Four, Nos. 22-29**

1.     Excess of Twenty-Five Interrogatory Limit for B. Gonzales and Anderson

Rule 33 expressly states that "absent stipulation by the parties or order of the court, a party may not propound more than [twenty-five] written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33; Evans v. Tilton, No. 1:07CV01814-DLB PC, 2010 WL 1610988, at *2 (E.D. Cal. Apr. 21, 2010) ("Plaintiff misunderstands the Federal Rules of Civil Procedure, which places a limit of 25 written interrogatories total on a party . . .").

Defendant Anderson submit that prior to receiving Plaintiff's fourth set of interrogatories, Defendant Anderson had responded to twenty interrogatories, including subparts. (Sanchez Decl. ¶ 13.)  Plaintiff's fourth set of interrogatories addressed to Defendant Anderson included six interrogatories, including subparts. (Sanchez Decl. ¶ 11, Ex. K.)  Plaintiff did not seek an order or receive from the Court to exceed the twenty-five interrogatory limit. Thus, Defendant Anderson responded to the first five interrogatories, and did not respond to the remaining interrogatory, Interrogatory No. 29, which exceeded the twenty-five interrogatory limit.

Further, prior to service of Plaintiff's fourth set of interrogatories, Defendant B. Gonzales responded to thirty-four interrogatories, including subparts. (Sanchez Decl. ¶ 13.) Thus, Defendant B. Gonzales declined to answer Plaintiff's fourth set of interrogatories under Rule 33. In any event, Plaintiff was not prejudiced because the interrogatories are virtually duplicative of those in his November 21, 2023 meet-and-confer letter.  (Compare Sanchez Decl. ¶ 7, Ex. E, with

Sanchez Decl. ¶ 11, Ex. K.)  Further, despite exceeding the interrogatory limit, Defendant B. Gonzales responded to the interrogatories in the November 21, 2023 meet-and-confer letter as a professional courtesy.  (Sanchez Decl. ¶ 10.)

**Ruling:** Plaintiff's motion to compel shall be denied.  Because Plaintiff submitted more interrogatories than the limit allowed by Rule 33, and Plaintiff neither sought leave of the Court to submit additional interrogatories nor provided a  compelling reason for the Court to do so, Defendants' refusal to respond was justified.  Accordingly, Plaintiff's motion to compel responses to interrogatory no. 29 addressed to Defendant Anderson and interrogatories nos. 23, 25-28 addressed to Defendant B. Gonzales must be denied.

2.       Interrogatory No. 22 to Defendant Anderson

Plaintiff requests to compel further responses to his Interrogatory No. 22 addressed to Defendant Anderson, which requested that Anderson name the "the Correctional Officers in the program office . . . on May 11, 2020, who had physical contact with Plaintiff Stone?" (Sanchez Decl., ¶ 11, Ex. K.)

Defendant Anderson objected for various reasons to the request, including that the term "physical contact" is vague and ambiguous. For example, "physical contact" could encompass anything from brushing shoulders with Plaintiff to utilizing force on him.

Regardless, Defendant conducted a good faith inquiry and responded that he lacks the information necessary to respond to the request. (Sanchez Decl., ¶ 14, Ex. N.) Plaintiff argues that Defendant Anderson did not conduct a good faith investigation and could have found the answer to his interrogatory. However, as this Court has informed Plaintiff,

> [m]ere distrust and suspicion regarding discovery responses do not form a legitimate basis to further challenge responses[,] which are facially legally sufficient; and Plaintiff is entitled neither to continue demanding additional and/or different evidence in support of discovery responses already provided nor to expand the scope of discovery beyond that sought in the initial discovery request.

(ECF No. 153 at 6:5-9, citing Fed. R. Civ. P. 26(g)(1), 33; Gorrell v. Sneath, 292 F.R.D. 629, 632 (E.D. Cal. 2013); L.H. v. Schwarzenegger, No. S–062042 LKK GGH, 2007 WL 2781132, at *2 (E.D. Cal. 2007; ECF No. 155 at 6:17-20 ["While Plaintiff may be disinclined to trust

1  Defendants' discovery responses, he is in a position no different than any other civil litigant:

2  in the absence of legal or fact-based substantive deficiencies, he is required to accept the

3  responses provided."]).

4      **Ruling:** Plaintiff's motion to compel shall be denied.  Notwithstanding the objections

5  raised, Defendant Anderson conducted a good faith inquiry and lacked the information necessary

6  to respond to the request.  While Plaintiff may disagree with Defendant Anderson's response, he

7  has not demonstrated that there is any valid reason to order a further response.  Plaintiff's mere

8  objection and accusation of incomplete discovery responses do not meet the burden imposed on

9  him by the federal rules governing discovery.  Accordingly, Plaintiff's motion to compel must be

10  denied.

11      3.      Interrogatory No. 23 to Defendant Anderson

12      Plaintiff seeks to compel further responses to his Interrogatory No. 23, which requested

13  that Defendant Anderson state "what [] the procedures are when an inmate expresses a safety

14  concern[.]" (Sanchez Decl., ¶ 11, Ex. K.)

15      Defendant Anderson objected for numerous reasons, including that the term "procedures"

16  is vague and ambiguous. Additionally "safety concerns" are ambiguous. For example, the

17  hypothetical inmate may have enemy concerns or concerns about their physical health and

18  wellbeing. Further, Plaintiff previously propounded this interrogatory. (See Sanchez Decl., ¶ 10,

19  Ex. G [Defendant Anderson's Responses to Plaintiff's Interrogatories, Set Three, No 16 ["In your

20  own words, what are the procedures when an inmate expresses a safety concern?"].)  Therefore,

21  Defendants objected that request was cumulative and duplicative.  Fed. R. Civ. P. 26(b)(2)(C);

22      Regardless, Defendant construed the request to seek common procedures for when an

23  inmate expresses enemy concerns, and responded as follows:

24      Inmates, who claim to have an enemy, are responsible for providing sufficient
        information to positively identify the claimed enemy. Staff shall make concerted
25      efforts to evaluate, verify, and document this information. Verification may include
        an interview with the alleged enemy when it can be done without jeopardizing an
26      investigation or endangering the inmate. Information shall be documented on a Non-
        Confidential Offender Separation Alerts and/or Confidential Offender Separation
27      Alerts, indicating the results of the investigation, which supports or verifies this

28

1    information.

2    (Sanchez Decl., ¶ 14, Ex. N.)

3    **Ruling:** Plaintiff does not explain how Defendant's response was deficient or the

4    objections were not justified to warrant a further response.  Accordingly, Plaintiff's motion to

5    compel a further response is denied.

6        4.    Interrogatory No. 24 to K. Gonzales

7    Plaintiff seeks further responses to his Interrogatory No. 24, which requested that

8    Defendant K. Gonzales answer, "[w]hen an inmate poses a threat such as a threat while the

9    inmate is behind a closed cell door, what are the procedures?" (Sanchez Decl., ¶ 11, Ex. K.)

10    Defendant K. Gonzales objected for numerous reasons, including that the request is vague

11    and ambiguous. For example, Plaintiff does not identify if the hypothetical inmate "poses a

12    threat" to other inmates, correctional officers, or medical staff. Further, the term "threat" is

13    ambiguous as it could encompass physical violence, weapons, potential gassing, or verbal threats.

14    Further, Plaintiff does not specify if the door this hypothetical inmate is behind has a food port or

15    windows. Thus, Defendant correctly objected because the response is vague and ambiguous and

16    Defendant cannot determine the proper way to respond.

17    Further, Plaintiff previously propounded this interrogatory and Defendant K. Gonzales

18    responded. (Sanchez Decl., ¶ 10, Ex. H [Defendant K. Gonzales's Responses to Plaintiff's

19    Interrogatories, Set Three, No 17 ["In your own words, when an inmate poses a threat such as a

20    threat while the inmate is behind a closed cell door, what are the procedures?"].) Such cumulative

21    and duplicative discovery is improper, and Defendant properly objected on such grounds. Fed. R.

22    Civ. P. 26(b)(2)(C);

23    **Ruling:** Plaintiff's motion to compel is denied as this request is both vague and

24    ambiguous. In addition, the request is duplicative and improper.  See Thompson v. Cnty. of

25    Riverside, No. 5:19-CV-00122-AB-SHK, 2023  WL 8168859, at *5 (C.D. Cal. July 26, 2023)

26    ("Discovery may be denied where: "the discovery sought is unreasonably cumulative or

27    duplicative[.]") (citations omitted).  Accordingly, there is no reason to compel a response by

28    Defendants.

5.      Interrogatory No. 26 to Defendants K. Gonzales and Anderson

Plaintiff seeks to compel further responses to his Interrogatory No. 26, which asked Defendants K. Gonzales and Anderson "[d]oes an inmate who is handcuffed pose a serious danger while escorted by multiple correctional officers? Why or why not?" (Sanchez Decl., ¶ 11, Ex. K.)

Defendants objected to the interrogatory for various reasons, including that it was compound and contained subparts, overbroad and burdensome, and irrelevant. Defendants also objected because the request was vague and ambiguous. For example, Plaintiff does not state who the inmate is, the inmate's propensity for violence and what constitutes a "serious danger."

Further, the request has been previously propounded and Defendants responded. (See Sanchez Decl., ¶ 10, Ex. I, Defendant K. Gonzales' Responses to Plaintiff's Interrogatories, Set Three, No. 19 ["Does an inmate who is handcuffed pose a serious danger while escorted by multiple correctional officers? Why or why not?"]; Sanchez Decl., ¶ 10, Ex. G, Defendant Anderson's Responses to Plaintiff's Interrogatories, Set Three, No. 19.) Such cumulative and duplicative discovery is improper, and Defendant properly objected on such grounds. Fed. R. Civ. P. 26(b)(2)(C).  Regardless, Defendants responded as follows: "A handcuffed inmate may still pose a danger to officers and others." (Sanchez Decl., ¶ 14, Exs. N, P.)

**Ruling:** Plaintiff does not explain why Defendants' responses are deficient, but instead complains that Defendants objected. Thus, Plaintiff's motion to compel must be denied.

6.      Interrogatory No. 27 to Defendants K. Gonzales and Morales

Plaintiff seeks to compel further responses to his Interrogatory No. 27, which asked Defendants K. Gonzales and Morales if "a reasonable Correctional Officer [would] report and/or document if an inmate sustained injuries, including but not limited to, a huge gash in the inmate's head with blood pouring out of the wound, welts, abrasions, scraps, all over the inmate[']s body?" (Sanchez Decl., ¶ 11, Ex. K.)

Defendants objected to the request for a variety of reasons, including that the request was vague and ambiguous, irrelevant, overbroad, and previously propounded. (Sanchez Decl., ¶ 10, Ex. I, Defendant K. Gonzales' Responses to Plaintiff's Interrogatories, Set Three, No. 20

["Would a reasonable Correctional Officer [would] report and/or document if an inmate sustained injuries, including but not limited to, a huge gash in the inmate's head with blood pouring out of the wound, welts, abrasions, scraps, all over the inmate[']s body?"]; Sanchez Decl., ¶ 10, Ex. J, Defendant Morales' Responses to Plaintiff's Interrogatories, Set Three, No. 20.)

In any event, Defendants responded, "[a] reasonable Correctional Officer would likely refer the injured inmate to medical staff, who would likely document the inmate's injuries." (Sanchez Decl., ¶ 14, Exs. O-P.)

**Ruling:** Plaintiff does not state what is deficient regarding Defendants' response. Thus, Plaintiff's motion to compel must be denied.

7.    Interrogatory No. 28 addressed to all Defendants

Plaintiff seeks to compel further responses to his Interrogatory No. 28, which requested that Defendants "[d]escribe any other accusation of excessive force that [they] have been accused of." (Sanchez Decl., ¶ 11, Ex. K.)

Defendants objected for various reasons, including that the request was overbroad because it did not specify a period and Plaintiff previously propounded an identical request. (Sanchez Decl., ¶ 7, Ex. E, Plaintiff's Interrogatories, Set Three, No. 21 ["Describe any other accusation of excessive force that you have been accused of. Exclude confidential information."].) Additionally, Defendants objected because the term "accusation" is vague and ambiguous. Accusations could encompass lawsuits, grievances, complaints, and/or inmate gossip. Thus, Defendants must speculate Plaintiff's intended meaning to respond to the request.

Nonetheless, Defendants construed "accusation" to mean inmate grievances filed within the last ten years that allege Defendants used excessive force. Defendant K. Gonzales and Morales responded, "other than Plaintiff, no inmates have filed grievances alleging that Defendant utilized excessive force within the last ten years." (Sanchez Decl., ¶ 14, Ex. O-P.) Defendant Anderson responded and referred Plaintiff to the "previously served inmate grievances filed in the last ten years alleging that Defendant Anderson used excessive force. (AGO 038-068)." (Sanchez Decl., ¶ 14, Ex. N.)  And as previously explained, Defendant B. Gonzales did not provide a substantive response because he had already responded to interrogatories that exceeded

16

1  Plaintiff's twenty-five interrogatory limit.

2      **Ruling:**  Plaintiff does not explain why Defendants' responses are deficient or worthy of

3  further responses. Thus, Plaintiff's motion to compel is denied.

4      **D.      Plaintiff's Motion for Extension of Discovery Deadline**

5      Plaintiff seeks an extension and stay of the discovery deadline pending the instant motion

6  to compel.  (ECF No. 158 at 1.)  Because no further production is being ordered and the discovery

7  deadline has passed,  Plaintiff's motion for an extension will be denied as moot.

8                                          **IV.**

9                                        **ORDER**

10     Based on the foregoing, it is HEREBY ORDERED that:

11     1.      Plaintiff's motion to compel and supplemental motion to compel (ECF Nos. 159,

12             161) are DENIED;  and

13     2.      Plaintiff's motion to extend the discovery deadline (ECF No. 158), filed on June

14             24, 2024, is DENIED as MOOT.

15

16  IT IS SO ORDERED.

17  Dated:   __**August 9, 2024**__                    _____

18                                                     UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28