UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM JAY STONE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C. PFEIFFER, et al.,<br><br>　　　　　Defendants. | No. 1:21-cv-01461-KES-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ISSUANCE OF DISCOVERY SANCTIONS<br><br>(ECF No. 169) |

　　　　Plaintiff Adam Jay Stone is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

　　　　Currently before the Court is Plaintiff's motion for issuance of monetary sanctions, filed August 16, 2024. (ECF No. 169.) Defendants filed an opposition on August 30, 2024. (ECF No. 172.) The Court deems Plaintiff's motion submitted as a reply is not necessary.

**I.**

**RELEVANT BACKGROUND**

　　　　This action is proceeding Plaintiff's excessive force claim against Defendants B. Gonzales, G. Morales, K. Gonzales, and Anderson in violation of the Eighth Amendment.

　　　　Defendants filed an answer to the complaint on October 19, 2022. (ECF No. 48.)

　　　　On November 22, 2022, the Court issued the discovery and scheduling order. (ECF No. 59.)

1

On January 8, 2024, Plaintiff filed one, of many, motions to compel discovery. (ECF No. 132.) On February 28, 2024, Defendants filed an opposition to this motion to compel. (ECF No. 145.) Plaintiff filed a reply on March 11, 2024, along with a separate motion for sanctions. (ECF No. 147.)

On April 23, 2024, the Court granted in part and denied in part Plaintiff's January 8, 2024, motion to compel. (ECF No. 155.)

## II.

## LEGAL STANDARD

Federal courts have the inherent authority to sanction abusive litigation conduct. Chambers v. NASCO, Inc., 501 U.S. 32, 43-45 (1991). However, because of their potency, inherent powers must be exercised with restraint and discretion, and sanctions must be supported by a specific finding of bad faith, or conduct tantamount to bad faith. Id. at 44; Fink v. Gomez, 239 F.3d 989, 993-94 (9th Cir. 2001). Neither mere negligence nor mere recklessness supports the imposition of sanctions under the Court's inherent authority. In re Lehtinen, 564 F.3d 1052, 1058 (9th Cir. 2009); Zambrano v. City of Tustin, 885 F.2d 1473, 1478-80 (9th Cir. 1989).

A district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the party seeking sanctions, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). It is preferred but not required that a district court make explicit findings to show that it has considered these factors. Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992). These factors "are not a series of conditions precedent before the judge can do anything," but a "way for a district judge to think about what to do." Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a ... dismissal sanction. Thus[,] the key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990); see also Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990).

# III.

# DISCUSSION

Here, Defendants submit that before present defense counsel appeared in this matter, Plaintiff served Defendants requests for production of documents with a proof of service dated December 5, 2022. (Sanchez Decl., ¶ 3.) However, Plaintiff's discovery requests failed to identify a responding party, and, instead, was directed at all Defendants. Id. Defendants identified Defendant B. Gonzales as the responding party for discovery requests. Id.

Plaintiff's Request for Production of Documents No. 8 requested "[t]he use of force video that was filmed and documented after the plaintiff filed his grievance[]s concerning this incident." (Sanchez Decl., ¶ 4, Ex. A.) Defendant B. Gonzales timely served his responses to Plaintiff's requests on February 21, 2023. (Sanchez Decl., ¶ 5, Ex. B.)

On February 22, 2023, Defendants sent Plaintiff a letter informing him that they coordinated with the KVSP litigation coordinator for Plaintiff to review the August 12, 2020 video interview on March 15, 2023. (Sanchez Decl., ¶ 6, Ex. C.) Lieutenant Neighbors conducted the August 12, 2020 video interview, regarding the alleged use of force incident with K. Gonzales and B. Gonzales during the third watch on May 11, 2020. (Sanchez Decl., ¶ 8.) In the video, Plaintiff invoked his Fifth Amendment right to self-incrimination and did not answer Lieutenant Neighbors' questions. (Sanchez Decl., ¶ 8.)

On March 20, 2023, the parties met and conferred about Plaintiff's discovery requests. (Sanchez Decl., ¶ 7, Ex. D.) During the call, Plaintiff stated that he sought an additional video interview regarding the third watch incident on May 11, 2020. (Sanchez Decl., ¶ 7, Ex. D.)

Thus, Defendants conducted a good faith inquiry, but they did not find an additional video regarding the third watch incident. (Sanchez Decl., ¶ 9, Ex. E.) However, during their inquiry, Defendants found a video interview, dated August 27, 2020, regarding the alleged second watch use of force incident in Defendant Anderson's office. Id. Thus, on May 4, 2023, Defendant B. Gonzales supplemented his responses to Request for Production No. 8 accordingly. Id.

Regardless, Plaintiff moved to compel further responses to his Request for Production No. 8 and argued that Defendants withheld an additional video interview regarding the third-watch

3

1  incident. (See ECF No. 132.) The Court denied Plaintiff's motion to compel. (See ECF No. 155.)

2  As previously stated, on August 16, 2024, Plaintiff now seeks sanctions against
3  Defendants because of an Inmate Interview form Defendants produced during discovery. (ECF
4  No. 169.) The form, attached to Plaintiff's motion, described the August 12, 2020 video interview
5  regarding the third-watch incident. (ECF No. 169 at 4.)  Plaintiff argues that the form
6  demonstrates that Defendants withheld an additional video interview regarding the third watch
7  incident. (ECF No. 169.)

8  Plaintiff's motion for sanctions must be denied.  Contrary to Plaintiff's contention,
9  Defendants have allowed Plaintiff to watch the video he describes in the instant motion.  (See
10 ECF No. 172, Sanchez Decl., ¶ 6, Ex. C ["Defendant B. Gonzales . . . would make available to
11 you a copy of your video interview from August 12, 2020, through the litigation coordinator's
12 office at KVSP . . . I have scheduled for you to review the video on March 15, 2023."].)  To the
13 extent Plaintiff seeks to view an additional video interview regarding the third watch incident,
14 Defendants have submitted, under penalty of perjury, that they have conducted a good faith
15 inquiry, and no responsive videos or documents were discovered.  (Sanchez Decl. ¶ 9.)  While
16 Plaintiff may believe that there are more documents in existence, in the absence of legal or fact-
17 based substantive deficiencies, he is required to accept the response provided. Mere distrust and
18 suspicion regarding discovery responses do not form a legitimate basis to further challenge
19 responses which are facially legally sufficient.  In the absence of evidence to the contrary, which
20 has not been presented here, Plaintiff is required to accept Defendants' response that no
21 responsive documents exist. See Mootry v. Flores, 2014 WL 3587839, *2 (E.D. Cal. 2014).
22 Moreover, signed discovery responses are themselves certifications to the best of the person's
23 knowledge, information, and belief formed after a reasonable inquiry, Fed. R. Civ. P. 26(g)(1)(B)
24 (quotation marks omitted), as are other signed filings presented to the Court, see Fed. R. Civ. P.
25 11(b). See also Fed. R. Civ. P. 33(c).  Accordingly, sanctions are not warranted as Defendants
26 have complied with their discovery obligations and produce the responsive documents.  Further,
27 Defendants submit that should Plaintiff wish to review the August 12, 2020 or August 27, 2020
28 video again, they will coordinate a time the KVSP ligations coordinator for him to do so.

(Sanchez Decl. ¶ 11.)

## IV.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for sanctions (ECF No. 166) is DENIED.

IT IS SO ORDERED.

Dated: __September 12, 2024__              _____
                                           UNITED STATES MAGISTRATE JUDGE