UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM JAY STONE,<br><br>            Plaintiff,<br><br>      v.<br><br>ANDERSON, et al.,<br><br>            Defendants. | No. 1:21-cv-01461-KES-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION TO WITHDRAW CONSENT TO MAGISTRATE JUDGE JURISDICTION<br><br>(Doc. 180) |

Plaintiff Adam Jay Stone requests reassignment of this action to a district judge, which the court construes as a motion to withdraw consent to magistrate judge jurisdiction. Doc. 180. For the reasons set forth below, Stone's motion to withdraw consent to magistrate judge jurisdiction and request for reassignment to a district judge is denied.

**I.      BACKGROUND**

On September 30, 2021, Stone filed this action pursuant to 28 U.S.C. § 1983. Shortly thereafter, on October 21, 2021, Stone filed a consent form indicating his consent to magistrate judge jurisdiction. Doc. 10. On March 23, 2022, the assigned magistrate judge screened Stone's first amended complaint and found that he had stated a cognizable claim against defendants B. Gonzales, G. Morales, K. Gonzales, and Anderson ("defendants") for use of excessive force in

1

violation of the Eighth Amendment of the U.S. Constitution.  Doc. 26.  After Stone notified the court that he was willing to proceed only on the claim found cognizable in the screening order, the magistrate judge issued findings and recommendations for this case to proceed only on such claim.  Doc. 28.  The Court adopted those findings and recommendations and this case has proceeded only on the Eighth Amendment excessive force claim.  Docs. 29.

On July 1, 2022, Stone filed a motion requesting the identities of two correctional officers who he alleges beat him.  Doc. 36.  The magistrate judge issued an order reminding Stone that discovery was not opened and referred Stone to the first information order (Doc. 3) regarding discovery.  Doc. 38.

Once discovery was opened, Stone filed various motions, including motions to compel discovery, motions for sanctions, and motions that the magistrate judge construed as motions for reconsideration.  On February 27, 2023, Stone filed a motion to compel discovery, arguing that defendants had failed to produce discovery documents.  Doc. 78.  The magistrate judge denied the motion to compel because the court had granted defendants additional time to respond to Stone's discovery requests and defendants submitted their responses by that deadline.  Doc. 80.

On June 2, 2023, Stone filed a motion to compel production of documents, seeking production of all grievances, complaints, or other documents received by prison staff C. Pfieffer/Warden of Kern Valley State Prison concerning the mistreatment of inmates by defendants K. Gonzales, B. Gonzales, G. Morales, Anderson, and other unknown persons who were working at the medical facility and the program office on May 11, 2020.  Doc. 90.  On June 15, 2023, Stone filed additional motions to compel, seeking the production of discovery of a daily activity report.  Docs. 98, 99.  On November 27, 2023, defendants filed a request for an extension of time to respond to Stone's motions to compel discovery, Docs. 90, 98, and 99.  Doc. 128.  Stone filed an opposition to the request for an extension of time, arguing that the defendants were seeking an extension of time in bad faith and that defendants' counsel had made fraudulent statements.  Doc. 131.  The magistrate judge granted defendants' motion for an extension of time to respond to Stone's motions to compel discovery, Docs. 90, 98, and 99.  Doc. 138.  On January 29, 2024, the magistrate judge issued an order regarding Stone's motions to compel (Docs. 90,

98, and 99) and, among other rulings, ordered that defendants produce all grievances and complaints filed against defendants involving the use of excessive force, for a period of ten years before the incident at issued in this case, with defendants redacting any confidential information. Doc. 140.

On July 25, 2023, Stone filed a motion requesting sanctions due to defendants' requests for extensions and changes in the attorney of record, which Stone characterized as delay tactics. Doc. 107. The magistrate judge denied the motion for sanctions, finding that the motion was substantively and procedurally defective. Doc. 113.

On January 8, 2024, Stone filed a motion to compel, titled Third Motion to Compel, for overdue discovery requests, arguing that defense counsel made fraudulent claims about service of discovery responses and had provided non-responsive boilerplate responses to various requests for admission, interrogatories, and requests for production of documents. Doc. 132. The magistrate judge denied the Third Motion to Compel, sustaining the objections made by defendants to the various discovery requests. Doc. 155. On January 22, 2024, Stone filed another motion to compel, titled Fourth Motion to Compel, asking the court to compel production of photoidentifications of correctional officers working the second watch. Doc. 136. The magistrate judge denied the Fourth Motion to Compel, sustaining the objections made by defendants to the request for production and finding that the motion to compel responses to certain interrogatories was moot because defendants had provided responses and plaintiff had not demonstrated he was prejudiced. Doc. 156.

On March 11, 2024, Stone filed a motion for sanctions along with his reply in support of his Third Motion to Compel, seeking sanctions for defendants alleged failure to produce documents as set forth in the magistrate judge's January 29, 2024 order (Doc. 140) and alleged fraudulent statements regarding defendants search for responsive documents. Doc. 147. The magistrate judge denied Stone's motions for sanctions, finding that there was no basis for sanctions against defendants. Doc. 153.

On June 24, 2024, Stone filed another motion to compel, titled Fifth Motion to Compel, which he supplemented on July 8, 2024, seeking responses to various interrogatories and requests

for production. Doc. 159. In his reply in support of the Fifth Motion to Compel, Stone argued that he received incomplete discovery responses, that there were 37 photographs missing from a report that had been produced by defendants, and that defendants had made fraudulent statements throughout the case. Doc. 168. The magistrate judge denied the Fifth Motions to Compel, ruling that defendants had sufficiently responded to the discovery requests, that Stone had failed to explain why the challenged discovery responses were deficient, that Stone had submitted interrogatories beyond those allowed by Federal Rule of Civil Procedure 33, that Stone's requests were vague and ambiguous, and noting that the court could not compel production of documents that did not exist. Doc. 167. Further, the magistrate judge denied Stone's motion to extend the discovery deadline. *Id.*

On August 16, 2024, Stone filed a motion for sanctions, arguing that the defense made fraudulent statements. Doc. 169. The magistrate judge denied the motion for sanctions, finding that sanctions against defendants were not warranted because defendants had complied with their discovery obligations. Doc. 173. On August 28, 2024, Stone filed a motion requesting the issuance of a subpoena for 37 photos of the incident concerning this case and the third watch video. Doc. 170. On August 29, 2024, the magistrate judge denied the request for the issuance of subpoenas as untimely because the extended discovery deadline of June 25, 2024, had passed. Doc. 171.

On October 9, 2024, the magistrate judge issued an order indicating that the case was ready to be set for trial, reminding the parties of the availability of magistrate judge jurisdiction, and directing the clerk of court to send defendants a copy of the court's Consent/Decline form as defendants had not yet filed the form in this case. Doc. 176. Defendants filed their consent on October 17, 2024, consenting to magistrate judge jurisdiction for all purposes. Doc. 178. As both Stone and the defendants had filed their consent forms, on October 21, 2024 the Court issued an order reassigning this case to the assigned magistrate judge for all purposes, including trial and entry of judgment. Doc. 179.

Thereafter, on November 1, 2024, Stone filed a request for the case to be reassigned to a district judge. Doc. 180.

4

## II. LEGAL STANDARD

Upon consent of the parties to a civil action, all proceedings including trial and entry of judgment may be conducted by a magistrate judge. 28 U.S.C. § 636(c)(1); *Branch v. Umphenour*, 936 F.3d 994, 1000 (9th Cir. 2019). After the case is referred to a magistrate judge under 28 U.S.C. section 636(c), the reference can be withdrawn by the court "for good cause on its own motion, or under extraordinary circumstances shown by any party." 28 U.S.C. § 636(c)(4); Fed. R. Civ. P. 73(b)(3); *Branch*, 936 F.3d at 1002. "Good cause" and "extraordinary circumstances" are high bars that are difficult to satisfy and are intended to prevent gamesmanship. *Branch*, 936 F.3d at 1004. A motion to withdraw consent to magistrate judge jurisdiction is to be decided by the district judge. *Id.* at 1003.

## III. DISCUSSION

Stone expressly consented to magistrate judge jurisdiction and did not attempt to withdraw consent until after the case was reassigned to the magistrate judge. *See* Doc. 10; *see* docket generally. As such, Stone must establish good cause or extraordinary circumstances to warrant withdrawal of his consent to magistrate judge jurisdiction.

Stone argues that the magistrate judge "clearly favors the defendants." Doc. 180. Specifically, Stone lists the followings rulings or actions by the magistrate judge that he disagrees with: the magistrate judge (1) denied plaintiff photos of the scene where plaintiff was beaten by the defendants; (2) denied plaintiff the identities of two officers who beat plaintiff under a defendant's orders; (3) denied plaintiff complaints and grievances, except for two years of grievances as to one defendant, despite a motion to compel order and evidence of other complaints; and (4) ignored perjured statements from the defendants. *Id.*

Although Stone disagrees with the magistrate judge's rulings in this case, disagreements with the magistrate judge's rulings are insufficient to meet the good cause or extraordinary circumstances standard. *Branch*, 936 F.3d at 1004. Stone implies that the magistrate judge favors defendants because of various rulings denying Stone's discovery requests. The court has examined the various rulings by the magistrate judge throughout this litigation and does not find that the magistrate judge showed any bias or that the rulings were so egregious, unreasonable, or

so improper to justify withdrawal of consent. *See Branch v. Umphenour*, No. 1:08-CV-1655 SAB (PC), 2020 WL 417534, at *5 (E.D. Cal. Jan. 27, 2020) (holding that no "possible error" discussed by plaintiff was "so egregious, unreasonable, or improper as to justify withdrawing" consent to magistrate judge jurisdiction), aff'd in part, rev'd in part and remanded, 851 F. App'x 732 (9th Cir. 2021).

First, with regard to the 37 photographs of the scene, the magistrate judge denied the request for subpoena because the request was made after the close of discovery.  Doc. 173. Second, the magistrate judge did not err by denying the requests for identities of the two officers who allegedly beat Stone because Stone's request was premature (*see* Docs. 36, 38); the request for photo identification of every officer in the sign-in sheet was found to be vague and ambiguous (*see* Doc. 155 at 7), or overbroad (*see* Doc. 156 at 6); the request for the names of the John Does was improperly sought through a request for production rather than an interrogatory (Doc. 155 at 16); and the defendants had certified that their discovery responses were made after a good faith, reasonable, and diligent search (Doc.167 at 10-11).  Third, the magistrate judge did not err by denying Stone's motion for sanctions related to the production of grievances and complaints (Doc. 173) because defendants' responses were facially legally sufficient and there was no basis to warrant sanctions against defendants.  Fourth, the magistrate judge examined each request for sanctions made by Stone and his rulings do not show that the magistrate judge favored the defendants. *See, e.g.*, Docs. 113, 153, 173.

As the Ninth Circuit has cautioned, "[n]either mere dissatisfaction with a magistrate judge's decisions, nor unadorned accusations that such decisions reflect judicial bias, will suffice" to justify withdrawal of consent. *Branch*, 936 F.3d at 1004.  Thus, the court finds that neither good cause nor extraordinary circumstances weigh in favor of permitting the withdrawal of consent or reassignment of the case to a district judge.

///
///
///
///

## IV. CONCLUSION

As Stone has not established the required good cause or extraordinary circumstances, his motion to withdraw consent to magistrate judge jurisdiction and to have the case reassigned to a district judge is DENIED.

IT IS SO ORDERED.

Dated:  November 25, 2024

UNITED STATES DISTRICT JUDGE