UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM JAY STONE,<br><br>    Plaintiff,<br><br>    v.<br><br>C. PFEIFFER, et al.,<br><br>    Defendants. | No. 1:21-cv-01461-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 197) |

Plaintiff Adam Jay Stone is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is currently set for jury trial on April 29, 2025.

Currently before the Court is Plaintiff's motion for appointment of counsel, filed January 15, 2025.

As Plaintiff is aware, does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether

1

"exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court does not find the required exceptional circumstances. Plaintiff requests appointment of counsel because: (1) he does not have proper access to law library, photocopies, and supplies; (2) lack of access to witnesses; (3) the evidentiary issues in the case are complex; and (4) he has been unable to retain counsel. (ECF No. 197.) The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed almost daily by prisoners who are proceeding pro se who must obtain discovery, research different legal claims, and proceed to a trial before a jury. These plaintiffs also must litigate their cases without the assistance of counsel. Indeed, the extensive record in this case reflects that Plaintiff is fully capable of litigating this case pro se in a jury trial, as he has filed a motion for attendance of incarcerated, motion for attendance of unincarcerated witnesses, and a pretrial statement without the assistance of counsel. (ECF Nos. 190, 191, 198.) In addition, Plaintiff is proceeding on a simple claim of excessive force which is not complex. Accordingly, Plaintiff's motion for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   **January 17, 2025**

STANLEY A. BOONE
United States Magistrate Judge