UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM JAY STONE,<br><br>    Plaintiff,<br><br>    v.<br><br>C. PFEIFFER, et al.,<br><br>    Defendants. | No. 1:21-cv-01461-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES<br><br>(ECF No. 190) |

Plaintiff Adam Jay Stone is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

This case is proceeding against Defendants B. Gonzales, G. Morales, K. Gonzales, and Anderson for excessive force in violation of the Eighth Amendment, and the case is currently set for jury trial on April 29, 2025.

Currently before the Court is Plaintiff's motion for the attendance of incarcerated witnesses, filed January 8, 2025. (ECF No. 190.) After receiving an extension of time, Defendants filed an opposition on February 4, 2025, and Plaintiff filed a reply on February 18, 2025. (ECF Nos. 195, 196, 206, 211.) Accordingly, Plaintiff's motion for attendance of incarcerated witnesses is deemed submitted. Local Rule 230(l).

///

///

1

**I.**

**LEGAL STANDARD**

The uncertainty regarding whether or not the proposed witnesses are willing to testify voluntarily does not preclude this Court from ordering their transportation. In determining whether to grant Plaintiff's motion for the attendance of his proposed witnesses, factors to be taken into consideration include (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, and (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. Wiggins v. County of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

**II.**

**DISCUSSION**

Plaintiff seeks to bring the following sixteen incarcerated witnesses to testify at trial, whom he has had no contact: (1) Joseph L. Ennis; (2) Ernest Maea; (3) Abdur Shareef; (4) James W. Millner; (5) Gerry Williams; (6) Orlando Payne; (7) Andre White; (8) Inmate from 6/25/2000 grievance (Ex. A); (9) Inmate 4/7/2020 KVSP-0-20-01275 grievance (Ex. B); (10) Inmate from 11/6/2019 KVSP-0-19-04403 grievance (Ex. C.); (11) Inmate from 6/27/2019 KVSP-0-19-02478 grievance (Ex. D); (12) Inmate from 4/9/2019 KVSP-0-01423 grievance (Ex. E); (13) Unknown Inmate from 5/14/2019 KVSP-0-19-01432 grievance (Ex. F); (14) Inmate from 11/18/2019 KVSP-0-19-04359 (Ex. G); (15) Inmate from 11/13/2019 grievance (Ex. H); and (16) Inmate from 8/13/2019 KVSP-0-19-03175 grievance (Ex. J).[1]  (ECF No. 190.)

///

---

[1] For purposes of clarity, there is no intervening Exhibit I.

1    Defendants oppose Plaintiff's motion "because Plaintiff has failed to establish that any of
2 the sixteen individuals listed, nine of which he cannot name, have any knowledge of the specific
3 use of force incidents at issue in this case. (ECF No. 206.)
4    In response, Plaintiff argues that a prospective witness need not be physically present at
5 the scene to testify as to motive, intent, habit, state of mind, opportunity, and credibility of
6 Defendants. (ECF No. 211.) In addition, Defendants attempt to use the fact that Plaintiff is a
7 prisoner who cannot contact other prisoners to his disadvantage. (Id.)
8    Only relevant evidence (i.e. that which tends to prove or disprove a material fact in
9 question) is admissible at the trial of an action. Fed. R. Evid. 401 & 402. Evidence of a crime,
10 wrong, or other act is not admissible to prove a person's character in order to show that on a
11 particular occasion the person acted in accordance with the character. Fed. R. Evid. 404(b)(1).
12 However, this evidence may be admissible for another purpose, such as "proving motive,
13 opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of
14 accident." Fed. R. Evid. 404(b)(2).
15    "The Ninth Circuit has held that evidence may be admitted pursuant to 404(b) if '(1) the
16 evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the
17 evidence is sufficient to support a finding that defendant committed the other act; and (4) (in
18 certain cases) the act is similar to the offense charged.' " United States v. Cherer, 513 F.3d 1150,
19 1157 (9th Cir. 2008) (quoting in part United States v. Romero, 282 F.3d 683, 688 (9th Cir.
20 2002)). If evidence satisfies Rule 404(b), "the court must then decide whether the probative value
21 is substantially outweighed by the prejudicial impact under Rule 403." Id. The proponent of the
22 disputed evidence bears the burden of demonstrating its admissibility under the foregoing test.
23 United States v. Montgomery, 150 F.3d 983, 1001 (9th Cir. 1998).
24    Federal Rule of Evidence 406, provides that "[e]vidence of a person's habit or an
25 organization's routine practice may be admitted to prove that on a particular occasion the person
26 or organization acted in accordance with the habit or routine practice." Fed. R. Evid. 406. To
27 determine whether conduct constitutes habit, courts consider: "(1) the degree to which the
28 conduct is reflexive or semi-automatic as opposed to volitional; (2) the specificity or particularity

3

of the conduct; and (3) the regularity or numerosity of the examples of the conduct." United States v. Angwin, 271 F.3d 786, 799 (9th Cir. 2001), overruled on other grounds by United States v. Lopez, 484 F.3d 1186 (9th Cir. 2007).  Under Federal Rule of Evidence 608(a), "[a] witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character." Fed. R. Evid. 608(a).  However, Rule 608(a) may not be used as a vehicle for admitting specific bad acts. See Martin v. Jones, No. 09 C 1690, 2013 WL 3754017, at *6 (N.D. Ill. July 16, 2013) ("The limitations in [Rule 608(a) ] to opinion and reputation evidence mean that a character witness cannot be used as a subterfuge for getting specific acts of untruthfulness in front of the jury.") (internal citations omitted)

As noted in the Court's trial scheduling order, a motion for the attendance of incarcerated witnesses who refuse to testify voluntarily must: "(1) state the name, address, and prison identification number of each such witness; and (2) be accompanied by a showing that each witness has actual knowledge of relevant facts." (ECF No. 185 at 7:22-24.)  In addition, "[t]he prospective witness's actual knowledge can be shown in one of two ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts (e.g., if an incident occurred in Plaintiff's cell and, at the time, Plaintiff saw that a cellmate was present and observed the incident, Plaintiff may swear to the cellmate's ability to testify), the party himself can swear by declaration under penalty of perjury that the prospective witness has actual knowledge; or (2) the party can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye or ear witness." (Id. at 7:25-8:4.)

**A.  Inmates Ennis, Maea, Shareef, Millner, Williams, Payne, and White**

Plaintiff submits that inmate Ennis will provide testimony to "show proof of dishonesty, motive, opportunity, intent, preparation, planning, knowledge, identity, and/or the absence of mistakes or accidents as according to Fed. R. Evid. Rule 404(b)." (ECF No. 190 at 2.)  Inmate Ennis can also testify to the reputation of Defendant Anderson. (Id.)  Inmates Maea, Shareef, Millner, and Williams have "actual knowledge of relevant facts" and were "beat by Defendant

4

1  Anderson" presenting 404(b), 406, and 608(a) relevance. (Id. at 2-3.) Inmates Payne and White
2  have "actual knowledge of relevant facts" and were subjected to physical abuse by Defendant B.
3  Gonzales presenting 404(b), 406, and 608(a) relevance. (Id. at 3-4.)
4        Here, it is clear from Plaintiff's motion and declaration that inmates Ennis, Maea, Shareef,
5  Millner, Williams, Payne, and White were not eye and/or ear witnesses to the May 11, 2020
6  incident at issue in this case. Plaintiff only indicates that these witnesses will testify about their
7  own experiences, not their personal knowledge of incidents concerning Plaintiff or specific acts
8  against Plaintiff by Defendants in this action. Contrary to Plaintiff's contention, such testimony
9  is not relevant to Plaintiff's claims. The only determination for the jury is whether Defendants
10 used excessive force on May 11, 2020, and allegations against Defendants Anderson and B.
11 Gonzales made by other inmates relating to incidents not at issue in this case is irrelevant and not
12 admissible. To the extent these witnesses were subjected to assaults or know of assaults by
13 Defendants that occurred prior to the assaults at issue, such evidence is inadmissible as character
14 evidence under Federal Rule of Evidence 404, which provides that "[e]vidence of a person's
15 character or character trait is not admissible to prove that on a particular occasion the person
16 acted in accordance with the character or trait" and "[e]vidence of a crime, wrong, or other act is
17 not admissible to prove a person's character in order to show that on a particular occasion the
18 person acted in accordance with the character." Fed. R. Evid. 404(a)(1), (b)(1). Plaintiff makes
19 no showing that these inmate-witnesses anticipated testimony tends to prove a material point and
20 such testimony will not substantially further resolution of this case. Plaintiff therefore fails to
21 meet his burden of proof pursuant to Rule 404(b). Accordingly, Plaintiff's motion for the
22 attendance of inmate-witnesses Ennis, Maea, Shareef, Millner, Williams, Payne, and White must
23 be denied.

      **B.**     **Unidentified Inmates Numbers 8 through 16**

25       Plaintiff submits that the unidentified inmate-witnesses numbers 8 through 16 have
26 "actual knowledge of relevant facts" because they were beaten/assaulted/abused by Defendant
27 Anderson. (ECF No 190 at 4-5.) Plaintiff submits prior grievances filed by other inmates against
28 Defendant Anderson to support his argument that these unidentified witnesses should be allowed

1  to testify at trial.  Plaintiff's motion must be denied.

2   As an initial matter, Plaintiff appears to fault the Court for his failure to identify the names of the inmates who filed the grievances and/or appeals that were ordered produced during discovery, albeit with all personal identification redacted.  (ECF No. 140.)   Plaintiff's contention is without merit.  Redaction of information identifying inmates who previously filed grievances and/or appeals against Defendants for use of excessive force is necessary to protect the privacy and security concerns associated therewith. See, e.g., Pitts v. Davis, No. 2:12-cv-0823 TLN AC P, 2015 WL 6689856, at *6 (E.D. Cal. Oct. 30, 2015) (redaction of identifying information sufficient to address privacy and security concerns associated with production of inmate appeals); Ramirez v. Gutierrez, 2021 WL 4776332, at *6 (S.D. Cal. Oct. 12, 2021) (citing Lamon v. Adams, 2010 WL 4513405, at *3-4 (E.D. Cal. Nov. 2, 2010) (ordering redaction of the names of the inmates who filed grievances against correctional officer before documents were provided to plaintiff); Eusse v. Vitela, 2015 WL 9008634, at *4 (S.D. Cal. Dec. 14, 2015) (noting defendants' privacy concerns and ordering that "the names and identifying information of the individuals who made the complaints, as well as other officers who were not involved in the incident, may be redacted." ); Thompson v. Morales, 2008 WL 413757, at *1 (E.D. Cal., Feb. 13, 2008) ("Privacy concerns, if any, may be addressed by redaction of names, CDC numbers, and other identifying information, should the defendants be required to produce documents responsive to this request.").   In addition, the fact that the Court ordered production of certain documentation during discovery does not render such evidence admissible at trial. Fed. R. Civ. P. 26(b)(1).

21  Furthermore, based on Plaintiff's motion and his accompanying declaration, these unidentified inmate-witnesses are not eye or ear witnesses to the actual events at issue.  The only determination at issue in this case is whether Defendants used excessive force on Plaintiff on May 11, 2020.  Whether Defendants Anderson or B. Gonzales have faced allegations of using excessive force on prior occasions by other inmates in irrelevant to the determination in this case.  Indeed, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice to Defendants, confusion of the issues, and misleading the jury. Fed. R. Evid. 403. As such, these unidentified inmate witnesses testimony will not substantially further the resolution of

6

this case as any such evidence could be offered in this case for no purpose other than to show action by Defendants in conformity with prior alleged bad acts which is inadmissible character evidence under Rule 404.  See, e.g., Jackson v. Mendez, 735 F.App'x 316, 318 (9th Cir. 2018) (unpublished) (finding exclusion of "testimony by three inmate witnesses regarding other assault alleged committed" proper under Rule 404(b); Wiggins v. Alameda County, 717 F.2d 466, 468 n. 1 (9th Cir. 1983); Fed. R. Evid. 404.  Because Plaintiff has not shown that these unidentified inmate witnesses will provide admissible evidence, their presence will not substantially further the resolution of the case so as to justify the risks and expenses of transporting them to testify at the trial of this matter.  Thus, Plaintiff's motion must be denied.

## III.

## CONCLUSION AND ORDER

Based on the foregoing, the Court finds that Plaintiff has not met the requirement Court's trial scheduling order to bring any of his incarcerated witnesses to testify at trial. Plaintiff has not shown that any of his prospective witnesses have actual knowledge of relevant facts in this case.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for the attendance of incarcerated witnesses (ECF No 190), filed on January 8, 2025, is DENIED.

IT IS SO ORDERED.

Dated:  **February 20, 2025**

STANLEY A. BOONE
United States Magistrate Judge

7