1
2
3
4
5
6
7
8                            UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10

11   ADAM JAY STONE,                          No.  1:21-cv-01461-SAB (PC)

12                   Plaintiff,               ORDER REGARDING PARTIES' MOTIONS
                                              IN LIMINE
13          v.
                                              (ECF Nos. 215, 243)
14   ANDERSON, et al.,

15                   Defendants.

16

17          Plaintiff Adam Jay Stone is proceeding pro se in this civil rights action filed pursuant to

18   42 U.S.C. § 1983.  This case is currently set for jury trial on April 29, 2025, at 8:30 a.m. in

19   Courtroom 9 (SAB).

20          Currently before the Court is Plaintiff's motions in limine, filed on February 21, 2025, and

21   Defendants' motions in limine, filed on March 11, 2025.  (ECF Nos. 215, 243.)  Plaintiff filed an

22   opposition to Defendants' motions in limine on March 24, 2025, and Defendants filed an

23   opposition to Plaintiff's motions in limine on March 25, 2025.  (ECF Nos. 255, 258.)  Plaintiff

24   filed a reply to Defendants' opposition on April 10, 2025.  (ECF No. 280.)

                                              **I.**

                                      **LEGAL STANDARD**

27          "A motion in limine is a procedural mechanism to limit in advance testimony or evidence

28   in a particular area."  United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009).  A party may

                                                 1

use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial.  See Luce v. United States, 469 U.S. 38, 40 n.2 (1984).  "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings."  Jonasson v. Lutheran Child and Family Services, 115 F.3d 436,440 (7th Cir. 1997).  A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. Brodit v. Cambra, 350 F.3d 985, 1004-05 (9th Cir. 2003).

Motions in limine that exclude broad categories of evidence are disfavored, and such issues are better dealt with during trial as the admissibility of evidence arises.  Sperberg v. Goodyear Tire & Rubber, Co., 519 F.2d 708, 712 (6th Cir. 1975).  Additionally, some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion in limine and it is necessary to defer ruling until during trial when the trial judge can better estimate the impact of the evidence on the jury.  Jonasson v. Lutheran Child and Family Services, 115 F.3d 436, 440 (7th Cir. 1997).

Despite the motions in limine rulings herein, the parties are not precluded from raising the admissibility of the evidence discussed, if the evidence presented at trial demonstrates a change of circumstances that would make the evidence admissible. To this end, the proponent of the evidence SHALL raise the issue outside the presence of the jury.  See City of Pomona v. SQM North America Corporation, 866 F.3d 1060, 1070 (9th Cir. 2017) (stating "testimony may bring facts to the district court's attention that it did not anticipate at the time of its initial ruling," thus a "district court may change its ruling at trial.") (citations and internal quotation marks omitted); Fed. R. Evid. 103, advisory committee's note to 2000 amendment ("Even where the court's ruling is definitive, nothing ... prohibits the court from revisiting its decision when the evidence is to be offered.").

## II.

## DISCUSSION

### A.    Plaintiff's Motions in Limine

Defendants correctly point out that Plaintiff filed motions in limine primarily as a method

of evidence inclusion, as opposed to a mechanism to exclude or limit evidence at trial. Nonetheless, the Court will attempt to address the thirty-one exhibits with subparts identified in his motions in limine by grouping them into categories.[1]

Plaintiff also to exclude the following five exhibits: Disciplinary Hearing Results (Plaintiff's Exhibit 20; Grievance and Appeal of Disciplinary Hearing (Plaintiff's Exhibit 21); Photo of Toothbrush Handle (Plaintiff's Exhibit 25); and Controlling Case Abstract of Judgements (Plaintiff's Exhibits 25-26).

     1.    <u>Armstrong Case</u>

As an initial matter, Plaintiff makes repeated reference to the case of <u>Armstrong v. Newsom</u>, a class action matter (Case No. 94-cv-02307) throughout his motions in limine as a basis for seeking to admit certain documents. Plaintiff cites to the <u>Armstrong</u> case in support of his alleged argument that CDCR "intentionally overlooked and ignored violations condoning abuse and retaliation." (ECF No. 215 at 29, 31.) However, the Armstrong case is not relevant to the trial in this case. Plaintiff is proceeding on a single claim of excessive force under the Eighth Amendment, and the <u>Armstrong</u> case is a complex class action involving alleging of disabled prisoners' rights under the Americans with Disabilities (ADA) and section 504 of the Rehabilitation, currently in the remedial phrase. The instant case does not involve discrimination based on a disability and Plaintiff is not a member of the <u>Armstrong</u> class action. Accordingly, Plaintiff cannot rely on <u>Armstrong</u> in litigating his case, as such evidence would be highly prejudicial, waste time, confuse the issues, and mislead the jury. Fed. R. Evid. 403.

     2.    <u>Defendants' Discovery Responses (Plaintiff's Exhibits 3.5-3.7, 4.5-4.7, 5.2-5.4, and 6.1-6.3</u>

Plaintiff seeks to submit Defendants' written discovery responses. However, Plaintiff's request is improper and premature. Plaintiff seeks to admit all discovery without any reference to a specific document. Although Plaintiff may use discovery responses if allowed under the Federal Rules of Evidence, including for impeachment or as an admission, he cannot seek to

---

[1] The Court accepts the validity of the description of Plaintiff's exhibits as described by the parties, as it does not have a copy of the actual exhibits.

admit them prior to trial without a proper foundation.

**Ruling:** Accordingly, Plaintiff's motion is denied, without prejudice.

3.    Program Status Report (Plaintiff's Exhibit 1)

Plaintiff seeks to admit J. Custer's Program Status Report for May 11, 2020, to show he was escorted and in restraints during and immediately after his alleged interaction with sergeant Anderson.

Defendants object to the admission of the Program Status Report as hearsay under Federal Rules of Evidence 802. Defendants also submit that they have not taken the position that Plaintiff was without restraints or without escort outside of his cell on May 11, 2020.

**Ruling:** Plaintiff's motion is denied, without prejudice. Plaintiff may testify and examine witnesses as to the modified programming at KVSP on May 11, 2020.

4.    Health Care Service Request Form 7362 (Plaintiff's Exhibit 2)

Defendants submit that they have no objection to this document so long as it is complete. Defendants point out that the version submitted by Plaintiff contains only one page, but the complete version submitted as part of Defendants' trial exhibits, letter "J", has two pages.

**Ruling:** Plaintiff's motion is granted as long as the document is submitted in complete form.

5.    Time Sheets and Various Post Orders (Plaintiff's Exhibits 3.3, 4.4, 5.1, and 6.4

Plaintiff seeks to include "Post Orders," which outline the general duties and responsibilities of the various positions/posts at KVSP. Plaintiff argues this document will show that Defendants knew of the policies, regulations, and procedures but refused to abide by them and used excessive force. Plaintiff also submits it is relevant because it mentions the Armstrong remedial plan.

Defendants do not object to these documents to the extent they are used for the limited purpose of notice. However, because it does not appear these documents are being used for that purpose, Defendants object to their inclusion, as cumulative to the extent Defendants will testify to their responsibilities and duties. Defendants incorporate the arguments made above in response to Plaintiff's claim that Armstrong somehow applies to this case. Finally, the documents are

4

1  hearsay.

2  **Ruling:** Because these documents do not appear relevant and constitute hearsay,

3  Plaintiff's motion is denied, without prejudice.

4  6.  Title 15 of the California Code of Regulations Concerning Use of Force

5  (Plaintiff's Exhibit 11.2)

6  Plaintiff seeks to admit state regulations concerning the use of force claiming it is relevant

7  to show Defendant knew they were violating Title 15 of the California Code of Regulations

8  relating to the use of excessive force.

9  Defendants oppose Plaintiff's request because any applicable regulation should be

10  provided by way of jury instruction, and any probative value is outweighed by the danger of

11  confusing the issues.

12  **Ruling:** Plaintiff's motion is denied, without prejudice.  First, Plaintiff does not indicate

13  which section he intends to introduce.  Second, admission of any regulation, by way of exhibit, is

14  improper, and as discussed below, as a non-expert witness, Plaintiff may not testify as to any

15  matter which requires scientific, technical, or other specialized knowledge.  Accordingly, Plaintiff

16  is not competent to testify concerning CDCR policies, and the Court cannot determine pre-trial if

17  he will seek to include this evidence by way of competent witness testimony.  Therefore, if

18  Plaintiff seeks to elicit from a competent witness relevant testimony as to CDCR policies and

19  regulations, Defendants may raise an objection at trial as deemed appropriate.  To the extent

20  appropriate, this evidence may be used for impeachment purposes.

21  7.  Holding Cell Log (Plaintiff's Exhibit 3), Time Sheet (FLSA, Plaintiff's Exhibit 3.2

22  Defendants do not object to the inclusion of the holding cell log (Ex. 3) or the sign in

23  sheet (Ex. 3.2).  (ECF No. 258 at 4.)

24  **Ruling:** Plaintiff's motion is granted as Defendants have not objection to the admission of

25  these exhibits.

26  8.  Medical Records (Plaintiff's Exhibits 10, 10.1, and 10.2)

27  Defendants submit that, despite missing from Plaintiff's trial exhibits, they do not object

28  to the use of any medical reports prepared by nurse H. Singh regarding medical examinations and

5

treatment provided to Plaintiff on May 11, 2020.

**Ruling:** Based on the lack of objection by Defendants, Plaintiff's motion is granted to the extent he seeks to admit the above-referenced evidence. However, since it is not clear what the actual evidence is, as the exhibit has not been properly identified, the Court will not admit such evidence until the exhibit is appropriately identified and the parties agree that this exhibit(s) is what is included by way of this order.

9.      CDCR Photographs (Plaintiff's Exhibit 8.2)

Defendants do not object to admission of the photographs taken on May 11, 2020, by CDCR staff.

**Ruling:** Plaintiff's motion is granted as to the admission of photographs taken on May 11, 2020, by CDCR staff.

10.      Form 7219 (Plaintiff's Exhibits 4.3 and 7)

Defendants do not object to the form 7219 (medical report of injury or unusual occurrence) that was prepared by licensed vocational nurse DeJesus (Ex. 7).

**Ruling:** Plaintiff's motion is granted, as to the admission of the form 7219 prepared by nurse DeJesus. The Court reserves ruling on Plaintiff's motion in all other respects, until presented at trial with the appropriate legal foundation.

11.      Incident Report Narratives, Rules Violation Report, and Daily Activity Reports
         (Plaintiff's Exhibits 4, 4.1, 4.2, 5, 5.5, 6, 6.5, 7.1, 8-8.1, 9, 11, and 11.3)

Plaintiff seeks to introduce evidence documenting the staff that were "involved" in the alleged incident, including Defendants and others. Plaintiff submits that these documents were authenticated because they were provided by Defendants through discovery. However, the mere fact that documents were provided to Plaintiff during discovery, does not render such document admissible as evidence at trial. See Fed. R. Civ. P. 26(b)(1) (relevant information need not be admissible at the trial if the discovery is relevant to any party's claim or defense and proportional to the needs of the case).

Defendants also object to the staff narratives by Defendants and other CDCR staff as hearsay. Defendants also point out that they intend to testify about their involvement and

1  including their narrative would be cumulative to the extent their testimony is consistent with their

2  report.  Fed. R. Evid. 403.  Defendants have not objection to the use of Defendants' narratives for

3  impeachment purposes only.

4       Defendants' further object to the introduction of the Daily Activity Report from third

5  watch as irrelevant.  Plaintiff claims this document shows there was an incident that occurred

6  involving him on May 11, 2020, and that he was placed in administrative segregation thereafter.

7  Defendants submit that these facts are undisputed, and the Daily Activity Report is irrelevant

8  which contains hearsay.  Fed. R. Evid. 802.

9       Lastly, Plaintiff seek to introduce the Rules Violation Report (Ex. 4.3) claiming it shows

10  that CDCR staff took photos on the day of the incident.  Defendants do not deny that photos were

11  taken, as they are clearly identified in the incident report.  Moreover, Plaintiff cannot seek to

12  introduce this document to show retaliation because it is hearing and irrelevant as the case

13  involves only a claim of excessive force.

14       **Ruling:**  Plaintiff's motion is denied, without prejudice, as the proffered reasons for

15  admission of these documents constitutes hearsay and lack relevance.  However, Plaintiff may use

16  the Defendants' narrative statements for impeachment purposes.

17       12.    Post-Incident Reports and Ad-Seg Notice Prepared by Non-Parties (Plaintiff's

18            Exhibits 11.1, 13, 14, 15, and 16-16.1)

19       Plaintiff seeks to introduce portions of CDCR's post-incident review, including select

20  portions of the Institutional Executive Review Committee (IERC) Review & Further Action

21  Report (CDCR Form 3035), the IERC Critique and Qualitative Evaluation (CDCR Form 3036),

22  Inmate Interview for Allegation Worksheet (Form 3013-2), and Manager's Review – First Level

23  (Form 3011). These forms were prepared by non-parties R. Munoz, D. Peterson, J. Neighbors, E.

24  Stark, C. Waddle, and J. Brown as part of CDCR's review of the incident and staff's use of force.

25  These documents contain hearsay and should not be admitted. Fed. R. of Evid. 802. Plaintiff has

26  not provided an exception to hearsay that would allow admissibility of said documents.

27       Plaintiff also seeks to introduce the Administrative Segregation Unit Placement Notice

28  into evidence (Ex. 11.4). This also contains hearsay and is irrelevant. Fed. R. of Evid §§ 402, 802.

7

**Ruling:** Plaintiff's motion is denied, without prejudice. All of these documents constitute hearsay evidence and Plaintiff has not proffered a valid exception. With regard to the placement notice, Plaintiff is advised that he can testify to the fact he was placed into Ad-Seg following the incident. To the extent appropriate, these documents may be used for impeachment purposes.

13.    Declarations and Grievances/Appeals (Plaintiff's Exhibits 14.1, 17-17.2, and 18-18.1)

Plaintiff seeks to offer into evidence the following declarations and grievances/appeals: (1) A declaration from Lt. J. Neighbors in support of Return, filed in Plaintiff's Habeas Corpus petition (Ex. 14.1); (2) Two declarations from Grievance counselor A. Leyva that were submitted as part of a Habeas Corpus petition and a Motion for Summary Judgment re exhaustion. (Exs. 17 and 17.1); (3) A declaration from Howard Mosely that was used as part of Defendants' Exhaustion Motion for Partial Summary Judgment (ECF No. 91-3) (Ex. 18); (4) A grievance signed September 9, 2020, CDCR's response, and a list of Plaintiff's Grievance/appeals (Ex. 18.1); (5) A grievance signed August 7, 2020, and CDCR's response (Ex. 17.2).

Defendants do not object to the inclusion of the Lt. J. Neighbors declaration as it addresses the video interviews that were conducted post-incident. Additionally, during a telephonic meet and confer on March 19, 2025, Plaintiff agreed to make the video interviews by Lt. J. Neighbors a joint exhibit for purposes of trial. (ECF No. 258 at 6-7.)

**Ruling:** Plaintiff's motion is granted as to the declaration of Neighbor and video interviews, and denied in all other respects, without prejudice. As set forth by Defendants, all other declarations and grievances and appeals are irrelevant and constitute hearsay. As for the grievances and appeals, Plaintiff contends that they show that CDCR ignored and support Plaintiff's claim for excessive force simply by denying his claim. (ECF 215 at 32.) However, there is support for this assertion. Additionally, Defendants submit that they are not asserting failure to exhaust claims at trial and the grievances and CDCR's response are therefore irrelevant and hearsay. To the extent appropriate, Plaintiff's grievances would only be used by Defendants to impeach Plaintiff. Fed. R. Evid. § 613.

14.    Classification Committee Chrono (Plaintiff's Exhibit 22)

Plaintiff submits that this document is relevant "because it shows when the Plaintiff received "SNY" status, thus receiving Protective Custody.  This is relevant because once the Plaintiff was free from the threat of retaliation of being 'thrown back in the same housing location' (as the Defendant threatened) the Plaintiff could then file a grievance and exh[au]st administrative remedies.  It also shows that at this time the Plaintiff had motive to ensure his SNY/Protective Custody placement.  This document also shows the routine practice of fraud. The document states that the Plaintiff was arrested in the Army.  Plaintiff was never arrested in the Army and left Active duty with an honorable discharge…."  (ECF No. 215 at 35-36.)

**Ruling:**  Plaintiff's motion is denied, without prejudice, because as presented this document is irrelevant and hearsay.  It is also cumulative to the extent Plaintiff testifies as to when he filed his grievance.  Lastly, contrary to Plaintiff's contention, Defendants submit they have no intention to argue that he was arrested in the army.

15.    Grievances by Other Inmates, Complaint Letter From Other Inmate, and New York Excessive Force Case (Plaintiff's Exhibits 3.1, 19, and 24)

Plaintiff is attempting to introduce grievances authored by other inmates, to be used against Defendants as evidence of character.  However, on February 20, 2025, the Court denied Plaintiff's motion for the attendance of incarcerated witnesses to testify about their grievances and alleged character evidence. (ECF No. 213.)

**Ruling:** Plaintiff's motion is denied, without prejudice.  These documents are irrelevant as the grievances have nothing to with the case at hand and are hearsay. Fed. R. of Evid. §§ 402, 802. They also lack foundation and are also being used as improper character evidence to show that Defendants acted in accordance with a certain character or trait. Fed. R. of Evid. §§ 404(a)(1) and (b)(1). Finally, any probative value is substantially outweighed by a danger of unfair prejudice, confusing the jury, undue delay, and waste of time. Fed. R. of Evid. §§ 403.

Plaintiff is also seeking to introduce a letter by a former-inmate, V. Grant, that was sent to the Kern County Public Defender's Office.  For the same reasons discussed above, this letter is hearsay, and wastes time under Federal Rule of Evidence section 403.

Lastly, Plaintiff is seeking to introduce evidence relating to an excessive force case from

9

1    New York through the use of a news article. This is clearly irrelevant, hearsay, and lacks proper

2    foundation. Moreover, it is a waste of time under Federal Rule of Evidence section 403.

3        16.    Veteran Materials and Laudatory Chronos (Plaintiff's Exhibit 23)

4        Plaintiff is seeking to introduce a letter prepared by Veterans Integration Project (VIP)

5    psychologists Dr. Johnson and Dr. Wood and laudatory chronos, which recognize his service to

6    others after the subject incident.  Plaintiff submits that these documents are admissible to

7    contradict Defendants from portraying him as a "violent inmate who randomly assaults staff.  Dr.

8    Johnson and Dr. Wood are willing to testify voluntarily as a lay witness to state that the Plaintiff

9    is a productive inmate who works around staff in a prison environment, welds, serves as a

10    veterans group chairman, and has even helped officers with veteran's administration military

11    benefits, among other things."  (ECF No. 215 at 36.)

12        **Ruling:** Plaintiff's motion is denied, without prejudice.  These documents are hearsay and

13    inadmissible as they are being offered to prove that on a particular occasion Plaintiff acted in

14    accordance with a certain character or trait. Fed. R. of Evid. 404(a)(1).  Indeed, it is clear from

15    Plaintiff's motion that he seeking to introduce them to show that he does not possess a violent

16    character and could not have acted in a violent manner on the day of the incident. Further,

17    Plaintiff's character after the events giving rise to this lawsuit is not at issue here and his character

18    is not an element of Plaintiff's excessive force claim.  In addition, Rule 403 weights against

19    admission of these documents because the probative value is substantially outweighed by danger

20    of unfair prejudice attempting to sway the jury to believe Plaintiff acted in conformity with his

21    good character based on prior occasions of good deeds.  Fed. R. Evid. 403.

22        17.    Military and VA Documents (Plaintiff's Exhibit 28)

23        Plaintiff submits that "[t]hese documents should be authenticated because they come from

24    the U.S. military and the Veteran[']s Administration."  (ECF No. 215 at 39.)  Plaintiff also

25    contends these "documents are relevant because the Plaintiff suffers from combat Post Traumatic

26    Stress Disorder and these brutal beatings add to the psyc[h]ological  and emotional distress that

27    the Plaintiff already suffers from.  (Id.)

28        Defendants argue that Plaintiff's complaint does not allege that Plaintiff's PTSD has

anything to do with this case and there is no medical expert identified to support such contention. Nonetheless, the probative value is substantially outweighed by the danger of unfair prejudice as it serves only to show improper character evidence.

**Ruling:** Plaintiff's motion is denied, without prejudice. Plaintiff has not proffered that these documents are relevant to his excessive force claim, and the probative value is substantially outweighed of the unfair prejudice to Defendants as the documentation constitutes improper character evidence. Fed. R. Evid. 403, 404(a)(1).

      18.    <u>Medical Training (Plaintiff's Exhibit 29)</u>

Plaintiff seeks to submit a medical training certificates "to show that he is qualified, trained, and experienced in basic injuries and first aid as it relates to the excessive force in this case." (ECF No. 215 at 40.) One certificate reflects CPR training on October 15, 2024, and the other certifies reflects training he received in the Army related to tactical combat casualty care in October 2007.

**Ruling:** Plaintiff's motion is denied, without prejudice. These certificates are irrelevant, hearsay, and lack authentication. These two documents do not make Plaintiff a qualified expert in medical care and certainly not one who can provide medical opinions in this case. Fed R. Evid 702. Moreover, the alleged incident is not a tactical combat incident. Plaintiff did not treat his own injuries. However, as stated below, Plaintiff may testify as to what he observed and experienced as a result of the May 11, 2020 incident.

      19.    <u>Court Order Denying Plaintiff's Motion to Compel (Plaintiff's Exhibit 30)</u>

Plaintiff seeks to admit a copy of the Court's August 9, 2024, order denying his motion to compel.

**Ruling:** Plaintiff's motion is denied, without prejudice. Exhibit 30 is irrelevant as there is no reason to include a Court order denying Plaintiff's motion to compel which concerns both requests for production of documents and interrogatories. The Court's order has no relevance to the actual elements of Plaintiff's case for excessive force.

      20.    <u>Drawing of Plaintiff's Cell (Plaintiff's Exhibit 31)</u>

Plaintiff contends that he should be permitted to allow a drawing of his cell and the cell

door to disprove Defendants' narrative about what happened in the cell.  In his reply, Plaintiff submits that he only needed the drawing because he did not have a photo which was ultimately provided to him on February 21, 2025.  (ECF No. 280 at 19.)

**Ruling:** Plaintiff's motion is denied, without prejudice.  Plaintiff has not proffered a foundation to establish that the drawing of Plaintiff's cell lacks fairly and accurately depicts Plaintiff's cell at the time of the subject incident. Moreover, it is cumulative to the extent Plaintiff intends to offer testimony about the size of his cell and rely on photos of his cell taken by officers.

21.    Exclude Disciplinary Hearing Results (Plaintiff's Exhibit 20)

Defendants state they have no intention to use the RVR hearing results at trial.  (ECF No. 258 at 10.)

**Ruling:** Plaintiff's motion is granted, as the Court accepts Defendants representation that they have no intent to use this evidence at trial.

22.    Exclude Grievance and Appeal of Disciplinary Hearing (Plaintiff's Exhibit 21)

Plaintiff argues these documents are not relevant and unfairly prejudicial, misleads the jury, and are subject to the favorable termination rule, as stated under Heck v. Humphrey, 512 U.S. 477 (1994). Defendants submit they have no intention to use Plaintiff's grievance as part of their case in chief, but reserve the right to use it for rebuttal purposes if necessary.

**Ruling:** Plaintiff's motion is granted, in part, as the Court accepts Defendants' representation that they have no intent to use this evidence at trial.  If appropriate, this evidence may be used only for rebuttal purposes.

23.    Exclude Photo of Toothbrush Handle (Plaintiff's Exhibit 25)

Plaintiff submits that this photo is unfairly prejudicial, misleads the jury, and his barred by Heck.  However, if allowed then Plaintiff "should be allowed to bring demonstrative evidence to the trial such as a plastic toothbrush, nail clippers, and a screw to demonstrate that this 'weapon' the defense plans to use is just a harmless tool prisoner make to unscrew appliances such as T.V.s." (ECF No. 215 at 38.)

Defendants submit this photo is relevant and already authenticated by Plaintiff as being

1   the inmate manufactured weapon presented to officers on the day of the subject incident. This

2   photo is admissible. Furthermore, during a telephone conference with Plaintiff on March 19,

3   2025, Plaintiff agreed that all photos taken by CDCR staff on May 11, 2020, could be used as a

4   joint exhibit during trial, and this agreement covers this photograph.

5           In his reply, Plaintiff submits that this "should be included in the joint exhibit."  (ECF No.

6   280 at 20.)

7           **Ruling:** Because it is clear that the parties agree that this photograph is a joint exhibit,

8   Plaintiff's motion to exclude the photograph is denied as moot.

9           24.     Exclude Controlling Case Abstract Judgments (Plaintiff's Exhibits 26-27)

10          Plaintiff argues that his state court abstract of judgments should not be admitted at trial.

11          Defendants submit that they do not intend to discuss the underlying facts substantiating

12  Plaintiff's felony convictions. However, Defendants are entitled to bring up Plaintiff's

13  convictions for purposes of credibility. These documents would be relevant and admissible if

14  Plaintiff denies the convictions and are to be used for impeachment purposes.

15          **Ruling:** Plaintiff's motion is granted, in part.  As stated below, Defendants may introduce

16  the fact that Plaintiff has suffered felony convictions and that he is currently serving a sentence

17  for those convictions, but they may not admit evidence of the date, name or nature of the crime or

18  the precise length of his sentence as they have not explained what, if any, probative value such

19  information has.

20          **B.      Defendants' Motions in Limine**

21          Defendants seek to exclude: (1) Plaintiff from offering opinions or inferences about the

22  nature of extent of his alleged injuries; (2) evidence that any Defendant is a party in another

23  lawsuit or was involved in other incidents; (3) Plaintiff from offering or eliciting testimony

24  regarding personnel matters involving Defendants; (4) evidence or testimony of offers to

25  compromise; (5) evidence that the State may pay the judgment or reimburse Defendants in the

26  event a judgment is rendered against them; (6) evidence offered for the sole purpose of appeal to

27  the sympathy of the jury; and (7) evidence and testimony of Plaintiff's military awards and

28  commendations.  Defendants also seek to admit evidence of Plaintiff's and any inmate-witness's

1    felony conviction and the length of sentence.

2        1.    Opinion or Inferences About Nature of Extent of Injuries

3        Defendants seek to exclude Plaintiff from offering opinions or inferences about the nature

4    or extent of his injuries.

5        If a witness is not testifying as an expert, testimony in the form of an opinion is limited to

6    one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding

7    the witness's testimony or determining a fact in issue; and (c) not based on scientific, technical, or

8    other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.  As a non-expert

9    witness, Plaintiff may testify as to what he saw or felt relating to his medical needs or condition,

10   but may not testify as to any medical matter which requires scientific, technical or other

11   specialized knowledge.  Plaintiff also may not testify regarding his medical records.

12       **Ruling:** Defendants' motion is granted.  Plaintiff may testify as to what he observed and

13   experienced as a result of the May 11, 2020 incident; however, Plaintiff may not testify regarding

14   a diagnosis, opinions, inferences or causation, and may not offer any opinions or inferences from

15   any medical records.

16       2.    Evidence That Any Defendant is a Party in Another Lawsuit or Was Involved in

17            Other Incidents

18       Defendants move to preclude Plaintiff from introducing evidence or eliciting testimony

19   that any Defendant is a party in another lawsuit or was involved in other incidents alleging

20   misconduct as inadmissible, irrelevant, and highly prejudicial.

21       Evidence is relevant if it has "any tendency to make a fact more or less probably than it

22   would be without the evidence" and the fact is "of consequence in determining the action." Fed.

23   R. Evid. 401. Federal Rule of Evidence 404(b) makes evidence of other wrongs or acts

24   inadmissible to provide "the character of a person in order to show action in conformity

25   therewith," but may be admissible for other purposes, such as "proof of motive, opportunity,

26   intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid.

27   404(b); see also Fed. R. Evid. 405(b) (character evidence may be admissible if it is an essential

28   element of the claim).

Under Rule 404(b), "the district court may admit evidence of prior bad acts if it (1) tends to prove a material point; (2) is not too remote in time; (3) is based upon sufficient evidence; and (4) in some cases, is similar to the offense charged." *United States v. Lozano*, 623 F.3d 1055, 1059 (9th Cir. 2010).

Here, evidence of prior or subsequent bad acts is not admissible to prove liability, nor is it relevant to any issue to be tried to the jury in this case. Fed. R. Evid. 404(b). In addition, prior complaints and past litigation against Defendant, including the claims previously brought in this case which proceeded to trial, are also not relevant to this case. Fed. R. Evid. 401, 402.

**Ruling:** Defendant's motion in limine is granted. Any evidence of prior incidents involving Defendant that have no connection to whether any Defendant used excessive force against Plaintiff on or about May 11, 2020, because that evidence has no relevancy to whether the alleged facts here occurred. Also, evidence of a prior incident cannot be used to show a propensity to cause harm to Plaintiff. Such evidence is impermissible character evidence, and is not admissible to show that any Defendant acted improperly on or about May 11, 2020, in this case.

3.      Offering or Eliciting Testimony Regarding Personnel Matters Involving Defendants

Defendants ask that the Court preclude Plaintiff from questioning them about any matters contained in their personnel records. This includes information of a personal nature, as well as any information concerning any disciplinary actions or complaints filed against them.

Plaintiff submits, *inter alia*, that he "is not seeking personnel matters from the Defendants." (ECF No. 255 at 6.)

**Ruling:** Defendants' motion in limine is granted. As stated above, complaints, allegations, or investigations regarding Defendants' previous conduct are inadmissible not only because such evidence would be unduly prejudicial, but also because such evidence is irrelevant. Other inmates' allegations, grievances, and lawsuits have little probative value because they do not involve the facts of this case.

4.      Evidence or Testimony of Offers of Compromise

15

Defendants seeks to exclude Plaintiff from offering or eliciting testimony or mentioning in front of the jury any offers to compromise or statements made during settlement negotiations in this matter.

Federal Rule of Evidence 408 provides that evidence of offers to compromise and conduct, or statements made during settlement negotiations are inadmissible to prove liability or amount of a claim, or to impeach a prior inconsistent statement.

**Ruling:** Defendants' motion in limine is granted. Any attempt by Plaintiff to introduce evidence of settlement negotiations to prove liability is prohibited by Federal Rule of Evidence 408.

5.    Evidence That the State May Pay the Judgement or Reimburse the Defendants in the Event a Judgment is Rendered Against Them

Defendants seeks to exclude Plaintiff from presenting or eliciting testimony that Defendants will be indemnified by the State if judgment is rendered against them under Rule 411 of the Federal Rules of Evidence.  Defendant submits this evidence is both irrelevant and prejudicial.  Jamison v. A.M. Byers Co., 330 F.2d 657, 661-662 (3d Cir. 1964).  The evidence is prejudicial because a jury is more inclined to find a verdict against a defendant if it believes that he is indemnified than would be the case if it were understood that the defendant alone would be required to satisfy the judgment. Langley v. Turner's Express, Inc., 375 F.2d 296, 297 (4th Cir. 1967).

**Ruling:** Defendants' motion in limine is granted, as information regarding whether the State or CDCR would pay a verdict or reimburse Defendants for any compensatory damage award, if any, is not relevant to Plaintiff's claim.  Fed. R. Evid. 401.

6.    Evidence Offered for the Sole Purpose of Appeal to the Sympathy of the Jury

Defendants seek to exclude evidence offered for the sole purpose of appeal to the sympathy of the jury, commonly referred to as the "Golden Rule" argument.  Defendants submit they "expect that, at trial, in an effort to prove damages, Plaintiff will attempt to introduce various forms of irrelevant and prejudicial evidence, which should be excluded. Plaintiff has indicated that he will try to tug at the jury's heartstrings with evidence that is not properly before them. See ECF No. 215 at 36:15-22 ("Dr. Johnson and Dr. Wood are willing to testify voluntarily as a lay

1    witness to state that the Plaintiff is a productive inmate who works around staff in a prison

2    environment, welds, serves as a veterans group chairman, and has even helped officers with

3    veterans administration military benefits, amongst many other things. See exhibits A.")"  (ECF

4    No. 243 at 10.)

5          Plaintiff argues that he "is a combat veteran with a 70% PTSD rating from the VA.  The

6    Plaintiff was brutally bound and beat by officers for seeking protective custody.  The Plaintiff is

7    in the prison's CCCMS Mental Health program as a result of the Defendants' excessive force and

8    his PTSD.  Dr. Johnson and Dr. Wood are the Plaintiff's primary mental health clinicians and

9    assists the Plaintiff in receiving Federal benefits for PTSD.  The Defendants' brutal beatings and

10   attempts to take the Plaintiff's life has exacerbated his PTSD and caused psyc[h]ological and

11   emotional damage.  Dr. Wood and Dr. Johnson can testify to this."  (ECF No. 255 at 11-12.)

12         The majority of circuit courts prohibit Golden Rule arguments on the issue of damages.

13   See, e.g., Johnson v. Celotex Corp., 899 F.2d 1281, 1289 (2d Cir. 1990); Stokes v. Delcambre,

14   710 F.2d 1120, 1128 (5th Cir. 1983); Shultz v. Rice, 809 F.2d 643, 651-52 (10th Cir. 1986);

15   McNely v. Ocala Star-Banner Corp., 99 F.3d 1068, 1071 n.3 (11th Cir. 1996).  However, some

16   circuit courts also prohibit Golden Rule arguments on the issue of liability.  Edwards v. City of

17   Philadelphia, 860 F.2d 568, 574 n.6 (3d Cir. 1988); Caudle v. District of Columbia, 707 F.3d 354,

18   359-60 (D.C. Cir. 2013). The Ninth Circuit has not explicitly addressed this issue.

19         Improper "Golden Rule" evidence is "essentially a suggestion to the jury by an attorney

20   that the jurors should do unto others, normally the attorney's client, as they would have others do

21   unto them." Minato v. Scenic Airlines, Inc., 908 F.2d 977, *5 (9th Cir. 1990) (unpublished

22   opinion) (citation omitted).  Although the Ninth Circuit has not directly addressed whether the

23   "golden rule" may be invoked during trial, the majority of circuits have prohibited the practice of

24   asking jurors to place themselves in the position of the parties. Id.

25         Arguments invoking the Golden Rule invite the jurors to put themselves in the shoes of

26   the Plaintiff, extinguishing impartiality and as such are already widely prohibited. Brewer v.

27   Leprino Foods Co., Inc., No. 16-1091, 2019 WL 3208193, at *6 (E.D. Cal. July 16 2019) (listing

28   various circuit courts of appeals that prohibit Golden Rule arguments on the issue of damages and

17

liability). The Ninth Circuit has not addressed the issue in a published decision but has agreed with these other circuits in an unpublished decision. <u>Minato v. Scenic Airlines, Inc.</u>, 908 F.2d 977, at *5–6 (9th Cir. 1990).

**Ruling:** Defendants' motion in limine is granted as to any evidence or testimony offered for the sole purpose of appealing to the jury's sympathy, including "Golden Rule" arguments is prohibited.  Otherwise, the Court reserves ruling on Plaintiff's motion until the issue arises at trial.

7.    <u>Evidence and Testimony of Plaintiff's Military Awards and Commendations</u>

Defendants submit that they "expect that Plaintiff will attempt to introduce various forms of irrelevant and prejudicial evidence regarding his military service, which should be excluded." (ECF No. 243 at 11.)  Defendants point to Plaintiff's motion in limine (ECF No. 215 at 35:24-36:4) in which he expresses his intent to use his military awards and background to rebut Defendants' assertion that Plaintiff was arrested in the military.  However, Defendants submit that they have not made such an assertion.  In any event, the evidence is irrelevant and would be unfairly prejudicial.

Plaintiff argues due to his military service and experience he "is qualified to speak about injuries and chemical agents" and he suffers from combat PTSD with a 70% PTSD rating.  (ECF No. 255 at 14.)   Plaintiff submits that he intends to use his military awards and background to rebut Defendants' assertion that Plaintiff was arrested in the military.  However, Defendants have no intention to make such assertion as it irrelevant and such evidence is unfairly prejudicial.  Fed. R. Evid. 401, 403.

**Ruling:** Defendants' motion in limine is granted, to the extent Plaintiff seeks to introduce military service awards and commendations because as proffered such evidence is not relevant and would be unfairly prejudicial.  Similarly,  this rule would also apply to Defendants' miliary service awards and commendations, including commendations issued by other governmental agencies, like CDCR.

8.    <u>Evidence of Plaintiff's or Any Inmate Witness's Prior Felony Conviction</u>

Defendants submit that evidence of Plaintiff's and any inmate-witness's felony conviction

1    is admissible for impeachment purposes because their credibility will be a central issue at trial.

2    Plaintiff argues that his "alleged crime of Defending himself against an armed gang

3    member was on 7 January, 2015.  This was over ten years ago.  It also does not involve perjury,

4    dishonesty, or false statements on the Plaintiff's part."  (ECF No. 255 at 8.)  Plaintiff argues his

5    conviction for obstructing or resisting an executive order is not admissible because it was based

6    on his NOLO contendere plea under Rule 410.

7    Federal Rule of Evidence 609(a)(1)(A) provides that evidence of a conviction for a crime

8    punishable for more than one year is admissible, subject to Rule 403, in a civil case to attack a

9    witness's character for truthfulness.  Fed. R. Evid. 609(a)(1)(A).  Evidence of a conviction under

10   this rule is not admissible if a period of more than ten years has elapsed since the date of the

11   conviction or release from confinement from it, which is later.  Fed. R. Evid. 609(b).

12   Federal Rule of Evidence 410(a)(2) provides that "[i]n a civil or criminal case, evidence of

13   [a nolo contendere plea] is not admissible against the defendant who made the plea or participated

14   in the plea discussions[.]"  Convictions resulting from nolo contendere pleas are not admissible

15   under Rule 410(a)(2) "as proof that the pleader actually committed the underlying crimes

16   charged." United States v. Nguyen, 465 F.3d 1128, 1131 (9th Cir. 2006).

17   **Ruling:**  Defendants' motion is granted, in part.  Here, Plaintiff's fifty-years to life

18   sentence with the possibility of parole for his 2018 felony conviction for murder and his 2021

19   conviction for obstructing or resisting an executive officer are admissible.[2]  Fed. R. Evid.

20   609(a)(1)(A).  Defendants may introduce the fact that Plaintiff has suffered convictions and that

21   he is currently serving a sentence for those convictions, but they may not admit evidence of the

22   date, name or nature of the crime or the precise length of his sentence as they have not

23

24   [2] Contrary to Plaintiff's argument, his NOLO plea may be used for impeachment purposes.  Federal Rule of Evidence 609(a)(1)(A) provides that evidence of a conviction for a crime punishable for more than one year is admissible, subject to Rule 403, in a civil case to attack a witness's character for truthfulness.  Fed. R. Evid.

25   609(a)(1)(A).  This is true notwithstanding the fact that the convictions were based on no contest pleas. See Dibbern v. City of Bakersfield, 2024 WL 3993196, at *9 (E.D. Cal. Aug. 29, 2024) (citing Brewer v. City of Napa, 210 F.3d

26   1093, 1096 (9th Cir. 2000) (observing that a felony conviction otherwise admissible for impeachment under Rule 609 is not made inadmissible merely because it was obtained by a nolo contendere plea)).

27

28

1    sufficiently demonstrated that the probative value substantially outweighs the prejudice to

2    Plaintiff.

3                                              **III.**

4                              **CONCLUSION AND ORDER**

5            Based on the foregoing, it is HEREBY ORDERED that:

6    1.      Plaintiff's motions in limine, (ECF No. 215), are granted in part and denied in part,

7            without prejudice;

8    2.      Defendants' motions in limine, (ECF No. 243), are granted in part as set forth

9            above; and

10   3.      Plaintiff is advised and cautioned that due to the large amount of witnesses he has

11           subpoenaed to testify at trial, he must use his timely wisely in examining witnesses

12           in an efficient manner as he has only tendered witness fees for one day of

13           attendance.  Likewise, Defendants shall also use caution and examine the

14           witnesses in an efficient manner to facilitate in eliminating the need for more than

15           one day of attendance.  Otherwise, Plaintiff will be required to tender additional

16           witness fees.

17

18   IT IS SO ORDERED.

19   Dated:   **April 11, 2025**                  _____

20                                                STANLEY A. BOONE
                                                  United States Magistrate Judge