UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM JAY STONE, <br><br> Plaintiff, <br><br> v. <br><br> ANDERSON, et al., <br><br> Defendants. | No. 1:21-cv-01461-SAB (PC) <br><br> ORDER GRANTING DEFENDANTS' MOTION FOR PLAINTIFF TO BE SHACKLED DURING TRIAL, AND DENYING PLAINTIFF'S MOTION FOR EQUAL MOVEMENT IN THE COURTROOM <br><br> (ECF Nos. 260, 267) |

Plaintiff Adam Jay Stone is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is currently set for jury trial on April 29, 2025.

Currently before the Court is Defendants' motion for Plaintiff to be shackled during trial, filed March 28, 2025. (ECF No. 260.) Plaintiff filed an opposition on April 10, 2025. (ECF No. 276.) Also, before the Court is Plaintiff's motion for equal movement in the courtroom, filed April 3, 2025. (ECF No. 267.)

## I.

## DISCUSSION

**A.  Shackling**

Under Claiborne v. Blauser, an inmate may only be shackled during a civil proceeding "when there is an 'individualized security determination[]' that 'take[s] account of the

1

1  circumstances of the particular case.'" 928 F.3d 794, 809 (9th Cir. 2019) (quoting <u>Deck v.</u>

2  <u>Missouri</u>, 544 U.S. 622, 632 (2005)).  In <u>Claiborne</u>, a state prisoner moved for a new trial on the

3  ground that he was visibly shackled in violation of his due process right to a fair trial. <u>Claiborne</u>,

4  934 F.3d at 892. The Ninth Circuit ruled that the two-part analysis applicable in criminal cases

5  before an inmate may be visibly shackled for a jury trial applies to civil cases involving

6  incarcerated plaintiffs. <u>Id.</u> at 897-898. Therefore, the Court must be persuaded by compelling

7  circumstances that the measure is necessary to maintain security, and the Court must pursue less

8  restrictive alternatives before imposing physical restraints. <u>Id.</u> at 895.  Compelling circumstances

9  may include a prisoner's status, propensity for violence, and history of unruly conduct. <u>See</u>

10 <u>Wilson v. McCarthy</u>, 770 F.2d 1482, 1485 (9th Cir. 1985).  By itself, prisoner status may not

11 warrant shackling, but it may justify the court's concern for security. <u>Id.</u> "[S]hackling is proper

12 where there is a serious threat of escape or danger to those in and around the courtroom or where

13 disruption in the courtroom is likely in the absence of shackles." <u>Id.</u> (internal citation omitted).

14 While such measures carry prejudicial effect, the Court's calculus as to their exclusion must also

15 account for security concerns. <u>Morgan v. Bunnell</u>, 24 F.3d 49, 51 (9th Cir. 1994) ("The judge has

16 wide discretion to decide whether a defendant who has a propensity for violence poses a security

17 risk and warrants increased security measures.").

18      Defendants submit that Plaintiff is serving a 50-years-to-life sentence for a 2018

19 conviction of first-degree murder under California Penal Code section 187.[1] (ECF No. 260,

20 Declaration of Correctional sergeant, J. Rocha (Rocha Decl.) ¶ 8.)  In addition, Plaintiff has a

21 history of disciplinary misconduct from July 2018, to the present.  Indeed, Plaintiff has been

22 found guilty of five serious rules violations: (1) Rules Violation Report Log Number (RVR)

23 6860175 (Battery with a deadly weapon in June 2019); (2) RVR 6956582 (Battery on a prisoner

24 in January 2020); (3) RVR 6997714 (Battery on a peace officer in May 2020); (4) RVR 6997713

25 (Possession of a deadly weapon in May 2020); and (5) RVR 7103534 (Possession of alcohol in

26 July 2021).  (Rocha Decl. ¶ 9, Ex. A.)  Plaintiff is a Level IV security inmate, which is the highest

27 designation within CDCR institutions.  (Rocha Decl. ¶¶ 3, 7; Cal. Code Regs. Tit. 15, §§ 3375(a)-

28

---

[1] <u>See</u> <u>People v. Stone</u>, Case No. G056524, 2020 WL 426524 (Cal. Ct. App. Jan. 28, 2020).

1  (d), 3373(a)-(d).)  Plaintiff also has family members, friends, and associates listed in CDCR's

2  Strategic Offender Management System (SOMS) who live in Orange County, approximately 4.5

3  hours from the Fresno courthouse.  (Rocha Decl. ¶ 12.)

4        Correctional sergeant, J Rocha, opines that Plaintiff should be restrained at all times and

5  wear identifiable prison attire during the upcoming trial.  (Rocha Decl. ¶¶ 10, 11.)  J. Rocha

6  further opines that if Plaintiff is wearing civilian attire, at a minimum, Plaintiff should be

7  shackled with leg irons and waist restraints, anchored to a concrete buck under counsel table.

8  Defendants submit there is no need to protect Plaintiff's identification as an inmate as the jury

9  well be aware Plaintiff is an inmate based on his claim that he was subjected to excessive force

10  while incarcerated at Kern Valley State Prison.  Plaintiff also poses an escape risk because he is

11  serving a 50-years-to-life sentence, and he has multiple family members, friends, and associates

12  who live within 4.5 hours of the courthouse.  (Rocha Decl. ¶ 12.)

13        Based on Plaintiff's commitment offense, violent history, lengthy sentence, and potential

14  escape risk, the Court finds that, under <u>Claiborne</u>, compelling circumstances require that Plaintiff

15  be restrained with leg irons anchored to a concrete bucket under counsel table concealed from

16  view by the jury.  The Court will also excuse the jury if and when Plaintiff needs to move in,

17  around, and out of the courtroom.  However, if Plaintiff's conduct during the jury trial warrants,

18  the Court may order him to be further shackled and restrained.

19        **B.**    **Movement Within Courtroom**

20        Plaintiff has filed a motion claiming that if he "is the only party restricted to a desk while

21  the Defense is free to walk about then this causes unfair prejudice."  (ECF No. 267 at 1.)  Further,

22  "[i]f both parties are restricted to the desk then the Plaintiff will not appear to be someone who

23  attacks people 'unprovoked and without warning."  (<u>Id.</u>)

24        As stated at the pretrial hearing, Plaintiff will have access to a projector with zoom

25  capability at the table where he will be setting during trial.  Given that Plaintiff is a convicted

26  state prison, for safety and security reasons it is necessary for him to be restrained during trial,

27  and he will not be allowed to move freely around the courtroom.  To mitigate any potential

28  prejudice, Plaintiff's shackling will be concealed from the jury and any need for Plaintiff to move

3

in or out of the courtroom will take place outside the presence of the jury. In addition, Plaintiff's hands will be free from any restraints. Defense counsel, as officers of the court, will use the courtroom equipment which is accessible at the podium table. Defense does not have a similar set up at their table as the Plaintiff does. They ability to show evidence is only available to them at podium, unless they use a computer device.

## II.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' motion for Plaintiff to be restrained during trial is granted, in part; and
2. Plaintiff's motion for free movement in the courtroom during trial is denied.

IT IS SO ORDERED.

Dated:   **April 11, 2025**

STANLEY A. BOONE
United States Magistrate Judge