UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM JAY STONE,<br><br>             Plaintiff,<br><br>    v.<br><br>ANDERSON, et al.,<br><br>             Defendants. | No. 1:21-cv-01461-SAB (PC)<br><br>ORDER REGARDING STATUS OF CURRENT AND FORMER CDCR EMPLOYEE WITNESSES SUBPOENAED BY PLAINTIFF |

Plaintiff Adam Jay Stone is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case is currently set for jury trial on April 29, 2025.

Plaintiff subpoenaed twenty-three current and former CDCR witnesses to appear at trial. On April 18, 2025, Defendants provided a notice to the Court of the status of these subpoenaed witnesses.  (ECF No. 292.)

Defendants submit that they have been "informed that the following witnesses will appear in person at trial on April 29, 2025: (1) A. Leyva; (2) H. Moseley[1]; (3) J. Gaddis; (4) B. Benito; (5) R. Wood; (6) S. Johnson; (7) J. Neighbors; (8) K. Campos; (9) R. Munoz; (10) D. Peterson; (11) L. Moore; (12) C. Urrutia; (13) V. Escobedo; and (14) G. Villagomez."  (ECF No. 292 at 2.)

Defendants submit that "(15) C. Waddle: Ms. Waddle will be on a pre-planned vacation out-of-state, but is willing to testify remotely (virtually) starting from April 29, 2025.  (16) N.

---

[1] Plaintiff erroneously issued a subpoena for "E. Moseley," but it appears it was intended for H. Moseley.

1

DeJesus: Ms. DeJesus is medically retired. She has a medical restriction affecting her ability to sit and stand for certain periods of time, making it difficult not only for her to attend trial, but to travel to trial from her residence in Delano. She is not planning on making a personal appearance but is willing to appear remotely (virtually) starting from April 29, 2025.  (17) E. Stark: Ms. Stark is retired and resides out-of-state and over 100 miles from the courthouse.[2] She will not appear in person. However, she is still willing to appear remotely (virtually) starting from April 29, 2025." (ECF No. 292 at 2-3.)

Defendants further submit that "(18) C. Vargas: Mr. Vargas will be on a pre-planned international vacation and will be returning on April 29, 2025. Mr. Vargas is willing to make himself available in person the day after his trip, starting on April 30, 2025, if necessary.  (19) H. Singh: Mr. Singh will be present at trial on April 29, 2025. However, Mr. Singh requests that his schedule be accommodated to allow for him to attend a preplanned work conference which starts the following day, April 30, 2025, in Southern California.  (20) J. Brown: Mr. Brown will be present at trial on April 29, 2025. However, Mr. Brown is officially retiring the following day after decades of service and will need to be at Kern Valley State Prison to complete the necessary paperwork and procedure. Mr. Brown is willing to make himself available on May 1, 2025, if necessary." (ECF No. 292 at 3.)

Defendants have not been able to reach witness (21) S. Lovett, but have no reason to bel this witness will not appear pursuant to the subpoena.

Lastly, Defendants submit that "(22) B. Sparks: Mr. Sparks is retired and resides out-of-state and over 100 miles from the courthouse. Mr. Sparks has advised he is unavailable and will not appear. (See n. 1)", and "[d]espite a diligent search and reasonable inquiry, witness (23) "C. Rojas" has not been identified despite being identified as such on a Claimant Appeal Claims Decision Response." (ECF No. 292 at 3-4.)

///

---

[2] For subpoenas issued to nonparty witnesses for hearings and depositions, the subpoena can only require that a person travel within 100 miles of where "the person resides, is employed, or regularly transacts business in person." [FRCP 45(c)(1)(A); see Estate of Klieman v. Palestinian Auth. (D DC 2013) 293 FRD 235, 238-240. The Ninth Circuit has concluded the 100-mile geographic limitation applies even where the witness testifies remotely (e.g., via videoconference). In re Kirkland 75 F4th 1030, 1042-1046 (9th Cir. 2023).

1   The Court appreciates Defendants' status report; however, the parties are advised that they must meet and confer regarding each of the witnesses' availability. The Court notes that each witness has a <u>legal obligation</u> to comply with a properly served subpoena to appear at trial on the day ordered, i.e. April 29, 2025. Fed. R. Civ. P. 45.[3] Because each of these witnesses has been subpoenaed for only one-day of jury service, in effort to relieve Plaintiff from the burden of further witness fees, the Court has no objection to any witness appearing by way of video-conference so long as a clean internet connection is available for use and the parties agree to such appearance.[4] However, each witness must be available to testify starting on April 29, 2025, including those who have scheduling conflicts and/or preplanned vacations, and the Court will not accommodate a witness to appear on another date. Although the jury trial may continue to May 1, 2025, neither party can schedule a witness to appear on such date. Each party is required to exam their witnesses in a succinct manner so as to not disrupt the follow of the jury trial. When either party runs out of available witnesses to exam, the Court will assume that party rests their case. The Court notes that this is a fairly straight forward case involving the use of excessive force against four Defendants, which in the Court's experience can most likely be concluded within the estimated time of two-to-three days.

IT IS SO ORDERED.

Dated:   **April 21, 2025**

STANLEY A. BOONE
United States Magistrate Judge

---

[3] Under Federal Rule of Civil Procedure 45, this Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

[4] Plaintiff is again reminded that if the witnesses is required to appear on more than one day, he will need to tender additional witness fees.

3