UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM JAY STONE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANDERSON, et al.,<br><br>　　　　　Defendants. | No. 1:21-cv-01461-SAB (PC)<br><br>ORDER RE: BILL OF COSTS<br><br>(ECF No. 312) |

On May 1, 2025, judgment was entered in favor of Defendants following a jury trial on Plaintiff's excessive force claims. (ECF Nos. 310, 311.)

On May 7, 2025, Defendants submitted a bill of costs. (ECF No. 312.) Plaintiff filed objections to the bill of costs on May 23, 2025. (ECF No. 315.) Pursuant to court order, Defendants filed a reply on June 3, 2025. (ECF No. 322.)

**I.**

**LEGAL STANDARD**

Federal Rule of Civil Procedure 54(d)(1) provides that "unless . . . a court order provides otherwise, costs -- other than attorney's fees --should be allowed to the prevailing party." The Local Rules of the Eastern District of California state that "[c]osts shall be taxed in conformity with the provisions of 28 U.S.C. § 1920." Local Rule 292(a); see also Grove v. Wells Fargo Financial California, Inc., 606 F.3d 557, 579 (9th Cir. 2010) (the full extent of the court's power

to shift litigation costs is defined by section 1920, absent express statutory authority).  Under 28 U.S.C. § 1920 the Court may tax costs for:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

"By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." Association of Mexican-American Educators v. State of California, 231 F.3d 572, 591 (9th Cir. 2000); see also In re Paoli R.R. Yard PCB Litigation (In re Paoli), 221 F.3d 449, 458 (3d Cir. 2000) (the phrase " 'unless the court otherwise directs' makes the allowance of costs discretionary").  To overcome this presumption and deny a party costs, the district court must provide an explanation and the losing party bears the burden of demonstrating that an award of costs would be unequitable under the circumstances.  In re Paoli, 221 F.3d at 462-63; Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003) ("losing party must show why costs should not be awarded").  The district court may apportion costs between the winning and losing parties, including apportioning costs between multiple plaintiffs or defendants on the same side.  In re Paoli, 221 F.3d at 469.

## II.

## DISCUSSION

Defendants seeks to recover $2,421.50 in costs.  Plaintiff objects to the amount submitted by Defendants and claims the "real amount is $1,041.00."  Plaintiff argues "[t]here is no specification as to which deposition transcripts they are charging or the rate that the reporters are charging, or any other reasons.  The Defendants disregard the 'special note' which states "Attach to your bill an itemization and documentation for requested costs in all categories." (ECF No. 315

1 | at 2.)

2   Defendants have submitted an itemized invoice of the costs of Plaintiff's deposition transcripts, totaling $2,215.50, which includes: $1,344.00 for original and certified copy of transcript, $600.00 full day per diem fee, $145.50 B&W exhibit, $21.00 for exhibit tabs, $55.00 digital transcript package, and $50.00 shipping and handling.  (ECF No. 313, Ex. A.)  Defendants also seek $206.00 in witness fees for Brent Kirby.  (Id.)

   Contrary to Plaintiff's objections, Defendants are entitled to all of the itemized costs as fees for the deposition transcript obtained for use in this case, with the exception of the $600.00 reporter per diem fee.  See 42 U.S.C. § 1920(2) (fees for printed or electronically recorded transcripts necessarily obtained for use in the case ...."); see also Blanton v. Cnty. of Sacramento, No. 2:09-cv-01832-MCE-CKD, 2013 WL 3283216, at *2 (E.D. Cal. June 27, 2013) (citing, Bosse v. Napolitano, 337 F. App'x 633, 637 (9th Cir. 2009) ("the district court excluded reporter appearance fees"); Shook v. Town of Truckee, No. 2:06-cv-02865-MCE-EFB, 2009 WL 321273, at *1 (E.D. Cal. Feb. 9, 2009).  In addition, Defendants are entitled to the witness fees for Brent Kirby for attendance at both days of trial ($80.00 witness fee) and round-trip mileage. See 28 U.S.C. § 1920(3) (permitting fees for witnesses as taxable); see also 28 U.S.C.S. § 1821(b) ("A witness shall be paid an attendance fee of $40 per day for each day's attendance."). (ECF No. 313, Ex. A.).  However, the Court finds that the appropriate miles cost to be $112.00 (160 miles at rate of $.070 per mile), not $126.00, as submitted by Defendants. See https://www.gsa.gov/travel/plan-a-trip/transportation-airfare-rates-pov-rates-etc/privately-owned-vehicle-pov-mileage-reimbursement.  Accordingly, Defendants are entitled to costs in the total amount of $1,807.50 ($1,615.50 for deposition transcripts and $192.00 for witness fees).[1]

///
///
///
///

---

[1] The Court notes that it previously denied Plaintiff's motion to proceed in forma pauperis on appeal, finding he has sufficient available funds ($4,631.18) in his account at Kern Valley State Prison to pay the $605.00 filing fee.  (ECF No. 326.)

# III.

# ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk of Court is directed to tax counts in the amount of $1.807.50.

IT IS SO ORDERED.

Dated: __**June 11, 2025**__

STANLEY A. BOONE
United States Magistrate Judge

4