1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    ADAM JAY STONE,                          No.  1:21-cv-01461-SAB (PC)

12              Plaintiff,                       USCA Case No. 25-3589

13        v.                                    ORDER DENYING PLAINTIFF'S MOTION
                                                FOR TRANSCRIPTS ON APPEAL,
14    ANDERSON, et al.,                         WITHOUT PREJUDICE

15              Defendants.                     (ECF Nos. 330, 331)

16

17        On May 1, 2025, judgment was entered in favor of Defendants following a jury trial on

18  Plaintiff's excessive force claims.  (ECF Nos. 310, 311.)

19        Plaintiff filed a notice of appeal June 5, 2025.  (ECF No. 323.)  The notice of appeal was

20  processed to the Ninth Circuit Court of Appeals and assigned Case Number 25-3589.[1]  (ECF Nos.

21  324, 325.)

22        Currently before the Court are Plaintiff's motion for transcripts on appeal, filed June 13,

23  2025 (self-dated June 8, 2025), and June 20, 2025 (self-dated June 12, 2025).  (ECF Nos. 330,

24  331.)

25        In his June 13, 2025, request, Plaintiff states that he "has attempted to 'met and confer'

26  about transcript orders by sending a letter to defense counsel on 22 May, 2025."  (ECF No. 330 at

27  _____

28  [1] Plaintiff was denied in forma pauperis status in this action and on appeal (ECF Nos. 11, 326), and Plaintiff paid the
    $402.00 filing fee for this action and the $605.00 appellate filing fee.  (ECF Nos. 17, 334.)

                                              1

1.)  In his June 20, 2025, request, Plaintiff states that he attempted to correspond with defense counsel and the court reporter but received no response.  (ECF No. 331 at 1.)  In support of his requests, Plaintiff cites to Federal Rule of Appellate Procedure 10 and Ninth Circuit Local Rule 10-3(a), (d).

Federal Rule of Appellate Procedure 10 provides as follows:

(b) The Transcript of Proceedings.

(1) Appellant's Duty to Order. Within 14 days after filing the notice of appeal or entry of an order disposing of the last timely remaining motion of a type specified in Rule 4(a)(4)(A), whichever is later, the appellant must do either of the following:

(A) order from the reporter a transcript of such parts of the proceedings not already on file as the appellant considers necessary, subject to a local rule of the court of appeals and with the following qualifications:

(i) the order must be in writing;

(ii) if the cost of the transcript is to be paid by the United States under the Criminal Justice Act, the order must so state; and

(iii) the appellant must, within the same period, file a copy of the order with the district clerk; or

(B) file a certificate stating that no transcript will be ordered.

(2) Unsupported Finding or Conclusion. If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion.

(3) Partial Transcript. Unless the entire transcript is ordered:

(A) the appellant must--within the 14 days provided in Rule 10(b)(1)--file a statement of the issues that the appellant intends to present on the appeal and must serve on the appellee a copy of both the order or certificate and the statement;

(B) if the appellee considers it necessary to have a transcript of other parts of the proceedings, the appellee must, within 14 days after the service of the order or certificate and the statement of the issues, file and serve on the appellant a designation of additional parts to be ordered; and

(C) unless within 14 days after service of that designation the appellant has ordered all such parts, and has so notified the appellee, the appellee may within the following 14 days either order the parts or move in the district court for an order

1  requiring the appellant to do so.

2  (4) Payment. At the time of ordering, a party must make satisfactory arrangements with
3  the reporter for paying the cost of the transcript.

4  Fed. R. App. P. 10(b)(1)-(4).

5  Ninth Circuit Rule 10-3 provides as follows:

6
7  **(a)Appellant's Initial Notice**
Unless the parties have agreed on which portions of the transcript to order, or appellant
8  intends to order the entire transcript, appellant shall serve appellee with a notice
specifying which portions of the transcript appellant intends to order from the court
9  reporter, as well as a statement of the issues the appellant intends to present on appeal. In
the alternative, appellant shall serve on appellee a statement indicating that appellant does
10 not intend to order any transcripts. This notice and statement shall be served on appellee
within 7 days of the filing of the notice of appeal or within 7 days of the entry of an order
11 disposing of the last timely filed motion of a type specified in FRAP 4(a)(4). (Rev.
12 12/1/09; 12/1/24)

13 **(d) Ordering the Transcript**
Within 14 days of the filing of the notice of appeal, appellant shall file a transcript order
14 in the district court, using the district court's transcript designation form and shall provide
a copy of the designation form to the court reporter. (Rev. 12/1/09; 12/1/24)
15 In ordering the transcripts, appellant shall either order all portions of the transcript listed
by both appellant and appellee or certify to the district court pursuant to subsection (f) of
16 this rule that the portions listed by appellee in the response to appellant's initial notice are
17 unnecessary.

18 Here, Plaintiff is advised that on June 9, 2025, the court reporter sent Plaintiff a response

19 to his letter (addressed to the Court Reporter for the Eastern District and self-dated May 24,

20 2025),[2] which set forth the applicable fees for a copy of portions of the jury trial transcript that

21 can be provided as described and requested by Plaintiff.[3] (See Attachments.)  Thus, Plaintiff

22 cannot receive a copy of the jury trial transcripts until the applicable fees for the requested

23 portions have been paid.  Accordingly, Plaintiff's motions for a copy of portions of the jury trial

24 transcripts are denied, without prejudice.  The Clerk of Court shall send a copy of this order on

25
26 [2] Therein, Plaintiff requested to "have a quote on how much these transcripts and the rest of the record to be forwarded costs?  I want the money to be taken off of my inmate trust account depending on if my IFP status is
27 granted."

28 [3] The court notes as to certain portions, the court reporter was not able to provide certain portions because it was "not a complete jury trial day or entire testimony of a witness."

3

1    the United States Court of Appeals for the Ninth Circuit, Case No. 25-3589.

2

3    IT IS SO ORDERED.

4    Dated:    **June 24, 2025**    _____

STANLEY A. BOONE
5    United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4