UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM JAY STONE,<br><br>            Plaintiff,<br><br>     v.<br><br>ANDERSON, et al.,<br><br>            Defendants. | No.  1:21-cv-01461-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A NEW TRIAL<br><br>(ECF No. 316) |

On May 1, 2025, judgment was entered in favor of Defendants following a jury trial on Plaintiff's excessive force claims.  (ECF Nos. 310, 311.)

On May 27, 2025, Plaintiff filed a motion for a new trial.  (ECF No. 316.)

On June 5, 2025, Plaintiff filed a notice of appeal  (ECF No. 323.)  The notice of appeal was processed to the Ninth Circuit Court of Appeals and assigned Case Number 25-3589.[1]  (ECF Nos. 324, 325.)

On June 12, 2025, Defendants filed an opposition to Plaintiff's motion for a new trial, and Plaintiff filed a reply on July 7, 2025.  (ECF Nos. 328, 336.)

///

---

[1] "As a general rule, a district court is divested of jurisdiction once a notice of appeal has been filed." Morris v. Morgan Stanley & Co., 942 F.2d 648, 654 (9th Cir. 1991).  However, when a notice of appeal is filed after the filing of a motion for a new trial, the notice of appeal becomes effective when the district court enters its order on the motion. See Fed. R. App. P. 4(a)(4)(B)(i).  Thus, the Court has jurisdiction to resolve the motion for a new trial.

1

# I.

# LEGAL STANDARD

The Court may grant a new trial on all or some of the issues "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). "Historically recognized grounds include, but are not limited to, claims 'that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving.' " Molski v. M.J. Cable, Inc., 481 F.3d 724, 728 (9th Cir. 2007) (quoting Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940)). The district court has "considerable discretion in granting or denying the motion." Jorgenson v. Cassiday, 320 F.3d 906, 918 (9th Cir. 2003). On a new trial motion, a district court has the right and duty "to weigh the evidence as [the court] saw it ...." Murphy v. City of Long Beach, 914 F.2d 183, 186 (9th Cir. 1990) (internal citation and quotation omitted). "The judge can weigh the evidence and assess the credibility of witnesses, and need not view the evidence from the perspective most favorable to the prevailing party." Landes Constr. Co. v. Royal Bank of Can., 833 F.2d 1365, 1371 (9th Cir. 1987). Ultimately, "[t]he grant of a new trial is 'confided almost entirely to the exercise of discretion on the part of the trial court.' " Murphy, 914 F.2d at 186 (quoting Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980)).

# II.

# DISCUSSION

Plaintiff seeks a new jury trial on the grounds that: (1) the verdict is against the weight of the evidence; and (2) new discovered evidence establishes the verdict is erroneous.

**A.   Lack of Citation to Trial Transcripts**

As an initial matter, Plaintiff did not cite or provide excerpts from the trial transcript to support his arguments.

"It is problematic for a party failing to cite to the record in support of a motion for a new trial to overcome the substantial burden of proving the verdict was against the [clear] weight of the evidence or that the trial was unfair." McClain v. Anchor Packing Co., No. 89 C 6226, 1996 WL 417540, *4 (N.D. Ill. July 23, 1996). This is because the Court's consideration of the

2

sufficiency of the evidence must be based on the evidence actually adduced at trial, not counsel's recollection of a trial that occurred more than four months ago. As one district court has observed:

> "[A motion for a new trial unsupported by the trial record] is little more than a synopsis of the testimony from the [movants'] biased viewpoint. The [movants] do not cite to exact passages in the record nor do they attach excerpts of the transcript. Instead, they present an amalgam of unsubstantiated arguments and conclusions."

Bankston v. State of Illinois, No. 93 C 39, 1994 WL 11614, *2 (N.D. Ill. Jan. 3, 1994), aff'd, 60 F.3d 1249 (7th Cir. 1995); see also FLOE Int'l, Inc. v. Newmans' Mfg. Inc., No. CIV. 04-5120 DWFRLE, 2007 WL 902809, at *4 (D. Minn. Mar. 12, 2007) (The parties' failure to cite to the trial transcript "alone provides a sufficient basis on which to deny" their motions. (citing White v. McDonnell Douglas Corp., 904 F.2d 456, 458 (8th Cir.1990)); Quad/Graphics, Inc. v. One2One Communications LLC, No. 09-CV-99-JPS, 2012 WL 2370681, *12 (E.D. Wis. June 21, 2012) (after parties failed to make any citation to the record, the court noted that "[i]t is not court's job to present a party's argument for it."); McClain, 1996 WL 417540 at *4 ("McClain refers to testimony or other occurrences at trial without citation to the specific transcript passages. Generalized claims of 'unfairness' and obtuse references to trial events are unconvincing.").

Some courts have denied a motion for a new trial solely on the movant's failure to cite relevant portions of the trial transcript that support arguments raised in a new trial motion. See, e.g., Putnam Resources v. Pateman, 757 F.Supp. 157, 166 (D.R.I. 1991) ("On a motion for a new trial, courts are not obliged to rummage through thousands of pages of transcript in search of trial errors that were not properly cited by the litigants."); Muniz Ramirez v. Puerto Rico Fire Services, 757 F.2d 1357, 1358 (1st Cir. 1985)); Greencash Productions, Ltd. v. Hemdale Film Corp., No. 87 C 6406, 1990 WL 206046, *1 (N.D. Ill. Nov. 28, 1990) ("This case was tried to verdict in February, 1990. Plaintiffs moved for a new trial in a timely fashion, but their memorandum in support was not filed until mid-April.... [W]e are now asked to revisit evidentiary rulings on the basis of only fragmentary references to the transcripts and without copies of the exhibits of which plaintiffs complain, and that we decline to do. The motion for a new trial is denied").

1    Plaintiff did not file a copy of the trial transcript in connection with the motion, and
2 instead Plaintiff's argument is apparently from his memory of the trial.  However, the Court will
3 not deny Plaintiff's sufficiency of the evidence challenge for this reason, but will address it on the
4 merits, notwithstanding his failure to submit excerpts of the trial transcript because based the
5 Court's first-hand observation and recollection of the jury trial, which took place less than three
6 months ago, the jury heard more than sufficient evidence to find that no excessive force was used.

**B.    Sufficiency of the Evidence**

A court may grant a motion for a new trial based on insufficiency of the evidence "only if
the verdict is against the great weight of the evidence, or it is quite clear that the jury has reached
a seriously erroneous result." EEOC v. Pape Lift, Inc., 115 F.3d 676, 680 (9th Cir. 1997) (internal
quotation marks omitted).  It is the Court's duty "to reconcile the jury's special verdict responses
on any reasonable theory consistent with the evidence." Guy v. City of San Diego, 608 F.3d 582,
586 (9th Cir. 2010) (quoting Pierce v. S. Pac. Transp. Co., 823 F.2d 1366, 1370 (9th Cir. 1987)).

Following a three-day trial, the eight-member jury returned a unanimous verdict in favor of all Defendants after deliberating from approximately thirty-five minutes after the start of deliberations.  (ECF No. 309.)  Plaintiff simply disagrees with the jury's verdict and advances the same arguments and evidence which was submitted to the jury for resolution.  The Ninth Circuit has repeatedly recognized that excessive force cases often turn on credibility determinations, and that the excessive force inquiry "nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom." Santos v. Gates, 287 F.3d 846, 853 (9th Cir. 2002).  To this end, the evidence admitted at trial easily supported the jury's findings that Defendants did not use excessive force on him on May 11, 2020.[2]

The post-incident photographs of Plaintiff showed minimal injuries to his person, in contrast to Plaintiff's contention that he was repeatedly beaten with punches and baton strikes and then had his head smashed against steel door frames.  Plaintiff had no medical expert to testify on

---

[2] Plaintiff repeatedly references the fact that he proceeded pro se against Defendants who were represented by counsel.  However, the record clearly demonstrates that Plaintiff had the ability to articulate his claims throughout these proceedings, and his filings were coherent and demonstrated an active understanding of the issues presented.  Indeed, Plaintiff was able to gather evidence and present multiple witnesses at trial.  Thus, there is no basis to any argument that he was prejudiced because he did not have counsel.

4

1  his behalf about his injuries or the cause of his injuries. Defendants presented medical expert
2  testimony by Dr. J. Soa, who testified that Plaintiff's injuries were not consistent with his version
3  of being beaten by Defendants. Defendants also presented expert testimony as to the use of force
4  who testified that the use of force by Defendants B. Gonzales and K. Gonzales was appropriate
5  and necessary to quell the imminent threat to their safety.

6  While Plaintiff alleged that he was subjected to unreasonable use of force, he failed to
7  explain what could have motivated any of the Defendants to target him on May 11, 2020. Nor
8  did Plaintiff explain why Defendants would jeopardize their safety after he admittedly showed
9  them a weapon earlier in the shift. Rather, Plaintiff argues in great length that the case of <u>Ruffin</u>
10 <u>v. Fueller</u>, 125 F.Supp.2d 105 (S.D.N.Y. 2000), supports granting a new trial because Plaintiff
11 injuries were inconsistent with a fall on a flat floor. Plaintiff's reliance on <u>Ruffin</u> is unavailing.
12 In <u>Ruffin</u>, an inmate alleged an officer used excessive force by kicking him in the teeth while he
13 on the floor. <u>Id.</u> at 106. The officer denied kicking the inmate and proffered the injury was from
14 a fall. <u>Id.</u> at 107. The jury returned a verdict in favor of the officer. <u>Id.</u> at 108. However, the
15 trial court ordered a new trial sua sponte because it was clear, unlike here, that the medical
16 evidence conclusively refuted the officer's claim as to how the Plaintiff was injured. In addition,
17 the officer's testimony strained credulity as videotaped evidence contracted the officer's version
18 of the incident, and there was evidence that the video surveillance was intentionally spliced to
19 omit critical portions of the incident.[3] <u>Id.</u> at 107-110.

20 Here, as previously stated, the only medical expert was Dr. J. Sao, who testified that the
21 injuries sustained by Plaintiff did not result from being slammed against a door frame or by being
22 beaten by punches and fists. Further, although there was no video evidence in this case, the
23 photographs of Plaintiff's injuries following the incident were presented to the jury for them to
24 determine whether the injuries were consistent with his version of the facts.
25 ///
26 ///

---

[3] Further, in <u>Ruffin</u>, another inmate also testified that Ruffin was kicked in the mouth. <u>Id.</u> at 107. In this case, Plaintiff did not present any witnesses who may have observed the incident or any use of force.

Plaintiff also argues that "Defendants K. Gonzales and B. Gonzales could not reasonably explain how the Plaintiff could have splashed an 'unknown liquid' on K. Gonzales with his right hand and brandish a weapon with his left hand, while at the same time receiving a food tray and placing the food tray and cup (the same cup the Plaintiff alle[]gedly used to splash K. Gonzales) 6 or 7 feet back and 2 feet to the side squarely against the wall by the bunk."  (ECF No. 316 at 7.)

It is without question that Plaintiff has the burden of proof to prove his case beyond a preponderance of evidence.  To the extent Plaintiff contends that Defendants failed to fully explain all of the facts presented, Plaintiff overlooks the fact that Defendants can simply refute his claims and are not required to provide alternative explanations to everything, including how he sustained the cut on his head.  Further, to the extent any witnesses may have presented varied or inconsistent testimony, it is not the Court's place to second-guess the jury's apparent decisions to accept or reject certain testimony. See Weed v. City of Seattle, 529 Fed. Appx 799, 800 (9th Cir. 2013) ("[b]ecause the jury was entitled to credit the testimony of defense witnesses, it was not an abuse of discretion for the district court to deny the motion for a new trial."); Brink v. Muscente, No. 11–CV–4306, 2014 WL 4810329, at *5 (S.D.N.Y. Sept. 23, 2014) ("Because the jury was entitled to believe or disbelieve the [plaintiff's] testimony, the jury was free to reject the [plaintiff's] testimony and find, as it evidently did, that [the plaintiff] failed to carry her burden."); see also ING Global v. United Parcel Serv. Oasis Supply Corp., 757 F.3d 92, 99 (2d Cir. 2014) (when "a verdict is predicated almost entirely on the jury's assessments of credibility, such a verdict generally should not be disturbed except in an egregious case, to correct a seriously erroneous result, or to prevent a miscarriage of justice.") (citing Raedle v. Credit Agricole Indosuez, 670 F.3d 411, 418-19 (2d Cir. 2012).

In sum, based on the Court's first-hand observation and recollection of the trial, the jury heard more than sufficient evidence to find that no excessive force was used, and it had ample reason to question Plaintiff's testimony given the conflicting version of events.  The jury was entitled to make credibility determinations in reaching its verdict, and the record contained more than adequate evidence to sustain its ultimate conclusion.  Accordingly, Plaintiff's motion for a new trial based on the sufficiency of the evidence must be denied.

**B.    Newly Discovered Evidence**

Plaintiff contends that the earliest he could have realized that he was mistaken about the identity of the Nurse Chapa was around March 10-11, 2025, and without such evidence Defendant Anderson was able to deny that he saw Plaintiff on May 11, 2025.

Plaintiff never sought relief from the Court, and he was actively requesting service of subpoenas for trial in March 2025.  (ECF No. 256.)  Thus, Plaintiff could have, but did not, seek relief from the Court either before or during trial.

In addition, Plaintiff must show that he failed to learn of the "newly discovered" evidence earlier despite exercising due diligence. Moylan v. Siciliano, 292 F.2d 704, 705 (9th Cir. 1961).  Here, Plaintiff fails to recognize that Nurse Chapa's documented treatment of Plaintiff on May 11, 2020, would have been present within his medical records, of which he has access to.[4] Indeed, Defendants submit another medical record which reflects that Nurse Chapa took his vitals on the morning of May 11, 2020.  (See Lee Decl., Ex. A.)  Defendants further submit that Plaintiff did not request by way of discovery the identify of the nurse who treated him and did not request a copy of his medical records.  (Lee Decl. ¶ 3.)  In fact, Plaintiff admits that he had no idea what "OT" meant (ECF No. 316 at 9), despite having ample opportunity to conduct discovery.

Further, this evidence would not have affected the trial since Plaintiff himself testified about the encounter with the nurse at trial.  See, e.g., Jones v. Aero/Chem Corp., 921 F.2d 875 (9th Cir. 1990) (Letters from an assembler of an allegedly defective product concerning a potential design problem, did not warrant new trial in a products-liability action, absent showing that the outcome would have been different if the letters had been presented at trial.)  Moreover, Defendant Anderson never denied that he saw Plaintiff.  Rather, Defendant Anderson testified that he had no recollection of Plaintiff or ever having an encounter with Plaintiff on the morning of May 11, 2020.  Accordingly, Plaintiff's motion based on newly discovered evidence must be denied because it was inexcusable neglect on his part and would not have made a difference to the verdict.

---

[4] See Cal. Code Regs. tit. 15, §3999.216.

7

# III.

# ORDER

Based on the foregoing, Plaintiff's motion for a new trial, (ECF No. 316), filed on May 27, 2025, is DENIED.

IT IS SO ORDERED.

Dated: **July 15, 2025**

STANLEY A. BOONE
United States Magistrate Judge