UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM JAY STONE,<br><br>           Plaintiff,<br><br>   v.<br><br>ANDERSON, et al.,<br><br>           Defendants. | No. 1:21-cv-01461-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY EXECUTION OF BILL OF COSTS<br><br>(ECF No. 337) |

     On May 1, 2025, judgment was entered in favor of Defendants following a jury trial on Plaintiff's excessive force claims. (ECF Nos. 310, 311.)

     On May 7, 2025, Defendants submitted a bill of costs. (ECF No. 312.) Plaintiff filed objections to the bill of costs on May 23, 2025. (ECF No. 315.) Pursuant to court order, Defendants filed a reply on June 3, 2025. (ECF No. 322.)

     On June 5, 2025, Plaintiff filed a notice of appeal (ECF No. 323.) The notice of appeal was processed to the Ninth Circuit Court of Appeals and assigned Case Number 25-3589.1 (ECF Nos. 324, 325.)

     On June 11, 2025, the Court issued an order taxing counts in the amount of $1,807.50. (ECF No. 327.)

     On July 7, 2025, Plaintiff filed a motion to stay the execution of the bill of costs pending his appeal. (ECF No. 337.)

"A stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." Nken v. Holder, 556 U.S. 418, 433 (2009) (internal quotation marks and citation omitted); Lasic v. Moreno, No. 2:05-cv-0161-MCE-DAD, 2007 WL 4180655, at *1 (E.D. Cal. Nov. 21, 2007) (" "It is within the Court's discretion to proceed or defer the taxation of costs while an appeal on the merits is pending."). The question of whether a stay pending appeal is warranted requires consideration of four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Id. at 434. The U.S. Supreme Court has held that the first two factors are the most important. Id.

Here, Plaintiff contends that he is appealing an "abuse of discretion in failing to appoint counsel and failing to appoint an impartial expert witness." (ECF No. 337 at 3.) Plaintiff further contends that he "needs to retain his funds to litigate his appeal, Defendants will not suffer irreparable harm if the stay is granted, and there is no "[p]ublic interest simply does not have stake in his $1,807.50 being stayed pending appeal." (Id. at 3-4.)

However, for the reasons outlined by the court in its order denying motion for new trial, Plaintiff has not made a showing of a likelihood of success on appeal, and as a result Plaintiff will not be irreparably injured absent a stay. See Nken v. Holder, 556 U.S. at 434 ("It is not enough that the chance of success on the merits be 'better than negligible.... [M]ore than a mere possibility of relief is required." (internal citation and quotation marks omitted)). Further, although Plaintiff contends that he needs the funds to litigate his appeal, Plaintiff has failed to establish that he will suffer irreparable harm if a stay is not granted. Further, although an unsecured stay may not prejudice Defendants, the Court finds that the failure to grant the stay is

///

///

///

2

not in the public interest. In sum, after considering the relevant factors, Plaintiff's request to stay execution of the bill of costs pending his appeal is DENIED.

IT IS SO ORDERED.

Dated: __**December 11, 2025**__        _____
STANLEY A. BOONE
United States Magistrate Judge